HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUDITH COLE, a single person;
LOUISE MICHAEL, a single person;
DAVID JOHNSON, a single person,

Plaintiff,

v.

KEYSTONE RV COMPANY, LLC, a
foreign business entity,

Defendant.

CASE NO. C18-5182RBL

ORDER

THIS MATTER is before the Court on Defendant Keystone's Motion to Dismiss for Failure to State a Claim and for Misjoinder [Dkt. #16].

**I. FACTS**

Plaintiffs Cole Michael and Johnson sued Keystone on their own behalf and as representatives of a putative class. Their Amended Complaint [Dkt. #5] claims they bought new or used Keystone RVs, and were not meaningfully informed of the risks of serious injury resulting from the ordinary use of those RVs; specifically, the effects of prolonged occupancy and indoor air quality due to moisture and formaldehyde.  The plaintiffs assert claims for

Violation of Washington Auto Dealers Practice Act (ADPA), Washington's Consumer Protection Act (CPA), and the Uniform Commercial Code (UCC).

The warnings given to the purchasers of the Keystone RV are contained in the Owner's Manual. Plaintiffs set forth the warnings within their Amended Complaint. The adequacy of those warnings are not material to this motion under Fed. R. Civ. P. 12(b).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured

by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

## II. DISCUSSION

1. <u>Washington Auto Dealers Practices Act (ADPA)</u>

ADPA claims are subject to a one-year limitation period. Here, Plaintiffs sue under ADPA section 46.70.180(1), which makes it unlawful:

> To cause or permit to be advertised, printed, displayed, published, distributed, broadcasted, televised, or disseminated in any manner whatsoever any statement or representation with regard to the sale or financing of a vehicle which is false, deceptive, or misleading[.]

If Keystone violated this section, it did so on or before the date of Plaintiffs' respective purchases of Keystone RVs.

The complaint was filed March 8, 2018. Cole purchased her new RV in September 2016. She alleges that she discovered "black mold" and began experiencing "significantly worse respiratory problems" in 2016. Michael alleges she began to experience "various respiratory symptoms while living in her Keystone RV' by the winter of 2016-2017. She took her RV back to the dealer/seller complaining of intrusion of water and moisture. Johnson bought a new Keystone RV on March 9, 2014. On July 23, 2014, Mr. Johnson called the dealer/seller and complained of leaks and moisture intrusion into his RV.

Plaintiffs' ADPA claims are time barred. The CPA's four year limitations period does not apply to the ADPA. *Walker v. Wenatchee Valley Truck and Auto Outlet*, 155 Wash. App. 199, 210, 758 P.2d 518 (2010). Accordingly, Keystone's Motion to Dismiss Plaintiffs' ADPA is GRANTED and that claims is **DISMISSED with prejudice**.

2. Consumer Protection Act (CPA).

Keystone argues that plaintiffs' CPA claims fail because they do not meet Fed. R. Civ. P. 9(b)'s heightened pleading requirements. This standard applies where a claim specifically alleges fraud or alleges facts "that necessarily constitute fraud (even if the word *fraud* is not used.)" Federal courts have concluded that Rule 9(b) applies to consumer protection act claims alleging that the defendant intentionally misled the public.

The Amended Complaint's CPA claim allows a reasonable inference that the defendant may be liable for a violation of the CPA. It is "facially plausible." The Motion to Dismiss the CPA claim is **DENIED**.

3. Uniform Commercial Code (UCC).

Defendant argues that plaintiffs' breach of express warranty claims under the UCC should be dismissed because they fail to provide reasonable notice of their revocation of acceptance, and because they have no contractual privity with Keystone (the manufacturer). Like all consumers, they purchased their RVs from an independent dealer, instead. In Washington, the privity requirement is relaxed, however, when a manufacturer makes express representation, in advertising or otherwise, to a plaintiff. *Baughn v. Honda Motor Co.*, 107 Wn.2d 127, 151-52, 727 P.2d 655, 668-69 (1986). Plaintiffs are silent on any express warranties made by Keystone (other than the owners manual warnings). Although the UCC does not require a plaintiff to show reliance on the manufacture's statements, he or she must at least be aware of such representation to recover for their breach. In the absence of allegations in the Complaint of direct express representations by the manufacturer, the Motion to Dismiss is **GRANTED, without prejudice.** Plaintiffs will have a third bite of the apple to cure their deficient complaint. Plaintiffs shall file a Second Amended Complaint addressing (if they can) this deficiency with 30 days of this Order.

The notice of revocation of acceptance is not a requirement for a breach of warranty claim under the UCC. *Aubrey's RV Ctr. v. Tandy Corp.*, 46 Wn. App. 595, 600-601, 731 P.2d 1124 (1987). The Motion to Dismiss on this basis is DENIED.

4. <u>Injunctive Relief</u>

Plaintiffs have not alleged they have or will suffer irreparable injury. Instead, plaintiffs make clear they are seeking economic loss. Because plaintiffs' alleged injuries can be compensated with money damages, then by definition injunctive relief is not available. Plaintiffs also failed to allege they have no adequate remedies other than seeking injunctive relief. Without these basic allegations, they simply are not entitled to injunctive relief. The Motion to Dismiss is **GRANTED** as to the injunctive relief claim, and those claims are DISMISSED.

5. <u>Misjoinder under Fed. R. Civ. P. 20(a)</u>

Keystone asserts that plaintiffs' claims fail to meet the standard for joinder under Fed. R. Civ. P. 20(a), and that they should either be dismissed or severed. To properly bring their claims in one lawsuit, plaintiffs may (1) assert a joint, several or alternative right arising out of the same transaction or occurrence or a series of transactions or occurrences; and (2) their claims must present common issues of fact or law.

The plaintiffs' complaint charitably reads as an assertion of a common occurrence or series of occurrences, to wit, moisture intrusion from several sources within and without the RV units. At the pleading stage, the averments suffice. The Motion to Sever for Misjoinder is **DENIED**.

## III. CONCLUSION

Plaintiffs' claims under the Washington Auto Dealers Practices Act are **DISMISSED with prejudice.**

Keystone's Motion to Dismiss Plaintiffs' CPA claims is **DENIED**.

Plaintiffs' claims for breach of warranty under the UCC are **DISMISSED without prejudice**, and leave to amend Complaint within 30 days is **GRANTED**.

Plaintiffs' claims for injunctive relief are **DISMISSED with prejudice**.

Defendant's motion to dismiss or sever plaintiffs' claims pursuant to Rule 20 is **DENIED**.

IT IS SO ORDERED.

Dated this 24th day of August, 2018.

_____
Ronald B. Leighton
United States District Judge