HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUDITH COLE, a single person; LOUISE MICHAEL, a single person; DAVID JOHNSON, a single person,<br><br>Plaintiffs,<br><br>v.<br><br>KEYSTONE RV COMPANY, LLC, a foreign business entity,<br><br>Defendant. | NO. 3:18-CV-05182-RBL<br><br>**DEFENDANT KEYSTONE RV COMPANY'S MOTION TO COMPEL**<br><br>**NOTE ON MOTION CALENDAR: FRIDAY, FEBRUARY 15, 2019** |

Defendant Keystone RV Company ("Keystone") moves this Court to compel plaintiffs to provide full and complete responses to Keystone's first set of discovery requests. As explained more fully below, many of plaintiffs' responses are incomplete or contain improper references to other responses, thereby failing to provide the information and documents sought by Keystone.

### I.   STATEMENT OF FACTS

Keystone served its first set of discovery requests on September 18, 2018, and plaintiffs

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO COMPEL - 1
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

responded on October 25, 2018.[1]  After reviewing plaintiffs' responses, Keystone provided plaintiffs' counsel with a written list of those responses which Keystone believed were insufficient or contained improper objections.[2]  Keystone explained its position as to each discovery request and asked that plaintiffs supplement their responses to comply with federal discovery rules.

On January 3, 2019, the parties held a telephone discovery conference to discuss plaintiffs' discovery responses, along with other discovery-related topics.  Plaintiffs' counsel indicated he was not prepared to discuss Keystone's concerns regarding his clients' discovery responses even though Keystone had clearly explained those concerns in its December 21, 2018 email.  Instead, plaintiffs' counsel promised to provide a "comprehensive" email addressing Keystone's concerns.

Having not received the promised email or any supplemental responses, Keystone made an additional written request to plaintiffs for supplemental responses on January 15, 2019.[3]  On January 16, 2019, one of the three attorneys representing plaintiffs, Eugene Bolin, responded and indicated: (a) he had been sick for some time; and (b) he would provide the promised email by the end of the day on January 17, 2019.[4]  On January 17, 2019, Mr. Bolin again indicated he was too sick to provide the email, but he provided no explanation as to why either of his two co-counsel could not respond to Keystone during his prolonged period of sickness.[5]

On January 22, 2019, plaintiffs' counsel finally provided the long-promised email correspondence with an attachment that was intended to address Keystone's specific concerns about plaintiffs' discovery requests.  Unfortunately, the email and attachment made plaintiffs' positions clear—plaintiffs believed their responses and objections were sufficient and plaintiffs

---

[1] Copies of plaintiffs' discovery responses are attached as Exs. 1, 2, and 3 to the Declaration of Ryan E. Johnson ("Johnson Decl.").
[2] *See* Johnson Decl., Ex. 4 (December 21, 2018 email to plaintiffs' counsel).  Keystone has provided only an excerpt of this email which is related to plaintiffs' insufficient discovery responses.  Keystone has removed the other portions of the email which relate to the discovery issues in this lawsuit but are not germane to this motion.
[3] *See* Johnson Decl., Ex. 5 (January 15, 2019 email from Keystone counsel to plaintiffs' counsel).
[4] *See* Johnson Decl., Ex. 6 (January 16, 2019 email from plaintiffs' counsel to Keystone counsel).
[5] *See* Johnson Decl., Ex. 7 (January 17, 2019 email from plaintiffs' counsel top Keystone counsel).

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO COMPEL - 2
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

were unwilling to supplement or amend any of the subject responses.[6]

### *Discovery Requests at Issue*

**Interrogatory No. 4:**  Plaintiffs' documents supporting class certification.

This interrogatory asked plaintiffs to identify all documents which might support their position on class certification.  In response, plaintiffs objected to the interrogatory as overly broad, and stated "the plaintiff [sic] believes that all or most Keystone speaking agents have knowledge of such documents, to the extent they are not produced in the plaintiffs' discovery, by Keystone."[7] Plaintiffs' answers then listed broad categories of documents, itemized as to each plaintiff.

In its December 21, 2018 correspondence to plaintiffs, Keystone explained that plaintiffs' answer to this interrogatory did not properly and fully identify what documents were responsive to this interrogatory.  The January 22, 2019 correspondence from plaintiffs' counsel did not directly respond to Keystone's concerns and simply said "see discussion *supra* and *infra*." Plaintiffs did not explain what other discussion was responsive to these concerns or provide any further explanation of the responsive documents.

