1

The Honorable Ronald B. Leighton

2

3

4

5

6
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
7

8
JUDITH COLE, a single person; LOUISE MICHAEL, a single person; DAVID JOHNSON, a single person,

9

NO. 3:18-cv-05182-RBL

10

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND AWARD FEES PURSUANT TO FRCP 37**

Plaintiffs,

11
    v.

12

**NOTE ON MOTION CALENDAR: FRIDAY, FEBRUARY 22, 2019**

13
KEYSTONE RV COMPANY, LLC, a foreign business entity,

14
Defendant.

**JURY TRIAL**

15

16

17
### I.    FACTS RELEVANT TO MOTION

18
    The plaintiffs have alleged that the defendant Keystone RV Company LLC

19
("Keystone") violated Washington's Consumer Protection Act, RCW 19.86, *et seq.*, in the

20
sale of its recreational vehicles to consumers. Specifically, the plaintiffs allege that

21
Keystone failed to provide any meaningful warnings about the health hazards of

22
occupying an RV for "prolonged periods," beyond an obscure, vague and ineffective

23
"caution" buried in its 89-page Owners Manual.  The plaintiffs served discovery on

24

25
Keystone seeking to learn what Keystone knows about such health hazards.

PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 1
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

This motion concerns interrogatories and requests for production which were served on Keystone on October 16, 2018 (Exhibit 1 hereto); and requests for admissions which were served on Keystone on November 28, 2018 (Exhibit 2 hereto).  Keystone's responses to both were saturated with boilerplate objections and little meaningful discovery or responsive documents.  A brief review of both exhibits reveals pervasive and consistent attempts by Keystone to avoid all discovery.

There are two primary issues in the case: 1) did Keystone disclose to consumers what it knows about significant health hazards resulting from the "prolonged occupancy" of its RVs? and 2) what is the basis for Keystone's general "caution" to consumers (in Owners Manuals) to avoid "prolonged occupancy" in its RVs?  The plaintiffs are attempting to obtain this simple information in the discovery described herein.

The plaintiffs' motion for relief from deadlines, filed on today's date, provides a detailed description of Keystone's refusal to cooperate and refusal to provide proper discovery.  Even a cursory review of the attached Exhibits 1 – 9 reveals this.  The plaintiffs will avoid repeating the same fact-summary here, related to those exhibits.  However, the plaintiffs encourage the court to review the fact statement in the motion for relief if it wants to learn more about Keystone's willful violation of the Court's discovery rules.

The parties participated in a discovery conference on January 3, 2019 which was initiated ty the plaintiffs; followed by a four (4) page letter to Keystone about its deficient responses to requests for admission; then followed by a fourteen (14) page letter to Keystone about its deficient responses to the plaintiffs' interrogatories and requests for production.  Despite the plaintiffs' numerous attempts to resolve the obvious deficiencies

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND AWARD FEES PURSUANT TO FRCP 37 - 2**
3:18-cv-05182-RBL

**Law Offices of Eugene N. Bolin, Jr., P.S.**
**144 Railroad Avenue, Suite 308**
**Edmonds, WA  98020**
**206-527-2700  / 425-582-8165**
**Toll Free / Fax: 888-527-2710**

1  in Keystone's discovery responses, the plaintiffs have been unable to encourage Keystone

2  to supplement its responses.

3      The plaintiffs have also filed today, the plaintiffs' motion for relief from deadlines

4  pursuant to RFCP 6(b)(1)(A) and LCR 7(j).  Both motions are closely related and share

5  the same, identical exhibits.  The plaintiff is hopeful that one or both motions may be

6

7  resolved by stipulation before the hearing date – hence identical exhibits.

8                        **II.   LAW AND ARGUMENT**

9      **A. A Party May Obtain Any Non Privileged Matter. . .**

10      Rule 26(b)(1) provides:

11          "Unless otherwise limited by court order, . . . [p]arties may obtain
12          discovery regarding any nonprivileged matter that is relevant to
           any party's claim or defense and proportional to the needs of the
13          case, considering the importance of the issues at stake in the
           action, the amount in controversy, the parties' relative access to
14          relevant information, the parties' resources, the importance of
           the discovery in resolving the issues, and whether the burden or
15          expense of the proposed discovery outweighs its likely benefit."
16          Fed. R. Civ. P. 26(b)(1).