 While plaintiffs' answer does identify general categories of documents, many of the descriptions given are not detailed enough for Keystone to determine exactly which documents are referenced. For example, Item 20 identified by plaintiff David Johnson simply says "Photographs relating to the Johnson RV."  Similarly, Item 15 identified by plaintiff Louise Michael says "Photographs taken of the Michael RV."  Additionally, all three plaintiffs identified a category of documents as "[d]ocuments related to the purchase" of their RVs.  As written, plaintiffs' descriptions are not sufficient, and plaintiffs have refused to supplement their responses.

The Court should require plaintiffs, at a minimum, identify the specific documents that correspond to the categories if the documents have already been produced.  If they have not been produced, the Court should order production of the identified documents, appropriately numbered.

---

[6] *See generally* Johnson Decl., Ex. 8.
[7] *See* Johnson Decl., Exs. 1, 2, and 3.

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO COMPEL - 3
NO. 3:18-cv-05182-RBL

**Corr|Downs PLLC**
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

**Interrogatory No. 7:   Identification of "unfair" or deceptive statements by Keystone.**

This interrogatory asked plaintiffs to identify the specific written or oral statements that Keystone made which plaintiffs contend were unfair or deceptive. Those statements are directly relevant to plaintiffs' remaining claims under the Washington Consumer Protection Act. The interrogatory asked plaintiffs to provide as much details as possible and provided specific instructions about the type of detail requested. Plaintiffs provided a non-responsive answer, stating that the "case is much less about misleading statements by Keystone and its authorized dealers, than the failure to disclose specific health hazards known to Keystone." Plaintiffs failed to identify any specific statements, written or oral, and also failed to object to this interrogatory. Keystone identified these concerns in its December 21, 2018 correspondence to plaintiffs' counsel.

In the January 22, 2019 correspondence from plaintiffs' counsel, plaintiffs explained that the deceptive and unfair conduct by Keystone was in the form of "omissions", not affirmative representations. Plaintiffs' counsel went on to state "[s]o far as we know at this point, Keystone did not make any overtly false or misleading statements regarding the safety of their RV's." Plaintiffs' admission in their January 22, 2019 correspondence confirms what Keystone has suspected—plaintiffs aren't aware of any such statements at this time. However, plaintiffs have not offered to amend their discovery responses to confirm the statement made by their counsel. Thus, the Court should require plaintiffs to either provide responsive information, or, if plaintiffs are not aware of any such affirmative statements, written or oral, clearly confirm this in their responses to this interrogatory, as they have done informally in their counsel's email.

**Interrogatory No. 8:   Damages plaintiffs suffered as a result of Keystone's allegedly unfair and deceptive actions.**

This interrogatory asked plaintiffs to specify, in detail, all damages suffered as a result of Keystone's unfair or deceptive conduct (which they should have identified in response to Interrogatory No. 7), including "how such damages were calculated." Plaintiffs each objected to the interrogatory as overly broad and vague. Subject to the objections, plaintiffs provided vague

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO COMPEL - 4
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

responses which made conclusory references to "economic damage," refund of the purchase price, and "other economic damages they suffered from the loss of use of their RV." However, plaintiffs' complaint and discovery responses suggest plaintiffs suffered personal injuries in the form of various purported respiratory illnesses. These responses did not provide any substantive information about plaintiffs' damage analysis.

In response to Keystone's concerns, plaintiffs refused to provide additional information. Instead, in their counsel defended their response, as follows without providing any detail:

> Keystone cannot close its eyes to the wealth of information contained in plaintiffs' amended complaint and their discovery response, while simultaneously making more and more general demands for information. This is not a class action seeking damages for personal injuries sustained by the plaintiffs—it is strictly limited to economic damages and other damages, fees and costs authorized by statute. The plaintiffs therefore seek the damages you identify above, but also loss of use and diminished value of their RV's—all of which has been previously disclosed in the amended complaint and discovery responses.[8]

Given the importance of the damages sought by the proposed class representatives and putative class, the Court should require that plaintiffs fully explain their damages **and** their method(s) of calculating them. Generalized and conclusory statements are not sufficient.