17      The plaintiffs' written discovery to Keystone conforms to FRCP 26(b)(1).  The

18  plaintiffs do not seek privileged information; nor information which is burdensome to

19  collect; nor any other form of improper discovery.  Here, Keystone has provided virtually

20  *zero* discovery which was not *already* in the possession of the plaintiffs.  A district court

21  has broad discretion to impose sanctions where a party flouts its discovery obligations.

22

23  <u>Rother v. Lupenko</u>, 515 Fed. Appx. 672, 674 (9th Cir. 2013)(unpublished), *citing* <u>Fair</u>

24  <u>Hous. of Marin v. Combs</u>, 285 F.3d 899, 905-06 (9th Cir. 2002) and FRCP 37(b).  Even

25  "belated compliance with discovery orders does not preclude the imposition of sanctions."

PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 3
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976) (*per curiam*)

## B. The Duty of Litigants to Cooperate in Discovery

"[T]he hallmarks of discovery in federal court are, and should be, openness, transparency, and candor. Gamesmanship, ambush, surprise, and concealment have no place in federal practice." Ely v. Cabot Oil & Gas Corp., No. 3:09-CV-2284, 2016 WL 4169197, at *2 (M.D. Pa. Feb. 17, 2016), *quoting* Styler v. Frito-Lay, Inc., No. 1:13-CV-833, 2015 WL 11243423, at *5 (M.D. Pa. Mar. 18, 2015).

A repeated "failure to cooperate in discovery would result in dismissal and default." Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1117 (9th Cir. 2004), *citing* Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1413 (1990). *See also,* Malone v. U.S. Postal Service, 833 F.2d 128, 132-133 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988); Vinton v. Adam Aircraft Indus., 232 F.R.D. 650 (D. Colo. 2005); Payne v. Exxon Corp., 121 F.3d 503, (9th Cir. 1997).

In this motion, we have clear evidence of two primary discovery rule violations by Keystone:  1) its failure to cooperate in basic scheduling and discovery matters; and 2) its persistent failure to provide any meaningful discovery.  Both have caused significant prejudice to plaintiffs and now require an order compelling discovery, and an order granting an extension of the Court's schedule of deadlines.

## C. Exemplars of Interrogatories and Requests for Production at Issue

Below are excerpts taken directly from Exhibit 1, which is the plaintiffs' first interrogatories and requests directed to Keystone.  The excerpts provide typical examples

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND AWARD FEES PURSUANT TO FRCP 37 - 4**
**3:18-cv-05182-RBL**

**Law Offices of Eugene N. Bolin, Jr., P.S.**
**144 Railroad Avenue, Suite 308**
**Edmonds, WA  98020**
**206-527-2700  / 425-582-8165**
**Toll Free / Fax: 888-527-2710**

of long-winded, boiler-plate objections in substantially the same form, which Keystone

substitutes for good-faith discovery.  Keystone's responses reflect a willful refusal to

comply with the Court's discovery rules, by consistently providing evasive responses to

virtually all discovery requests made of the Company.  The Court should not tolerate such

brazen violations.

> **INTERROGATORY NO. 1:**
> Please define with specificity the term "prolonged occupancy" as that term is used in Keystone owners manuals and described in the complaint.
>
> **ANSWER TO INTERROGATORY NO. 1:**
> Keystone objects to this interrogatory as vague and overly broad. Subject to these objections, Keystone states that its owner's manuals do not define the term "prolonged occupancy." This term is used, however, in the context of other provisions in the manuals that explain that Keystone recreational vehicles are designed for short-term recreational use, such as camping or other similar activities.

Keystone's response to interrogatory no 1 is almost incomprehensible.  Its owners

manual contains a "caution" about the "prolonged occupancy" of Keystone RVs.  This is

one of the central facts alleged in the complaint, supporting the plaintiffs' claim that the

term "prolonged occupancy" is deceptive (at best).  What does that mean?  The plaintiffs

want to know.  What is Keystone's response?  The Company claims that its own language

is "vague and overly broad."  The plaintiffs agree – but what did Keystone *intend* its

owners to understand?  Does Keystone claim that no one in the company knows what

this means?  In any event, Keystone should be compelled to respond to, rather that

evade, the interrogatory.  Here are a few other examples:

PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 5
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

1
2
3

**REQUEST FOR PRODUCTION NO. 1:**
Please produce all agreements you have entered into with sellers of Keystone RV's in Washington, in the last ten (10) years.
**RESPONSE TO REQUEST FOR PRODUCTION NO: 1:**
Keystone objects to this request as vague and overly broad. Keystone also objects to this request on the grounds that it seeks commercially-sensitive and proprietary information regarding contracts between Keystone and its dealers. Keystone further objects because this request seeks agreements dating back for the last ten years. Plaintiff David Johnson purchased his 2014 Keystone Bullet 284RLSWE in 2014. Plaintiff Louise Michael purchased her 2016 Keystone Cougar 33MLS in 2016. Plaintiff Judith Cole also purchased her 2017 Keystone Passport 2200RBWE in 2016. Thus, any agreements going back ten years go beyond the scope of the allegations in this lawsuit. Finally, Keystone objects because this request is not relevant to any of the parties' claims or defenses in the case, as required by FRCP 26 (b)(1). Subject to these objections, Keystone will produce copies of its written dealer agreements in place with the dealers who sold plaintiffs' their recreational vehicles which are the subject of this action, once the Court enters a mutually-acceptable protective order. Based on the objections stated above, Keystone will not produce copies of agreements with its other Washington dealerships, as they are unrelated to the named plaintiffs' claims and/or class certification issues.

Dealer Agreements are relevant because the dealers interface with consumers every day, who purchase Keystone RVs.  Does the dealer agreement contain any information about "prolonged occupancy" or "cautions" urged by Keystone in the use of its RVs?  Who are Keystone's authorized dealers?

**INTERROGATORY NO. 5:**
Please identify each lawsuit filed in the last ten (10) years, where Keystone was named as a defendant and a plaintiff alleged that a respiratory illness was caused or made worse, by occupying a Keystone RV.
**RESPONSE TO INTERROGATORY NO. 5:**
Keystone objects to this interrogatory as vague, overly broad, and because it seeks information not related to class-certification issues and goes beyond the scope of the proposed class.

PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 6
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

This is a basic interrogatory which is routinely submitted to all defendants in Consumer Protection Act suits.  The plaintiffs have a burden to prove a public impact caused by Keystone's deceptive and unfair conduct.  The plaintiffs cannot carry their burden without this discovery.  The plaintiffs suspect that Keystone has been sued before, for causing respiratory illnesses in RV owners, or accused of deceptive and unfair conduct.

> **REQUEST FOR PRODUCTION NO. 6:**
> Please provide all documents which reference each lawsuit identified in your answer to the preceding interrogatory.
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**
> Keystone objects to this request as vague, overly broad, and because the burden imposed by this request is not proportional to the needs of the case, as required by FRCP Rule 26. Keystone also objects because, as worded, this request calls for the production of documents which are protected by the attorney-client privilege and/or work product doctrine. Additionally, Keystone notes that plaintiffs (and their counsel) have already obtained discovery in the context of the Johnson litigation, and should already have documents that are relevant to that litigation. See KRV 000001-002124, which were produced in the context of that litigation. If the plaintiffs need additional copies of this documents, Keystone can provide them.

This is also a routine request for production, which is a corollary of the preceding interrogatory.  Keystone should be compelled to provide a good-faith response.

### D. A Party's Duty To Respond to Proper Requests for Production

"Pursuant to Fed.R.Civ.P. 34, a party may serve on any other party a request for production of documents. In the event that the party on whom the request is served fails to comply, the party seeking the documents may move a court to compel production of the documents. Fed.R.Civ.P. 37." Bermudez v. Duenas, 936 F.2d 1064, 1068 (9th Cir. 1991).

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND AWARD FEES PURSUANT TO FRCP 37 - 7**
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

1

**E.  A Party's Duty To Respond to Proper Requests for Admission**

2

Exhibit 2 hereto is Keystone's response to the plaintiffs' requests for admissions.

3

4

Another cursory review reveals that Keystone is again deflecting and evading virtually all

5

discovery.  This is a violation of the discovery rules and Keystone should be compelled to

6

provide a fair and complete response.