**Interrogatory No. 10:** **The terms of plaintiffs' fee arrangement with class counsel.**

This interrogatory asked plaintiffs to explain the terms of their fee arrangement(s) with counsel. That information is both discoverable and relevant to the requirements for class certification, including the adequacy of class counsel.[9] Plaintiffs' answers did not explain the terms of their arrangements with counsel, other than to provide the date they signed their

---

[8] Johnson Decl., Ex. 8.
[9] *See Gusman v. Comcast Corp.*, 298 F.R.D. 592 (Ca. S.D. 2014) (Retainer and fee agreement between plaintiff and class counsel is relevant to Rule 23 factors and discoverable); *see also Carrizosa v. Stassinos*, 2006 U.S. Dist. Lexis 66358, *3(N.D. Ca. August 31, 2006)(Under Ninth Circuit law, fee agreements generally fall outside scope of attorney-client privilege); *see also Klein v. Miller*, 82 F.R.D 6, 8-9 (N.D. Tex. 1978)(Details of fee arrangement with class counsel is relevant to question of whether named plaintiffs can adequately protect the interests of potential class members and therefore is discoverable.).

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO COMPEL - 5
NO. 3:18-cv-05182-RBL

100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040


Case 3:18-cv-05182-RBL   Document 36   Filed 01/31/19   Page 6 of 14


agreements and a general statement that "[t]he terms and conditions of each fee agreement provide that plaintiffs' counsel will pursue the class set forth in the amended complaint." *Notably, plaintiffs did not object based on the attorney-client privilege or the work product doctrine.*

In their January 22, 2019 correspondence, plaintiffs took the position the information sought was "beyond the scope of discovery authorized by the rules of civil procedure" and invited Keystone to provide authority to support its position. Plaintiffs' correspondence did not mention the attorney client privilege or work product protection. Keystone provided plaintiffs with the case citations in note 6 above but plaintiffs still refused to provide the information sought by this interrogatory (and the corresponding request for production discussed more fully below). Given the required elements of establishing a class action (including adequacy of representation by the named plaintiffs and the qualifications of class counsel), this information is discoverable. Consequently, the Court should direct plaintiffs to provide a full explanation of the arrangements with their counsel. Alternatively, the Court should direct the plaintiffs to produce copies of all retainer and fee agreements with their counsel. Those agreements were sought in a separate document request which is discussed below.

**Request for Production No. 3:** **Copies of documents sent to or received from any person other than Keystone or its dealer related to plaintiffs' recreational vehicles.**

This request asked plaintiffs to produce all documents sent to or received from any person, other than Keystone or the selling dealer, which are related to the plaintiffs' recreational vehicles. In response, plaintiffs objected to the request as "overly-broad and burdensome." Plaintiffs contend the request improperly encompassed "all communications to the plaintiffs' health care providers, friends…and virtually all other persons that the plaintiffs have had any contact with since they purchased a Keystone RV."[10] Plaintiffs did not identify any documents in response to this request, although their responses said: "See attached." That vague reference leaves Keystone entirely unable to determine what documents plaintiffs contend are responsive to this request.

---

[10] *See* Plaintiffs' Responses to Request for Production No. 3 in Johnson Decl., Exs. 1, 2, and 3.

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO COMPEL - 6
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

agreements and a general statement that "[t]he terms and conditions of each fee agreement provide that plaintiffs' counsel will pursue the class set forth in the amended complaint." *Notably, plaintiffs did not object based on the attorney-client privilege or the work product doctrine.*

In their January 22, 2019 correspondence, plaintiffs took the position the information sought was "beyond the scope of discovery authorized by the rules of civil procedure" and invited Keystone to provide authority to support its position. Plaintiffs' correspondence did not mention the attorney client privilege or work product protection. Keystone provided plaintiffs with the case citations in note 6 above but plaintiffs still refused to provide the information sought by this interrogatory (and the corresponding request for production discussed more fully below). Given the required elements of establishing a class action (including adequacy of representation by the named plaintiffs and the qualifications of class counsel), this information is discoverable. Consequently, the Court should direct plaintiffs to provide a full explanation of the arrangements with their counsel. Alternatively, the Court should direct the plaintiffs to produce copies of all retainer and fee agreements with their counsel. Those agreements were sought in a separate document request which is discussed below.