7

FRCP 37(c)(2) provides:

8

> *Failure to Admit.* If a party fails to admit what is requested under
> Rule 36 and if the requesting party later proves a document to
> be genuine or the matter true, the requesting party may move

9

> that the party who failed to admit pay the reasonable expenses,

10

> including attorney's fees, incurred in making that proof. The
> court must so order unless:

11

12

> (A)  the request was held objectionable under Rule 36(a);
> (B)  the  admission  sought  was  of  no  substantial

13

> importance;
> (C)  the party failing to admit had a reasonable ground to

14

> believe that it might prevail on the matter; or
> (D)  there was other good reason for the failure to admit.

15

16

**F.  Exemplars of Requests for Admission Production at Issue**

17

**REQUEST FOR ADMISSION NO. 1:**
Admit that the only written notice given to consumers purchasing a new

18

Keystone RV, regarding the "prolonged occupancy" of Keystone RVs, is
found in the owner's manual.

19

20

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**
Keystone objects to this request as vague and overly broad. Subject to

21

these objections, Keystone states that it cannot safely admit or deny this
request as written because it does not provide any dates, date ranges or

22

other information which would allow Keystone to determine the time-frame
for which plaintiffs are seeking an admission. In addition, Keystone cannot

23

determine whether plaintiffs intend for this request to cover the period of
time applicable by their class claims (i.e., consumers who purchased their

24

recreational vehicles in the last four years) or some other time period which

25

might be irrelevant to their claims.

PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 8
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

## III.   ATTORNEYS FEES AND COSTS

As part of this motion the plaintiffs seek reimbursement of the attorneys fees they have incurred in their pre-motion and motion activities.  If the Court awards fees, plaintiffs' counsel will submit a fee application as soon as the Court rules, or sooner if requested.

In Marquis v. Chrysler Corp., 577 F.2d 624 (9th Cir. 1978)

> When a party's conduct during discovery necessitates its opponent's bringing motions which otherwise would have been unnecessary, the court may properly order it to pay the moving party's expenses unless its conduct was " substantially justified" or other circumstances make the award "unjust." Fed.R.Civ.P. 37(a)(4). Recent amendments to the rule make it clear that such awards may be imposed more frequently to discourage unnecessary involvement of the court in discovery. See generally 4A Moore's Federal Practice P37.02[10. -2] at 37-44 (1975).
> . . . .
> Although the failure to produce may not have been in bad faith, the presence or absence of bad faith is relevant to the choice of sanctions rather than to the question whether a sanction should have been imposed. In view of the range of sanctions available, even negligent failures to allow reasonable discovery may be punished. David v. Hooker, Ltd., 560 F.2d 412, 420 (9th Cir. 1977).

Id., at 641-642.

Rule 37(a)(5) requires, upon a party's successful motion to compel discovery, that the court order "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault. Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994), citing Henry v. Gill Indus., 983 F.2d 943, 948 (9th Cir. 1993).

PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 9
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

1
2
3
4
5
6

Several courts have considered whether the record revealed a *pattern* of discovery abuses by the sanctioned party. *See, e.g.*, Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1411-14 (9th Cir. 1990), *cert. denied*, 111 S. Ct. 1019 (1991); Wanderer v. Johnston, 910 F.2d 652, 653-56 (9th Cir. 1990); In re Rubin, 769 F.2d 611, 618-19 (9th Cir. 1985); Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981).

7
8
9
10
11

"When the sanctions award is based upon attorney's fees and related expenses, an essential part of determining the reasonableness of the award is inquiring into the reasonableness of the claimed fees." Yagman v. Baden, 796 F.2d 1165, 1184-85 (9th Cir. 1986). The court must make some evaluation of the fee breakdown submitted by counsel. *See id*. at 1185.

12
13
14

The plaintiffs will submit a fee application with their reply brief in support of this motion.

## IV.    CONCLUSION

15
16
17

For all of the reasons recited herein, the plaintiffs respectfully request that the Court grant the plaintiffs' motion to compel discovery and award fees.

18

DATED THIS 7th day of February, 2019.