**Request for Production No. 3:** **Copies of documents sent to or received from any person other than Keystone or its dealer related to plaintiffs' recreational vehicles.**

This request asked plaintiffs to produce all documents sent to or received from any person, other than Keystone or the selling dealer, which are related to the plaintiffs' recreational vehicles. In response, plaintiffs objected to the request as "overly-broad and burdensome." Plaintiffs contend the request improperly encompassed "all communications to the plaintiffs' health care providers, friends…and virtually all other persons that the plaintiffs have had any contact with since they purchased a Keystone RV."[10] Plaintiffs did not identify any documents in response to this request, although their responses said: "See attached." That vague reference leaves Keystone entirely unable to determine what documents plaintiffs contend are responsive to this request.

---

[10] *See* Plaintiffs' Responses to Request for Production No. 3 in Johnson Decl., Exs. 1, 2, and 3.

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO COMPEL - 6
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

In their January 22, 2019 correspondence, plaintiffs stated they "have complied with this request" and contended they had "supplied all documents which we believe are properly responsive to this request." Plaintiffs' position is puzzling, given that their actual response to RFP 3 simply said: "see attached" and did not identify any responsive documents.[11] Plaintiffs' objections and position mischaracterize the document request. Keystone did not ask for *all* communications between plaintiffs and all of the persons listed since the date of purchase. Instead, Keystone's request is more narrowly tailored—it sought documents to or from such persons *which are related to plaintiffs' recreational vehicles*.

**Request for Production No. 4:   Plaintiffs' purchase-related documents.**

This request asked for all documents related to plaintiffs' purchases of their recreational vehicles. In response to this request, plaintiffs' responses said: "*See* attached." Because plaintiffs produced a number of different types of documents (many of which are not purchase related), Keystone cannot determine what documents are responsive to this particular request. Plaintiffs' responses do not comply with Fed. R. Civ. P. 34 because they do not identify any particular documents or categories of documents. On January 22, 2019, plaintiffs refused to supplement their response, and attempted to defend their position by stating:

> We have confidence that Keystone's lawyers can distinguish between documents related to the plaintiffs' purchases of their RV's, the plaintiffs' medical records and other general categories of documents. If you have specific documents in mind which we produced, please identify those documents and we will tell you everything we know.[12]

Plaintiffs attempt to turn the discovery process on its head. Keystone cannot be expected to guess what documents are responsive to this request based on an unidentified stack of documents produced by plaintiffs. To comply with Fed. R. Civ. P. 34, plaintiffs must either produce responsive documents or identify them properly. They have done neither.

---

[11] Johnson Decl., Ex. 8.
[12] *Id*.

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO COMPEL - 7
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

**Request for Production No. 12:  Copies of plaintiffs' fee agreements.**

Related to Interrogatory No. 10 discussed above, this request asked plaintiffs to produce their fee agreements with their counsel in this case.  Although they did not object to Interrogatory No. 10, plaintiffs objected to this request because the documents sought were protected by the attorney client privilege.  As discussed above, fee agreements in a class action like this are discoverable.[13]  Plaintiffs have refused to amend their response, and instead referred Keystone to its "discussion, *supra*" in the January 22, 2019 correspondence.  Presumably, this was a reference to plaintiffs' discussion of Interrogatory No. 8.  For the reasons discussed above in connection with Interrogatory No. 8, the Court should direct plaintiffs to provide responsive documents.

**Requests for Production Nos. 16 and 17:  Documents supporting the plaintiffs' positions on class certification.**

These two requests asked plaintiffs to produce documents supporting their respective positions on class certification and that might be submitted into evidence in support of class certification.  Plaintiffs' responses to these two requests did not identify or provide any responsive documents.  Plaintiffs did not object to the request.   Instead, their responses simply stated, "*See* responses herein and documents produced pursuant to previous requests for production."  These responses do not comply with Fed. R. Civ. P. 34 nor provide Keystone with any explanation of what documents might be responsive to these requests.

Plaintiffs' counsel's January 22, 2019 correspondence did not provide any additional information or documents in response to this request.  Instead, plaintiffs appeared to have conceded they had no documents which supported their position on class certification:

> It is difficult if not impossible at this state of the case to comply with your request.  We must wait until the completion of the plaintiffs' discovery before we are able to meaningfully designate evidence which supports certification under FRCP 23. We need a lot more specificity supporting your claim that our responses do not comply with the FRCPs.  What are you thinking?[14]

---

[13] *See* cases discussed at note 4 above related to the discoverability of fee and retainer agreements.
[14] Johnson Decl., Ex. 8.