19
20
21
22
23
24
25

**LAW OFFICES OF EUGENE N. BOLIN, JR., P.S.**
By: s/Eugene N. Bolin, Jr.
Eugene N. Bolin, Jr., WSBA #11450
Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Ave., Suite #308
Edmonds, WA  98020
Telephone: 425-582-8165
Fax:  888-527-2710
Email:  eugenebolin@gmail.com

PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 10
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

**LAW OFFICES OF RICHARD F. DeJEAN**
By: s/Richard DeJean
Richard DeJean, WSBA #2548
PO Box 867
Sumner, WA  98390
Telephone:  253-863-0922
Email:  rdejean@dejeanlaw.comcastbiz.net

**BERRY & BECKETTT PLLP**
By: s/Guy W. Beckett
Guy W. Beckett, WSBA #14939
1708 Bellevue Avenue
Seattle, WA  98122
Telephone:  206-441-5444
Email:  gbeckett@beckettlaw.com

Attorneys for Plaintiffs

## SUBJOINED DECLARATION OF EUGENE N. BOLIN, JR.

Eugene N. Bolin, Jr., declares that the following is true and accurate to the best of my knowledge, under penalty of the laws of perjury of the State of Washington:

1. I am an attorney licensed to practice law in Washington and I represent the plaintiffs in this action.

2.  Attached hereto are true and accurate copies of the following documents:

EXHIBIT 1:      Plaintiffs' first set of interrogatories and requests for production to Keystone with responses

EXHIBIT 2:      Plaintiffs' first set of requests for admission to Keystone with responses

EXHIBIT 3:      A six page email thread beginning with an email from plaintiffs' counsel dated November 29, 2018

EXHIBIT 4:      A 2-page email from Bolin to Johnson dated December 4, 2018

EXHIBIT 5:      A 1-page email from Bolin to Johnson on December 5, 2018

PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 11
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

1   EXHIBIT 6:    An email dated December 10, 2018, from Bolin to Johnson

2   EXHIBIT 7:    An email dated December 18, 2018, From Bolin to Johnson re:
3   "grossly inadequate" discovery responses

4   EXHIBIT 8:    Letter from Bolin to Johnson and others, dated January 23, 2019

5   EXHIBIT 9:    Letter from Bolin to Johnson and others, dated January 29, 2019

6   **Certification of Good Faith Conference Pursuant to LCR 37(a).**

7   On January 3, 2019, plaintiffs' counsel and Keystone's counsel participate in a 45

8   minute phone conversation, during which plaintiffs' counsel attempted to reach resolution

9
10   of the discovery disputes framed in the instant motion. The conference was conducted

11   by plaintiffs' counsel in good faith and memorialized in an email and 14-page letter, dated

12   January 29, 2019. To date, Keystone has provided little or no substantive response to the

13   telephonic conference, the emails, or 14-page letter.

14   RESPECTFULLY SUBMITTED this 7th day of February, 2019.

15   **LAW OFFICES OF EUGENE N. BOLIN, JR., P.S.**
By: s/Eugene N. Bolin, Jr.
16   Eugene N. Bolin, Jr., WSBA #11450
Law Offices of Eugene N. Bolin, Jr., P.S.
17   144 Railroad Ave., Suite #308
Edmonds, WA  98020
18   Telephone: 425-582-8165
Fax:  888-527-2710
19   Email:  eugenebolin@gmail.com

20
21   Co-Counsel for Plaintiffs

22

23

24

25

PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 12
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

# DECLARATION OF SERVICE

I hereby certify that on the 7th day of February, 2019, I caused the foregoing document to be filed with the Clerk of the Court via the CM/ECF system.  In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Joseph P. Corr, WSBA #36584
Corr Downs PLLC
100 W Harrison St., Ste. N440
Seattle, WA  98119-4163
Phone:  206-962-5042
jcorr@corrdowns.com

James C. Percy (*pro hac vice*)
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA   70809
jpercy@joneswalker.com
Telephone:  225-248-2130

Ryan E. Johnson (*pro hac vice*)
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA   70809
rjohnson@joneswalker.com
Telephone:  225-248-2080

Attorneys for Defendant Keystone RV
Company

I affirm under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

DATED this 7th day of February, 2019, at Edmonds, WA.

**LAW OFFICES OF EUGENE N. BOLIN, JR., P.S.**
s/Eugene N. Bolin, Jr.
Eugene N. Bolin, Jr., WSBA #11450
Attorney for Plaintiffs
144 Railroad Ave., Ste. 308
Edmonds, WA  98020
Email:  eugenebolin@gmail.com
425-582-8165

PLAINTIFFS' MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 13
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710