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO COMPEL - 8
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

The Court should direct plaintiffs to supplement their responses to comply with Fed. R. Civ. P. 34 and either produce responsive documents or identify responsive documents.

**Request for Production Nos. 19-23:** **Documents supporting specific allegations in Amended Complaint.**

Each of these four requests asked plaintiffs to produce documents which support a specific contention and allegation made in their complaint.[15] The requests are narrowly focused and relate to plaintiffs' remaining claim under the Washington Consumer Protection Act and plaintiffs' allegations Keystone engaged in deceptive and unfair trade practices. In response to RFP 19, plaintiffs did not identify any specific documents, and instead referred Keystone to "all advertisements, marketing materials, and other documents disseminated and intended by Keystone for consumer consumption." Plaintiffs' responses to RFPs 20-23 provided even less information and simply referred back to other responses (RFPs 19 and 21) and provided no information or documents.

As set forth in Plaintiffs' counsel's January 22, 2019 correspondence, plaintiffs assert the Federal Rules of Civil Procedure did not permit Keystone to ask plaintiffs to produce documents that supported a particular contention in their complaint. Plaintiffs cited no authority for this position. Plaintiffs also conceded their "clients usually did not retain or save such 'advertisements, marketing materials and other documents disseminated by Keystone." The Court should direct plaintiffs to supplement their responses and produce responsive documents. If plaintiffs do not have responsive documents, they should so indicate.

---

[15] Request for Production No. 19 asked for documents that support plaintiffs' contentions in Paragraph 4.11 of the Complaint. Request for Production No. 20 asked for documents that support plaintiffs' contentions in Paragraph 4.12 of the Complaint. Request for Production No. 21 asked for documents that support plaintiffs' contentions in Paragraph 4.13 of the Complaint. Request for Production No. 22 asked for documents that support plaintiffs' contentions in Paragraph 4.14 of the Complaint. Request for Production No. 23 asked for documents that support plaintiffs' contentions in Paragraph 4.15 of the Complaint.

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO COMPEL - 9
NO. 3:18-cv-05182-RBL

**CORR|DOWNS PLLC**
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

**Request for Production No. 24:** Documents related to plaintiffs' physical injuries caused by their Keystone recreational vehicles.

This request asked plaintiffs to produce documents related to their injuries allegedly caused by their Keystone RVs. Plaintiffs did not produce or identify specific documents and instead referred Keystone to RFP 13. Plaintiffs' response to this request makes no sense given that RFP 13 asked plaintiffs to produce documents reflecting the "names of individuals with knowledge of the allegations in the Complaint..." In other words, RFP 13 related to identification of witnesses, not plaintiffs' injuries.

Although plaintiffs raised several defenses to this response in their January 22, 2019 correspondence, they still did not identify any specific documents responsive to the request. Plaintiffs contend: (a) their medical records have "extremely limited" relevance to their claims; and (b) their responses sufficiently identified responsive documents. Plaintiffs are seeking damages caused by Keystone's alleged knowledge its products are unhealthy to consumers. Thus, plaintiffs' medical histories (or lack thereof) related to their Keystone products are directly relevant to the issues in this case, including whether plaintiffs suffered any damages.

**Request for Production No. 25:** Documents related to plaintiffs' illnesses and/or medical conditions caused by their Keystone recreational vehicles.

This request asked plaintiffs to produce documents related to any illnesses or medical conditions that they claim were caused by their Keystone RV. Plaintiffs did not provide any documents or identify any documents, and instead referred Keystone back to their responses to RFPs 13 and 24, which themselves are deficient. In addition, as discussed above, Request for Production No. 13 is not related to "physical injuries, illnesses or medical conditions." None of plaintiffs' responses to this request comply with Fed. R. Civ. P. 34.

In the January 22, 2019 correspondence, plaintiffs referred Keystone back to RFP 24, taking the same position that: (a) their medical records have "extremely limited" relevance to their claims; (b) their responses sufficiently identified documents that were produced in response to this

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO COMPEL - 10
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

request. Plaintiffs did not identify any particular documents which are responsive to this request. Plaintiffs contend they suffered health effects from Keystone trailers yet refuse to provide the medical records to support such claims.

## II.    CERTIFICATION

As demonstrated by the Statement of Facts above and Keystone's attached exhibits, Keystone satisfied the "meet and confer" requirements of Fed. R. Civ. P. 37 and LR 26(c). Given the fast-approaching deadlines in the Court's scheduling order and the rigors of defending against the plaintiffs' putative class claims, Keystone is left with no choice but to file its motion.

## III.    ISSUE STATEMENT

Whether the Court should enter an Order compelling plaintiffs to provide full and complete answers to the above-referenced discovery requests where the requests seek relevant information and documents that go to the heart of Keystone defenses and class certification.

## IV.    EVIDENCE RELIED UPON

Keystone relies upon the pleadings and documents on file with the Court as well as the Declaration of Ryan E. Johnson, including the exhibits attached thereto.

## V.    LEGAL ARGUMENT AND AUTHORITY

### A.    Keystone is Entitled to the Information Sought Under the Discovery Rules.

The Federal Rules of Civil Procedure provide for broad discovery in civil actions. *Everest Indem. Ins. Co. v. QBE Ins. Corp.*, 980 F. Supp. 2d 1273, 1278 (W.D. Wash. 2013). Pre-trial discovery is ordinarily "accorded a broad and liberal treatment." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)) (internal quotations omitted). "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case..." Fed. R. Civ. P. 26(b)(1). Relevant information for purposes of discovery is information "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *Everest Indem. Ins. Co.*, 980 F. Supp. 2d at 1278.

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO COMPEL - 11
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

The party that resists discovery has the burden to show why the discovery request should be denied. *See, e.g., Doyle v. F.B.I.*, 722 F.2d 554, 555 (9th Cir. 1983); *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975). In considering such disputes, the district court enjoys broad discretion in determining relevancy and must temper discovery where its burden or expense outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii); *Hallet v. Morgan,* 296 F.3d 732, 751 (9th Cir. 2002); *see U.S. Fidelity and Guar. Co. v. Lee Investments L.L.C.,* 641 F.3d 1126, 1136 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion.").

Fed. R. Civ. P. 37(a) states "[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery" to compel an answer or production if "…a party fails to answer an interrogatory submitted under Rule 33; or… a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34. For purposes of this subdivision Fed. R. Civ. P. 37(a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.  Despite these well-settled standards, plaintiffs refuse to produce responsive information directly relevant to Keystone's defenses. Without this information, Keystone's ability to respond to the allegations set forth in plaintiffs' complaint is severely hampered.

**B.**     **The Court Should Award Keystone Its Attorney's Fees Regarding This Motion.**

Fed. R. Civ. P. 37(d) authorizes the Court to award "reasonable expenses, including attorney's fees" in connection with a motion to compel.  Attorney's fees are appropriate here because plaintiffs' discovery responses, as discussed above, are deficient and Keystone has made multiple good faith efforts to resolve the issues related these discovery requests, to no avail.

### IV.     CONCLUSION

For the reasons stated above, Keystone requests that the Court grant its Motion to Compel. A proposed form of Order detailing the specific relief requested is provided herewith.

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO COMPEL - 12
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

DATED: January 31, 2019

        CORR|DOWNS PLLC

        *s/Joseph P. Corr*
        Joseph P. Corr, WSBA #36584
        100 W. Harrison. St., Ste. N440
        Seattle, WA 98119
        jcorr@corrdowns.com
        Telephone: 206.962.5040

        JONES WALKER L.L.P.

        *s/Ryan E. Johnson*
        Ryan E. Johnson (*pro hac vice*)
        8555 United Plaza Blvd., 5th Floor
        Baton Rouge, LA 70809
        rjohnson@joneswalker.com
        Telephone: 225.248.2080

        ***Attorneys for Defendant Keystone RV Company***

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO COMPEL - 13
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

# CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused a copy of the foregoing document to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Mr. Eugene N. Bolin, Jr.
Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Ave., Suite 308
Edmonds, WA 98020
eugenebolin@gmail.com
Attorneys for Plaintiffs

Mr. Guy W. Beckett
Berry & Beckett, PLLP
1708 Bellevue Ave.
Seattle, WA 98122
gbeckett@beckettlaw.com

Mr. Richard DeJean
Law Offices of Richard F. DeJean
PO Box 867
Sumner, WA 98390
rdejean@dejeanlaw.comcastbiz.net
Attorneys for Plaintiffs

I affirm under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

DATED this 31st day of January, 2019.

By /s/ Joseph P. Corr
Joseph P. Corr, WSBA No. 36584

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO COMPEL - 14
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040