EXHIBIT 1

The Honorable Ronald B. Leighton

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUDITH COLE, a single person; LOUISE
MICHAEL, a single person; DAVID JOHNSON,
a single person,

Plaintiffs,

v.

KEYSTONE RV COMPANY, a foreign
business entity,

Defendants.

No. 3:18-cv-05182 RBL

**INTERROGATORIES AND
REQUESTS FOR PRODUCTION
OF DOCUMENTS TO KEYSTONE
RV COMPANY**

TO:        Any officer or agent designated by KEYSTONE RV COMPANY;

AND TO:    Joseph Corr, James C. Percy, and Ryan E. Johnson, Attorneys for
           Defendant Keystone RV Company.

**CAUTION: PLEASE READ CAREFULLY**

**YOUR ANSWERS TO THE FOLLOWING INTERROGATORIES AND
REQUESTS FOR PRODUCTION MAY BE USED AGAINST YOU AT THE TIME OF
TRIAL. BEFORE PROVIDING ANY ANSWERS, READ EACH OF THE FOLLOWING
INSTRUCTIONS FULLY AND COMPLETELY. YOUR SIGNATURE AT THE END OF
THIS DOCUMENT CERTIFIES THAT YOU HAVE DONE SO, AND THAT THE
ANSWERS YOU HAVE PROVIDED COMPLY WITH THESE INSTRUCTIONS.**

In accordance with Fed. R. Civ. P. 26, 33 and 34, please answer the following
interrogatories and requests for production separately and fully, under oath, within thirty
(30) days of the date of service upon you.

**PLAINTIFFS' INTERROGATORIES
AND REQUESTS FOR PRODUCTION TO
KEYSTONE - 1**
3:18-cv-05182 RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA 98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

This is also a Request for Production pursuant to FRCP 34, of all written documents in whatever form which contain any facts referred to in the answers to Interrogatories and Requests for Production.  You are required to produce these items for inspection and copying at the offices of the undersigned attorney, at the address below stated, within thirty (30) days of service.  The Requests for Production may also be satisfied by providing true and accurate copies of those items to the undersigned prior to that date, at the offices of the undersigned attorney.  Simply provide a declaration by you or your records custodian certifying this, and the specific interrogatory or request for production for which each document is being produced.

The Interrogatories and Requests for Production herein apply to all information and items within the knowledge of each of the defendants, your attorneys, or your principals, partners, officers, directors, shareholders, employees, agents, volunteers, representatives, or any and all other persons acting on your behalf.

*These Interrogatories and Requests for Production are continuing and require supplemental answers upon discovery of additional pertinent information.*

If you wish, you may request an e-mail copy of these interrogatories formatted in *MS Word*, which will be provided by plaintiff(s) counsel.

## INTRODUCTION

A.      If the information requested herein is not reasonably available to defendants in precisely the form requested, or for the particular date or period of time specified, but could be supplied in a modified form or for a slightly different date or period, each defendant is requested to respond by stating the extent, if any, to which the records and information reasonably available to each defendant contain information on the subject matter and to give the best approximation or estimate of the information that each defendant is able to make on the basis of the available records and information.

B.      If the information is not available, state the efforts that were made to obtain the information and state the other source or sources from which the information might be obtained.

PLAINTIFFS' INTERROGATORIES
AND REQUESTS FOR PRODUCTION TO
KEYSTONE - 2
3:18-cv-05182 RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

C.      When in answering any Interrogatory herein, and defendants are called upon to identify a document, defendants are requested and required to; 1) identify the person who originated or prepared the document; 2) state the date of the document if it is dated or the date when it was prepared if it is undated; 3) to describe the type of document, to summarize its contents; 4) state the number of its pages, and; 5) to identify its present location or custodian. *In the event that any document at one time was in any defendant's possession, custody, or control, but is no longer in each defendant's possession, custody or control, state what the disposition of the document was, the reason for such disposition and the date on which the disposition was made.*

D.      When answering any Interrogatory herein where you are called upon to identify a person who has not previously been identified, state the person's name, residence address and telephone number, business address and telephone number, occupation, the name of the person's spouse, if any, and the business and other relationships, if any, between each defendant and the person being identified.

E.      For purposes of this discovery, the word *"documents"* includes, but is not limited to, all written *documents*, emails, notes, records, medical records, counseling records, diaries, journals, calendars, tape recordings, electronic or magnetic media, video tape, minutes of meetings, recorded statements, files, reports, resumes, curriculum vitaes, investigations, correspondence, articles, blue prints, design drawings, sketches, computer-aided design (CAD) drawings, illustrations news items, recorded presentations of any kind, literature, flyers, mailers, letters, transcripts, recorded conversations, transcribed conversations, books, pamphlets, brochures, check registers, canceled checks, accounting books, receipts, bills, fee statements, promissory notes, contracts, agreements, computer-generated *documents*, printouts, computer data, photographs, video tape, undeveloped film, color slides, drawings, sketches, illustrations, physical evidence, and any and all other things or materials of whatever kind or description.  This definition is expressly intended to include duplicates, copies, facsimiles, or other reproductions of original things or materials.

F.      Where defendants are called upon to identify specific *documents,* the *documents* may be attached to the answers hereto in copy, with a reference to such copy

PLAINTIFFS' INTERROGATORIES
AND REQUESTS FOR PRODUCTION TO
KEYSTONE - 3
3:18-cv-05182 RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

in the answer, and such *documents* need not be identified, but the date of preparation of any undated *document* must be stated, and the custodian of the *document* must be identified.

G.     If any of the information requested is not furnished because of a claim of privilege or if any of the *documents* identified are claimed to be privileged, please identify such information or *document* with sufficient particularity to enable the defendants to bring this matter before the court and state the nature of the privilege claimed and the complete factual basis for the claim.

H.     This discovery is directed to each and every defendant above-named. Reference to "you" or "your" refers to the defendant to whom this document is directed, whether it is an organization, entity or person, and their principals, partners, employees, officers, directors, shareholders, agents, volunteers, representatives, and/or attorneys.

I.     "Identify" or "identity" or "identification," when used in reference to a firm, partnership, incorporated or unincorporated association, or other legal or commercial entity, asks you to state: 1) its name; 2) its nature, e.g., firm, partnership, profit making corporation, fraternal association, etc.; 3) its present of last known address; 4) if incorporated, licensed or otherwise registered as required by law, the place of incorporation, licensing, or other registration, e.g., city, state, province, etc.; and 5) its present or last known principal place of business.

J.     In your answer to any Interrogatory or Request for Production herein, you may not respond with the abbreviation "N.A.," "not applicable," or any similar answer.  If you cannot respond to a specific Interrogatory or Request for Production because you believe the question is not applicable for any reason, then please state with specificity why you believe such is the case.

K.     If you are a corporation, partnership, association or government agency, these Interrogatories must be answered by a speaking agent pursuant to FRCP 30(b)(6), who is fully and completely authorized to answer on behalf of the defendant to whom this pleading is directed.  If a speaking agent other than that identified in Interrogatory No. 1

PLAINTIFFS' INTERROGATORIES
AND REQUESTS FOR PRODUCTION TO
KEYSTONE - 4
3:18-cv-05182 RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone:  425-582-8165
Toll Free / Fax: 888-527-2710

1    answers any of the following interrogatories or requests, then identify such speaking agent

2    in your answer.

3          L.      Unless the following Interrogatories or Requests for Production specifically set

     forth a time frame for which particular information or *documents* are sought, please provide

4    the information or *documents* requested for the ten-year period preceding your receipt of

5    these Interrogatories.

6          M.      Keystone RV refers to any recreational vehicle designed, or manufactured,

     or distributed, or sold, by Keystone RV.

7          N.      Keystone refers to the defendant herein.

8          O.      References to "living in a Keystone RV," and similar phrases, means

9    spending all or most of one's time in a Keystone RV.

10          DATED this 16th day of October, 2018.

11                              LAW OFFICES OF EUGENE N. BOLIN, JR., PS

12

13                              Eugene N. Bolin, Jr., WSBA No. 11450
                                Attorney for Plaintiffs
14

15   **INTERROGATORY NO. 1:**      Please define with specificity the term "prolonged

16   occupancy" as that term is used in Keystone owners manuals and described in the

     complaint.
17   **ANSWER:**

18

19

20

21   **INTERROGATORY NO. 2:**      Please identify all persons and entities who have

22   sold Keystone RVs in Washington in the last five years.  This interrogatory includes, but

     is not limited to, Keystone authorized dealers.
23   **ANSWER:**

24

25
     **PLAINTIFFS' INTERROGATORIES**                    Law Offices of Eugene N. Bolin, Jr., P.S.
     **AND REQUESTS FOR PRODUCTION TO**                 144 Railroad Avenue, Suite 308
     **KEYSTONE - 5**                                   Edmonds, WA  98020
     3:18-cv-05182 RBL                                  Phone:  425-582-8165
                                                        Toll Free / Fax: 888-527-2710

1

2

3                                                    HONORABLE RONALD B. LEIGHTON

4

5

6

7                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
8                                        AT TACOMA

9    JUDITH COLE, a single person; LOUISE      )
     MICHAEL, a single person; DAVID           )
10   JOHNSON, a single person,                 )    NO. 3:18-CV-05182-RBL
                                               )
11                          Plaintiffs,        )
                                               )    **KEYSTONE RV COMPANY'S**
12                                             )    **RESPONSES AND OBJECTIONS TO**
                                               )    **PLAINTIFF'S FIRST**
13                     v.                      )    **INTERROGATORIES AND**
                                               )    **REQUESTS FOR PRODUCTION OF**
14   KEYSTONE RV COMPANY, LLC, a foreign       )    **DOCUMENTS**
15   business entity,                          )
                                               )
16                          Defendant.         )
                                               )
17                                             )

18          Defendant Keystone RV Company ("Keystone"), incorrectly identified as "Keystone RV

19   Company, LLC,"[1] responds to plaintiffs' first set of interrogatories and requests for production of

20   documents, served on October 16, 2018, as follows:

21

22

23

24   _____
     [1] The named plaintiffs allege that they purchased products manufactured and sold by Keystone RV. In addition, the
25   product lines identified in the Complaint are all manufactured by Keystone and not one of its divisions. *See* Complaint
     and Amended Complaint, ¶¶1.3. For these reasons, Keystone interprets these discovery requests to seek information
26   and documents from Keystone RV and about its products, and not products manufactured by one its other product
     divisions.

     KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS              CORR|DOWNS PLLC
     TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS           100 WEST HARRISON STREET
     FOR PRODUCTION OF DOCUMENTS - 1                             SUITE N440
     NO. 3:18-cv-05182-RBL                                       SEATTLE, WA 98119
                                                                 206.962.5040

## KEYSTONE'S OBJECTION TO REQUEST FOR

## ELECTRONICALLY STORED INFORMATION ("ESI OBJECTION")

Keystone objects to those interrogatories and requests for production that require Keystone to search and gather "documents" based on the definition of that term which includes all emails, "computer generated documents," "computer data," as well as "all other things or materials of whatever kind or description." As written and used in the discovery requests set out below, that definition of documents is overly broad, unduly burdensome and not proportional to the needs of this case, as required by Fed. R. Civ. P. 26.

To evaluate the objectionable nature of the plaintiffs' request, Keystone conducted a preliminary search of its stored *emails* only that might be responsive to the broadly worded requests made by plaintiffs. Keystone conducted this preliminary search using 25 search terms and phrases which it formulated predominantly based on the terminology used in plaintiffs' requests. The table below shows the search terms/phrases and estimated number of emails that were found using these terms:

| Search Term(s) | Estimated number of potentially responsive emails |
|---|---|
| Adverse Health Effects | 2,072 |
| Air Circulation | 14,714 |
| California Air Resources Board | 12,364 |
| CARB | 1,203,847 |
| Formaldehyde | 1,084,246 |
| Health Effects | 19,516 |
| Health Hazards | 18,599 |
| Indoor Air Quality | 19,234 |
| Leaks | 132,952 |
| Living | 479,975 |
| Major Injury | 18,358 |
| Mildew | 23,494 |

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 2
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

| Minor Injury | 18,358 |
|---|---|
| Moisture | 4,661 |
| Mold | 171,129 |
| Occupancy | 48,728 |
| Personal Injury | 62,284 |
| Permanent Residence | 6,389 |
| Prolonged Occupancy | 10,169 |
| Residential | 260,071 |
| Residing | 18,358 |
| Respiratory Illness | 2,956 |
| Respiratory Problems | 3,292 |
| Ventilation | 33,847 |
| Water Leaks | 91,600 |
| TOTAL EMAILS | 4,965,160 |

If electronic files attached to these emails are also considered, that would significantly increase the numbers set out above.

To be clear, Keystone's preliminary search only *identified* the number of potentially responsive emails. Given the expense and length of time that would be involved, Keystone did not actually harvest these emails. In addition, Keystone notes that many of these emails had one or more documents attached to them which may contain the search terms/phrase. Thus, the number of responsive documents that would need to be reviewed and harvested would be significantly higher than the estimated numbers provided above.

Several of Keystone's searches (using the terms above) illustrate the over breadth and burdensomeness of plaintiffs' discovery requests which seek electronically stored information. For example, the term "mold" is used in Keystone's owner's manual and warranty documents. Similarly, the term "formaldehyde" is also used in Keystone's owner's manuals. Conducting an electronic searching with the terms "mold" or "formaldehyde" will potentially yield every single email to which an owner's manual is attached or which email refers to those terms. The fact that

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 3
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

an email is identified as having formaldehyde in its text or the owners' manual doesn't, by itself mean that email/document is relevant to the claims or defenses in this lawsuit.

As another example, the phrase "water leak," when searched, yielded a large number of emails and/or electronic files.  Those emails could (and likely will) include all emails and/or electronic files in Keystone's related to warranty claims where a customer simply had a water leak. Those files would not necessarily (and likely do not) involve any sort of health issues or complaints by the customer.  But the search would yield those emails and electronic files.

To search through all of its electronically stored information that might be returned in such a broad search, Keystone would not only have the burden of locating and harvesting millions of emails and electronic files, but Keystone would also have to review every one of the results to ensure that: (a) the emails and electronic files are responsive and within the permissible scope of discovery; and (b) the emails and files are not privileged.

Finally, Keystone notes that give the sheer number of emails that were located in its preliminary search that use the terms above or some variation or portion of those terms, Keystone has not yet undertaken a search of the other locations that might contain other electronically stored information, such as its network drives and/or individual hard drives of Keystone employees.  As written, plaintiffs' discovery requests purport to require a company-wide search of such locations and contain no limitations on the potential custodians and/or locations of documents.  Also, many of the requests, as specifically noted below, contain no date or geographic restrictions, nor do they contain restrictions based on the type of units.  Because of the architecture of Keystone's computer networks, which is estimated to contain a total of 12.5 terabytes (TB's) of data, Keystone would have to conduct burdensome and time-consuming manual searches of much of that data, in some

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 4
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

instances on a folder by folder or hard drive by hard drive basis, to gather responsive data.   That data would have to be reviewed for responsiveness and/or privilege.

Subject to all these objections, Keystone states that stands ready to work with the plaintiffs, with the involvement of the Court if necessary, to develop an electronic discovery protocol that is reasonable and balance the need for class certification-related discovery against the burdens imposed by the plaintiffs' pending discovery request.   Keystone refers plaintiffs to the model ESI order used by the Court, and which is referenced at paragraph 4(c) of the Joint Status Report and Discovery Plan which was submitted to the Court on June 11, 2018 (Rec. Doc. No. 22).   This order provides the framework for such a discovery protocol.

## OBJECTION TO PLAINTIFFS' DISCOVERY INSTRUCTIONS

Keystone specifically objects to (and incorporates by reference into each of its responses below) plaintiffs' statement in their instructions that "[t]his is also a Request for Production pursuant to Fed. R. Civ. P. 34, of all written documents in whatever form which contain any facts referred to and in the answers to Interrogatories and Requests for Production of Documents." This instruction does not meet the "reasonable particularity" requirement in Fed. R. Civ. P. 34(b).   In addition, this instruction is vague, overly broad and not proportional to the needs of this case, as required by Fed. R. Civ. P. 26.   Finally, as written, Keystone cannot determine what documents might be responsive to the plaintiffs' request.

## INTERROGATORY NO. 1:

Please define with specificity the term "prolonged occupancy" as that term is used in Keystone owners [sic] manuals and described in the complaint.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 5
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

**ANSWER TO INTERROGATORY NO. 1:**

Keystone objects to this interrogatory as vague and overly broad. Subject to these objections, Keystone states that its owner's manuals do not define the term "prolonged occupancy." This term is used, however, in the context of other provisions in the manuals that explain that Keystone recreational vehicles are designed for short-term recreational use, such as camping or other similar activities.

**INTERROGATORY NO. 2:**

Please identify all persons and entities who have sold Keystone RVs in Washington in the last five years. This interrogatory includes, but is not limited to, Keystone authorized dealers.

**ANSWER TO INTERROGATORY NO. 2:**

Keystone objects to this interrogatory as vague and overly broad as plaintiffs appear to be requesting that Keystone identify all sales of Keystone RVs of any type or nature, including not only new retail sales, but used sales, private, and auction sales. Keystone also objects because this interrogatory is not relevant to any of the parties' claims or defenses in the case, as required by FRCP 26 (b)(1), and is not proportional to the needs of this case.

Subject to these objections, Keystone is providing, pursuant to FRCP 33(d), a list of Keystone dealers in the state of Washington who have been authorized to sell, at retail, Keystone products within the last five years. *See* Keystone/Cole 000001.

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all agreements you have entered into with sellers of Keystone RV's in Washington, in the last ten (10) years.

**RESPONSE TO REQUEST FOR PRODUCTION NO: 1:**

Keystone objects to this request as vague and overly broad. Keystone also objects to this request on the grounds that it seeks commercially-sensitive and proprietary information regarding contracts between Keystone and its dealers. Keystone further objects because this request seeks agreements dating back for the last ten years. Plaintiff David Johnson purchased his 2014 Keystone Bullet 284RLSWE in 2014. Plaintiff Louise Michael purchased her 2016 Keystone Cougar 33MLS in 2016. Plaintiff Judith Cole also purchased her 2017 Keystone Passport 2200RBWE in 2016. Thus, any agreements going back ten years go beyond the scope of the allegations in this lawsuit. Finally, Keystone objects because this request is not relevant to any of the parties' claims or defenses in the case, as required by FRCP 26 (b)(1).

Subject to these objections, Keystone will produce copies of its written dealer agreements in place with the dealers who sold plaintiffs' their recreational vehicles which are the subject of this action, once the Court enters a mutually-acceptable protective order.

Based on the objections stated above, Keystone will not produce copies of agreements with its other Washington dealerships, as they are unrelated to the named plaintiffs' claims and/or class certification issues.

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INTERROGATORY NO. 3:**

Please identify all persons who have purchased Keystone RVs in Washington in the last five years.

**RESPONSE TO INTERROGATORY NO. 3:**

Keystone objects to this interrogatory as vague, overly broad and because it goes beyond the scope of class-certification related issues.  Plaintiffs appear to be requesting that Keystone identify all purchases of Keystone RVs of any type or nature, including not only new retail purchases, but also used, private, and auction purchases.  Keystone also objects because this interrogatory is not relevant to any of the parties' claims or defenses in the case, as required by FRCP 26 (b)(1), and is not proportional to the needs of this case as required by FRCP 26.  In addition, this request is unreasonably cumulative and/or duplicative of other requests herein. Keystone also objects to the interrogatory because it seeks private and confidential information about Keystone customers who, with the exception of the named plaintiffs, are not parties to this litigation.

Subject to these objections, Keystone states it has researched its wholesale and warranty records and is producing simultaneously herewith a list of the wholesale sales of Keystone products, listed by brand, to Keystone dealers in the state of Washington as well as retail warranty registrations in each year from November 1, 2008 to October 31, 2018.  *See* Keystone/Cole 000002.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 8
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**REQUEST FOR PRODUCTION NO. 2:**

Please provide all documents for each person identified in your answer to the preceding interrogatory.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Keystone objects to this request as vague, overly broad, burdensome, and incomprehensible as written (*i.e.*, use of the phrase "all documents for each person..."). Keystone also objects because this request is not relevant to any of the parties' claims or defenses in the case, as required by FRCP 26 (b)(1) and because it is not proportional to the needs of the case, as required by FRCP 26. Keystone also objects to this request because it goes beyond the scope of class-certification related issues and because it seeks private and confidential information about Keystone customers, who, with the exception of the named plaintiffs, are not parties to this litigation. Keystone also notes, as explained in response to Interrogatory No. 3 above, that it does not have information or documents about all purchases of Keystone RVs of any type or nature, including not only new retail purchases, but also used, private, and auction purchases.

Keystone also objects to this request because the burden imposed on Keystone in responding is not proportional to the needs of the case, as required by FRCP 26.

**INTERROGATORY NO. 4:**

Please identify all persons in Washington who have reported a respiratory illness to you in the last ten (10) years, while they occupied a Keystone RV.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 9
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

**RESPONSE TO INTERROGATORY NO. 4:**

Keystone objects to this interrogatory as vague, overly broad, and unduly burdensome. The term "respiratory illness" is not defined or explained.

Subject to these objections, Keystone states that it maintains a customer relationship management ("CRM") processing system and does record and maintain in that CRM system entries of consumer and dealer telephone calls to Keystone's service teams, as well consumer and dealer written communications such as letters and emails. As a result, the process of researching and potentially gathering the type of information sought by this interrogatory would require significant time-consuming research into numerous communications, both written and oral, received from Keystone customers and dealers for each VIN over a ten-year period, including a manual search of its CRM system and electronic unit files for each of the units sold. Keystone has manufactured and distributed at least 554,261 recreational vehicles since November 1, 2008. Such a request is not only overly broad, but it is unduly burdensome and not proportional to the needs of this case, as required by FRCP 26. Moreover, in researching its information, Keystone would only be speculating what type of information fits into the vague definitions of respiratory illness, adverse health effects, health hazards, health risks, and other similar claims of health-related concerns.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents which contain a report as described in the preceding interrogatory, which you have received in the last ten (10) years.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 10
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2

3
Keystone incorporates by reference its responses and objections to Interrogatory No. 4

4
above.  In addition, Keystone incorporates by reference its ESI Objection above.  Subject to these

5
objections, Keystone states that it cannot determine the full extent of what documents may be

6
responsive to this request.

7
**REQUEST FOR PRODUCTION NO. 4:**

8
Please produce all responses you have transmitted to consumers who have reported a

9
respiratory illness to you in the ten (10) years.

10
**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

11
Keystone incorporates by reference its responses and objections to Interrogatory No. 4 and

12

13
Request for Production No. 3, above.  In addition, Keystone incorporates by reference its ESI

14
Objection above.  Subject to these objections, Keystone is producing copies of its unit file for the

15
Ms. Cole which may contain documents that are responsive to this request.  Keystone has redacted

16
certain proprietary and commercially-sensitive pricing information from these documents.  *See*

17

18

19

20

21

22

23

24

25

26

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 11
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

Keystone/Cole 003594 to 004210.    Other than those documents, Keystone states that it cannot determine what documents may be responsive to this request, as its worded.

In addition, while not responsive to this request, Keystone is also producing copies of its unit files for the other named plaintiffs.  *See* Keystone/Cole 004211-004393 (Johnson) and Keystone/Cole 004394 to 004591 (Michael).

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all documents you have created in the last ten years, which inform consumers with a history of respiratory problems that they should not buy or occupy Keystone RVs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Keystone objects to this request as vague, overly broad and because it is not limited to class certification issues or the named plaintiffs in this action.  Keystone also incorporates by reference its ESI Objection above.

Subject to these objections, Keystone states there are no documents created by Keystone in the last ten years which are responsive to this request, as it is worded.  However, Keystone has provided copies of its owners' manuals for the named plaintiffs' recreational vehicles which contain information advising consumers to consult a doctor if they have concerns regarding indoor air quality issues and health risks related to their recreational vehicles. See Keystone/Cole 000289-000753.  In particular, Chapter 3 of Keystone's owner's manuals, from and after April 1, 2013 (2014 model year), describes the effects of prolonged occupancy and indoor air quality and contains a "Caution" which provides that:

> Your recreational vehicle was designed primarily for recreational use and short-
> term occupancy. Prolonged Occupancy can lead to premature component

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 12
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1
2
wear/failure and create conditions, which if not managed properly, may be hazardous to your health and/or cause significant damage to your recreational vehicle. These types of "Damage" are NOT covered under the Limited Warranty.

3
4
5
6
7
Likewise, also included in Chapter 3 of the owner's manuals provided with Keystone's recreational vehicles from and after April 1, 2013 (2014 model year), Keystone highlighted specific recommendations from both the Centers for Disease Control ("CDC") and the Environmental Protection Agency ("EPA") about improving indoor air quality.

8
9
10
Keystone's owner's manuals from and after April 1, 2013 (2014 model year) specifically contain a section on formaldehyde and recreational vehicles.  The following statements are included in that section:

11
12
13
"Some people are very sensitive to formaldehyde while others may not have any reaction to the same levels of formaldehyde. Formaldehyde is a colorless, pungent-smelling gas that can cause watery eyes, burning sensations in the eyes and throat, nausea, and difficulty breathing."…

14
15
16
"Finally, we recommend that you do not smoke inside your recreational vehicle. In addition to causing damage to your recreational vehicle, tobacco smoke releases formaldehyde and other air pollutants."….

17
"If you have any questions regarding the health effects of formaldehyde or any other air pollutants, please consult your doctor or local health department."

18
19
20
Finally, Keystone notes that its owner's manuals are available on the Keystone company website:  https://www.keystonerv.com/owners/owners-manuals/.

21
**INTERROGATORY NO. 5:**

22
23
24
25
Please identify each lawsuit filed in the last ten (10) years, where Keystone was named as a defendant and a plaintiff alleged that a respiratory illness was caused or made worse, by occupying a Keystone RV.

26

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 13
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

**RESPONSE TO INTERROGATORY NO. 5:**

Keystone objects to this interrogatory as vague, overly broad, and because it seeks information not related to class-certification issues and goes beyond the scope of the proposed class.

Subject to these objections, Keystone states that other than the instant cause of action and a previous lawsuit filed by plaintiff David Johnson entitled "David Johnson v. Keystone RV Company, et. al," Pierce County Superior Court, Washington, Cause No. 15-2-11141-3 (the "*Johnson litigation*"), which lawsuit was voluntarily dismissed by plaintiff, and this current lawsuit, it is not aware of any litigation in the state of Washington in which a plaintiff alleged "that a respiratory illness was caused or made worse, by occupying a Keystone RV."

Further, subject to these objections, Keystone states that it was a party to the multi-district litigation entitled "In Re: FEMA Trailer Formaldehyde Litigation, MDL 1873, ED of Louisiana." That litigation related to emergency housing purchased by FEMA and provided to displaced residents after Hurricane Katrina hit the Gulf Coast in 2005. Plaintiffs in that multi-district litigation and the hundreds of individual lawsuits within in it alleged, generally, that recreational vehicles, including those manufactured by Keystone, contained unhealthy levels of formaldehyde and chemicals. Information regarding that litigation is available via the federal PACER electronic records system, as well as one the Court's website (at no charge): http://www.laed.uscourts.gov/FEMA07md1873/FEMAtrailer.htm.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 14
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1

2 **REQUEST FOR PRODUCTION NO. 6:**

3 Please provide all documents which reference each lawsuit identified in your answer to the

4 preceding interrogatory.

5

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

7 Keystone objects to this request as vague, overly broad, and because the burden imposed

8 by this request is not proportional to the needs of the case, as required by FRCP Rule 26. Keystone

9 also objects because, as worded, this request calls for the production of documents which are

10 protected by the attorney-client privilege and/or work product doctrine.

11 As further explanation, Keystone states that as written, this request not only asks for copies

12 of lawsuits identified in response to Interrogatory No. 5, but also "all documents" which reference

13 such lawsuits. The formaldehyde MDL in the Eastern District of Louisiana included hundreds of

14 individual lawsuits with approximately 2,400 individual claims against Keystone.[2] So, if this

15 request is interpreted literally, it could require production of hundreds of thousands of documents

16 which reference the MDL, some of which are protected by the attorney-client privilege and/or

17 work product doctrine. The documents in Keystone's custody which simply "reference" the MDL

18 will have little or no relevance to the issues and claims in this lawsuit. The burden of reviewing

19 and producing the responsive documents would be crushingly time consuming and expensive, and

20 out of proportion to the needs of the present case. However, more information regarding the MDL

21 can be found and printed (at no charge) from the Court's website:

22 http://www.laed.uscourts.gov/FEMA07md1873/FEMAtrailer.htm.

23

24

25

26 _____

[2] This is an estimated number of claims.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 15
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1
2
3
4
5

Additionally, Keystone notes that plaintiffs (and their counsel) have already obtained discovery in the context of the *Johnson* litigation, and should already have documents that are relevant to that litigation. *See* KRV 000001-002124, which were produced in the context of that litigation. If the plaintiffs need additional copies of this documents, Keystone can provide them.

6
7

**INTERROGATORY NO. 6:**

8
9

Please identify all brand names under which you have manufactured or sold RVs in Washington in each of the last ten (10) years.

10

**RESPONSE TO INTERROGATORY NO. 6:**

11
12
13
14
15
16
17
18
19
20
21

Keystone objects to this interrogatory as vague, overly broad, and because it goes beyond the scope of class-certification related issues. Keystone notes that it has not "sold" any recreational vehicles directly to consumers in Washington during the period specified in this interrogatory. Plaintiffs appear to be requesting that Keystone identify all sales of Keystone RVs of any type or nature, including not only new retail sales, but also used, private, and auction sales. Keystone also objects because this interrogatory is not relevant to any of the parties' claims or defenses in the case, as required by FRCP 26 (b)(1). Keystone also objects to this request because it is not proportional to the needs of this case, as required by FRCP 26. In addition, this request is unreasonably cumulative and/or duplicative of other requests herein.

22
23

Subject to these objections, Keystone will produce, simultaneously with the answers to this discovery, a list of recreational vehicles, by brand, manufactured by Keystone and wholesale

24
25
26

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 16
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

sold/distributed to its Washington dealers beginning on November 1, 2008 and ending on October 31, 2018. *See* Keystone/Cole 000002.

**INTERROGATORY NO. 7:**

How many RVs have you sold in the State of Washington since March 1 of 2014?

**RESPONSE TO INTERROGATORY NO. 7:**

Keystone objects to this interrogatory as vague, overly broad, and because it goes beyond the scope of class-certification related issues. Keystone notes that it has not "sold" any recreational vehicles directly to consumers in Washington during the period specified in this interrogatory. Plaintiffs appear to be requesting that Keystone identify all sales of Keystone RVs of any type or nature, including not only new retail sales, but also used, private, and auction sales. Keystone also objects because this interrogatory is not relevant to any of the parties' claims or defenses in the case, as required by FRCP 26 (b)(1). Keystone also objects to this request because it is not proportional to the needs of this case, as required by FRCP 26. In addition, this request is unreasonably cumulative and/or duplicative of other requests herein.

Subject to these objections, Keystone will produce, simultaneously with the answers to this discovery, a list of recreational vehicles, by brand, manufactured by Keystone and wholesale sold/distributed to its Washington dealers beginning on March 1, 2014 and ending on October 31, 2018. *See* Keystone/Cole 000003.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 17
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1

2    **REQUEST FOR PRODUCTION NO. 7:**

3       Please provide all documents which confirm the total number of RVs you have sold in

4
Washington since March 1 of 2014.

5
     **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6
7       Keystone objects to this request as vague and overly broad.  Keystone also objects to this

8    request because it is not proportional to the needs of this case, as required by FRCP 26.  In addition,

9    this request is unreasonably cumulative and/or duplicative of other requests herein.

10      As worded, the request seeks every document (both written and electronic) that "confirms"

11   the number of RVs that Keystone has sold during the specified period.  Interpreted literally, this

12
could require Keystone to locate and produce every production document, unit file, accounting

13
document, warranty-related document, and electronic communications of any type related to every

14
15   single unit sold during the specified period of time.  As described in the spreadsheets produced

16   herewith, Keystone sold 13,558 recreational vehicles to its Washington dealers from March 1,

17   2014 through October 31, 2018, not including its divisions.  The time and cost of identifying,

18
gathering and producing all these documents, some of which only exist in hard-copy, would be

19
excessive.  Moreover, the content of these documents will have marginal relevance to the issues

20
21   and claims in this lawsuit and the class-certification issues which have to be established.

22      Subject to these objections, Keystone directs plaintiffs to its answers to the preceding

23   interrogatories, including Interrogatory No. 7, and the documents identified in that answer.

24

25

26

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 18
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

**REQUEST FOR PRODUCTION NO. 8:**

Please provide all documents relating to the VINS for each RV you have sold in Washington since March 1 of 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Keystone objects to this request as vague, overly broad and because it goes beyond the scope of class-certification related issues. Keystone notes that it has not "sold" any recreational vehicles directly to consumers in Washington during the period specified in this interrogatory. Plaintiffs appear to be requesting that Keystone identify all sales by VIN of Keystone RVs of any type or nature, including not only new retail sales, but also used, private, and auction sales. Keystone also objects because this request is not relevant to any of the parties' claims or defenses in the case, as required by FRCP 26 (b)(1). Keystone further objects to this request because it is not proportional to the needs of this case, as required by FRCP 26. In addition, this request is unreasonably cumulative and/or duplicative of other requests herein.

Subject to these objections, Keystone directs plaintiffs to its answers to the preceding interrogatories.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all forms of owners [sic] manuals that you have created in the last five (5) years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Keystone objects to this request as vague, as the term "forms" is not defined or explained. Subject to these objections, *see* Keystone/Cole 0000289 to 000753. which includes Keystone

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 19
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

owner's manuals for model years 2015 through 2019. *See* also: https://www.keystonerv.com/owners/owners-manuals/

### REQUEST FOR PRODUCTION NO. 10:

Please produce a copy of each marketing brochure you have produced in the last five (5) years, which feature one or more Keystone RVs.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

*See* Keystone/Cole 001990 to 003591 which includes Keystone brochures for every brand manufactured and sold by Keystone for model years 2015 through 2019.

### REQUEST FOR PRODUCTION NO. 11:

Please produce all documents you have transmitted to your authorized dealers, or other sellers of Keystone RVs, in the last five (5) years, which references "prolonged occupancy" of Keystone RVs.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Keystone objects to this request as vague, overly broad and because it seeks information not related to class-certification issues and goes beyond the scope of the proposed class. Keystone also incorporates by reference the ESI Objection above.

Subject to these objections, Keystone is producing copies of its owner's manuals from 2015 to the 2019 owner's manual which refer to the phrase "prolonged occupancy." *See* Keystone/Cole 000289 to 000753.  Keystone also believes that its 2014 and 2018 Policy and Procedure Manuals may be responsive to this request, as worded. Keystone has labeled those documents as

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 20
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

Keystone/Cole 000009-000285.   Because those documents are not made available to the public,

Keystone objects to producing these documents until the Court enters a mutually-acceptable

protective order to protect the confidential, proprietary, and commercially sensitive nature of these

documents.     Keystone has provided a draft order to the plaintiffs' in connection with these

responses.

## REQUEST FOR PRODUCTION NO. 12:

Please produce all documents you have created, in the last five (5) years, which refers [sic]

to mold and/or mildew development in Keystone RVs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Keystone objects to this request as vague, overly broad, and because it seeks information

not related to class-certification issues and goes beyond the scope of the proposed class. Keystone

also incorporates by reference its ESI Objection above.

Subject to these objections, Keystone is producing a copy of an instruction form from May

of 2016 entitled "What to say.... What not to say" distributed by General Manager of Retail

Operations, Steve Holmes, to the retail service advisors which specifically provides, among other

things, instructions to the advisors on how to handle various customer topics of concern including

what to say when a customer complains that there is mold in their recreational vehicle. *See*

Keystone/Cole 004631 to 004632. Keystone is also producing copies of its owner's manuals from

2015 to 2019 which refer to the phrase (or similar variations thereof, depending on the year) "Tips

to Avoiding Condensation" and "Where There is Moisture, There May Be Mold." *See*

Keystone/Cole 000289 to 000651. Keystone also directs plaintiffs to its current website, under the

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 21
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

Owners – FAQs tab which contains a question on how to combat condensation and an answer on what can happen in the event condensation is ignored and tips for proper ventilation. https://www.keystonerv.com/owners/help-center-and-faqs/

In addition, Keystone directs plaintiffs to each year of the owner's manuals and notes that there is an exclusion from warranty coverage, generally, for any injury, loss or damage due to mold or fungi.

Keystone also directs plaintiffs to the "Care & Maintenance" sections in the owner's manuals which generally provide that care and maintenance of the recreational vehicle is an important step in maintaining the safety, dependability, and the appearance, both interior and exterior, of the recreational vehicle and that preventative maintenance is important to the life and enjoyment of any recreational vehicle as many problems can be caught before they occur (such as the maintenance of the roof, roof seams, window seals, slide rooms, and moldings to prevent water leaks and related damage and possible mold as a result of water leaks). Maintenance is an owner's responsibility.

Finally, subject to the objections set forth above, Keystone states that its CRM system, referenced above, may contain information from consumers regarding mold or mildew and Keystone RV products. Keystone's preliminary research on this information indicates that it would be required to conduct a manual search of all of its CRM system to locate documents that might be responsive to this request, as it is presently worded. Keystone objects to that process as overly burdensome and not proportional to the needs of this case.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 22
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

**REQUEST FOR PRODUCTION NO. 13:**

Please produce all documents you have created or received in the last ten (10) years, which refer to Keystone's efforts to eliminate or reduce moisture intrusion in Keystone RVs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Keystone objects to this request as vague, overly broad, and unduly burdensome. The phrase "moisture intrusion" is not defined. Keystone also objects because this interrogatory is not relevant to any of the parties' claims or defenses in the case, as required by FRCP 26 (b)(1) and because it is not proportional to the needs of this case, as required by FRCP 26. In addition, this request is unreasonably cumulative and/or duplicative of other requests herein.

Subject to these objections, Keystone is producing documents setting forth the National Fire Protection Association ("NFPA") 1192 standards on recreational vehicles, an RVIA handbook on NFPA §1192, the American National Standards Institute ("ANSI")/RVIA low voltage standards for conversion and recreational vehicles, NFPA 70 National Electric Code, and the Federal Motor Vehicle Safety Standards ("FMVSS") as well as the equivalent standards for recreational vehicles in Canada such as the Z240 Standards, all of which apply to the construction of Keystone recreational vehicles, including plaintiffs' vehicles. Keystone is producing copies of the NFPA code, RVIA handbook and Keystone Engineering document related to the NFPA and ANSI codes, with these responses. *See* Keystone/Cole 001248 to 001898, and 001899 to 001989.

In addition, Keystone is producing copies its sample pre-delivery inspection sheets (including systems checks) and dealer acceptance forms, and where available, completed forms for plaintiffs' vehicles which may be responsive to this request. *See* Keystone/Cole 000004 to 000007.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 23
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

Finally, Keystone objects to producing documents related to its quality control process which may be responsive to this request, until the Court issues a mutually-acceptable protective order to protect the confidential, proprietary, and commercially sensitive nature of these documents.   Keystone has provided a draft order to the plaintiffs' in connection with these responses.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all documents you have created or received in the last ten (10) years, which refer to Keystone's efforts to minimize or reduce the development of mold or mildew in Keystone RVs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Keystone objects to this request as vague, overly broad, and unduly burdensome.  Keystone also objects because this interrogatory is not relevant to any of the parties' claims or defenses in the case, as required by FRCP 26 (b)(1).  Keystone also objects to this request because it is not proportional to the needs of this case (as required by FRCP 26) and because this request is unreasonably cumulative and/or duplicative of other requests herein.  Keystone incorporates by reference its ESI objection above.

In addition, this does not appear to be a general request by plaintiffs for Keystone to produce information about its efforts in engineering or in its production processes to minimize or reduce the development of mold or mildew in Keystone products which, in and of itself, may be overly broad and unduly burdensome as well as seeking information beyond the scope of class-certification.  Rather, it appears plaintiffs are attempting to secure information on mold or mildew

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 24
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

on each and every Keystone RV (as defined by plaintiffs) including those Keystone RVs which have been the subject of a repair order and/or warranty claim, CRM notes, customer email, customer letter, lawyer demand, Better Business Bureau complaint, or attorney general complaint.

Finally, subject to the objections set forth above, Keystone states that its CRM system, referenced above, may contain information from consumers regarding mold or mildew and Keystone RV products.  Keystone's preliminary research on this information indicates that it would be required to conduct a manual search of all of its CRM system to locate documents that might be responsive to this request, as it is presently worded.

Keystone also incorporates its responses and objections to Document Request No. 12 above.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all documents you have created or received in the last ten (10) years, which refer to Keystone's efforts to minimize or reduce formaldehyde in Keystone RVs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Keystone objects to this request as vague, overly broad, and unduly burdensome. Keystone also objects because this interrogatory is not relevant to any of the parties' claims or defenses in the case, as required by FRCP 26 (b)(1).  Keystone also objects to this request because it is not proportional to the needs of this case, as required by FRCP 26.  In addition, this request is unreasonably cumulative and/or duplicative of other requests herein. Keystone also incorporates by reference its ESI Objection above.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 25
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

In addition, Keystone also objects to this request because it seeks documents contained in the files of Keystone's in-house counsel which are protected by the attorney client privilege and/or work product doctrine. Keystone has provided a privilege log in connection with these responses and its objections.

Subject to these objections, Keystone identifies the following documents that may be responsive to this request, as Keystone reasonably interprets it:

(a)    Manufacturer Safety Data Sheets for materials used in the named plaintiffs' recreational vehicles;  (b) owner's manuals for plaintiffs' recreational vehicles (as previously identified in response to requests for production above) and available on Keystone's website (see https://www.keystonerv.com/owners/owners-manuals/);    California    Air    Resource    Board specifications concerning formaldehyde emission levels for composite wood products, which included    hardwood    plywood,    particle    board,    and    medium    density    fiberboard    (see https://www.arb.ca.gov/toxics/compwood/compwood.htm). Keystone is producing with these responses copies of the documents listed above. *See* Keystone/Cole 000755 to 000794 (MDS Sheets) and Keystone/Cole 000868 to 001019 (CARB-related documents).

**REQUEST FOR PRODUCTION NO. 16:**

Unless already produced in response to another request, please produce all complaints (not lawsuits) in which a consumer has alleged the presence of mold or mildew in a Keystone RV.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Keystone objects to this request as overly broad and unduly burdensome. Keystone also incorporates by reference its ESI Objection above.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 26
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1   As worded, this request seeks copies of all "complaints" (a term that is not defined other

2   than to say it does not include lawsuits) in which any Keystone customer has alleged the presence

3   of mold or mildew in a Keystone recreational vehicle.  This request has no date limitation and it

4   not restricted to any particular geographical area, such as the state of Washington.  The burden and

5   cost to Keystone of locating and producing every document, arguably since the date that Keystone

6   was formed as a company, in which a customer has "alleged" complaints would be enormous and

7   extremely time consuming.  Moreover, this potentially large number of documents is not relevant

8   to the claims and defenses at issue in this lawsuit concerning the named plaintiffs and/or class

9   certification issues.

10  In addition, Keystone states that it maintains a customer relationship management

11  ("CRM") processing system and does record and maintain in that CRM system entries of consumer

12  telephone calls to Keystone's service teams, as well consumer written communications such as

13  letters and emails.  As a result, the process of researching and potentially gathering the type of

14  information sought by this interrogatory would require significant time-consuming research into

15  numerous communications, both written and oral, received from Keystone customers and dealers

16  for each VIN over a ten-year period, including a manual search of its CRM system and its

17  electronic unit files.  Keystone has manufactured and distributed at least 554, 261 recreational

18  vehicles since November 1, 2008.  Such a request is not only overly broad, but it is unduly

19  burdensome and not proportional to the needs of this case, as required by FRCP 26.  Moreover, in

20  researching its information, Keystone would only be speculating what type of information fits into

21  the vague definitions of respiratory illness, adverse health effects, health hazards, health risks, and

22  other similar claims of health-related concerns.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 27
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Further subject to these objections, and in an abundance of caution, Keystone identifies certain Washington state Attorney General complaints from August 2015 through the present which may be responsive to this request. *See* Keystone/Cole 004592 to 004632.

For complaints that may have been asserted before August 2015, Keystone objects to producing those documents based on the burden imposed on Keystone and because such documents may not be in the custody or control of Keystone. Because of the nature of its records before August 2015, Keystone would be required to conduct a manual search of all of its records to identify whether any such complaints were made. The plaintiffs could, much more easily and efficiently, submit a public records request for any such complaints, to cover the remaining time period (i.e., 2014) at issue in this lawsuit related to the claims brought on behalf of the proposed class. Although the plaintiffs could request such documents, Keystone is also in the process of making a public records request to the Washington Attorney General's Office for any such complaints within the past 10 years and will supplement this response, if appropriate, if any responsive documents are received.

## REQUEST FOR PRODUCTION NO. 17:

Please produce all documents you have created or received in the last ten (10) years, which refer in whole or part to moisture intrusion in RVs as a cause of respiratory illnesses.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Keystone objects to this request as vague, overly broad, and because it is not proportional to the needs of this case, as required by FRCP 26. This request is also objectionable because it is: (a) not limited by geographic location; (b) not limited to Keystone recreational vehicles; and (c) is

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 28
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1   not limited to class-certification issues.  Keystone also incorporates by reference its ESI Objection
2   above.

3           Subject to these objections, Keystone is not aware of any documents in its possession that
4   particularly "refer in whole are part to moisture intrusion in RVs as a cause of respiratory
5   illnesses", other than the *Johnson litigation* and plaintiffs' complaint which is the subject of this
6   cause of action.

7           Further subject to these objections, and in an abundance of caution, Keystone identifies
8   certain Washington state Attorney General complaints from August 2015 through the present
9   which may be responsive to this request.  *See* Keystone/Cole 004592 to 004632.     As also
10  explained in its response to Request No. 16 above, for complaints that may have been asserted
11  before that, Keystone objects to producing those documents based on the burden imposed on
12  Keystone.  Because of the nature of its records before August 2015, Keystone would be required
13  to conduct a manual search of all of its records to identify whether any such complaints were made.
14  The plaintiffs could, much more easily and efficiently, conduct a public records request for any
15  such complaints, to cover the remaining time period (*i.e.*, 2014) at issue in this lawsuit related to
16  the claims brought on behalf of the proposed class.

17          For complaints that may have been asserted before August 2015, Keystone objects to
18  producing those documents based on the burden imposed on Keystone and because such
19  documents may not be in the custody or control of Keystone.  Because of the nature of its records
20  before August 2015, Keystone would be required to conduct a manual search of all of its records
21  to identify whether any such complaints were made.  The plaintiffs could, much more easily and
22  efficiently, submit a public records request for any such complaints, to cover the remaining time

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 29
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

period (i.e., 2014) at issue in this lawsuit related to the claims brought on behalf of the proposed class. Although the plaintiffs could request such documents, Keystone is also in the process of making a public records request to the Washington Attorney General's Office for any such complaints within the past 10 years and will supplement this response, if appropriate, if any responsive documents are received.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce all documents you have created or received in the last ten (10) years, which refer in whole or part to mold and mildew as a cause of respiratory illnesses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Keystone objects to this request as vague, overly broad, and unduly burdensome and because it is not proportional to the needs of this case, as required by FRCP 26. This request is also objectionable because it is: (a) not limited by geographic location; (b) not limited to Keystone recreational vehicles; and (c) is not limited to class certification issues. Keystone also incorporates by reference its ESI Objection above.

Subject to these objections, see Keystone's answer to Request for Production No. 12. Keystone's owner's manuals refer to mold, mildew, and other indoor air quality issues. Otherwise, Keystone is not aware of any documents in its possession that particularly "refer in whole or part to mold and mildew as a cause of respiratory illnesses", other than the *Johnson litigation* and plaintiffs' complaint which is the subject of this cause of action.

Further subject to these objections, and in an abundance of caution, Keystone identifies certain Washington state Attorney General complaints from August 2015 through the present which may be responsive to this request. See Keystone/Cole 004592 to 004632. For complaints

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 30
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

that may have been asserted before that, Keystone objects to producing those documents based on the burden imposed on Keystone. Because of the nature of its records before August 2015, Keystone would be required to conduct a manual search of all of its records to identify whether any such complaints were made. The plaintiffs could, much more easily and efficiently, conduct a public records request for any such complaints, to cover the remaining time period (*i.e.*, 2014) at issue in this lawsuit related to the claims brought on behalf of the proposed class. Although the plaintiffs could request such documents, Keystone is also in the process of making a public records request to the Washington Attorney General's Office for any such complaints within the past 10 years and will supplement this response, if appropriate, if any responsive documents are received.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce all documents you have created or received in the last ten (10) years, which refer in whole or part to formaldehyde as a cause of respiratory illnesses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Keystone objects to this request as vague, overly broad, and because it is not proportional to the needs of this case, as required by FRCP 26. The term "respiratory illnesses" is not defined. This request is also objectionable because it is: (a) not limited by geographic location; (b) not limited to Keystone recreational vehicles; and (c) is not limited to class certification issues. Finally, Keystone objects to this request because, as worded, it calls for the production of documents which are protected by the attorney-client privilege and work-product doctrine, including documents related to the present litigation. Keystone also incorporates by reference its ESI Objection above.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 31
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

Subject to these objections, Keystone directs plaintiffs to its owner's manuals which are being produced in connection with these responses. Keystone's owner's manuals contain a section regarding formaldehyde and recreational vehicles. That section explains various issues and concerns regarding formaldehyde and health issues related to formaldehyde. Otherwise, Keystone is not aware of any documents in its possession that particularly "refer in whole or part to formaldehyde as a cause of respiratory illnesses."

Keystone also states that documents it generated or received in the Formaldehyde MDL litigation (No. 1873), the *Johnson litigation*, and/or the instant lawsuit might be responsive to this request, as worded. As discussed above, formaldehyde MDL litigation involved huge numbers of documents. For more information, see http://www.laed.uscourts.gov/FEMA07md1873/FEMAtrailer.htm  In addition, producing copies of all documents that Keystone received or generated in that litigation would require review and production of tens of thousands of additional pages of documents. Keystone assumes that plaintiffs' request is not intended to be interpreted so broadly, and therefore is not producing those documents related to the MDL.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce all class action complaints filed in the last ten (10) years, by or on behalf of one or more consumers alleging a personal injury, in which you have been named as a defendant.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 32
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Keystone objects to this request as overly broad and because it seeks documents which are not relevant to the claims and defenses at issue in this lawsuit and because it seeks information not related to class-certification issues and goes beyond the scope of the proposed class.

Subject to these objections, other than plaintiffs' complaint which is the subject of this action, Keystone directs plaintiffs to those cases filed in "In Re:  FEMA Trailer Formaldehyde Litigation, MDL 1873, ED of Louisiana." Those cases can be obtained through the federal PACER electronic records system.  Some of those cases were filed as class actions and others were filed as mass-joinder of claims. For more information, *see* http://www.laed.uscourts.gov/FEMA07md1873/FEMAtrailer.htm

**INTERROGATORY NO. 8:**

Please identify with specificity all health risks to consumers which are associated with "prolonged occupancy" of Keystone RVs.

**RESPONSE TO INTERROGATORY NO. 8:**

Keystone objects to this interrogatory as overly broad, vague, abstract, and incomprehensible, as written.  The phrase "all health risks to consumers" is not defined. In addition, this interrogatory is unreasonably cumulative and/or duplicative of other discovery requests herein. Subject to these objections, although Keystone is not a health care institution and does not employ health care professionals, Keystone states that it is not aware of any "health risks" and does not have general knowledge of "health risks" associated with the use or prolonged occupancy of a Keystone recreational vehicle other than its general knowledge of the effects of

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 33
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

prolonged occupancy are described in the various owner's manuals produced by Keystone simultaneously with these discovery responses. *See* Keystone/Cole 000289 to 000651. *See also* Keystone's response and objections to Interrogatory No. 1, which are incorporated by reference herein.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all documents you have created or received from any source in the last ten (10) years, which describe any of the health risks to consumers described in your answer to the preceding interrogatory.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Keystone objects to this request as overly broad, unduly burdensome and vague and because it is not proportional to the needs of this case, as required by FRCP 26. The phrase "any of the health risks to consumers" is not defined. In addition, this request is unreasonably cumulative and/or duplicative of other requests herein. Subject to these objections, Keystone states that, by and through the filing of this cause of action, Keystone has allegedly received a document which describes a "health risk to consumers" although that term is not defined by and through the above interrogatory. Keystone also incorporates by reference its ESI Objection above. Keystone also incorporates by reference its response and objections to Interrogatory No. 8 above.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce all documents you have created or received in the last ten (10) years, which contain or refer to scientific or medical research regarding the health risks to consumers of "prolonged occupancy" of Keystone RVs.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 34
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Keystone objects to this request as overly broad, unduly burdensome, and vague and because it is not proportional to the needs of this case, as required by FRCP 26.   The phrases/terminology contained in the request, referring to "scientific or medical research" and "health risks to consumers" are not defined.  In addition, this request is unreasonably cumulative and/or duplicative of other requests herein.  Keystone also incorporates by reference its ESI Objection above.

Subject to these objections, Keystone again directs plaintiffs to its owner's manuals which make reference to the effects of prolonged occupancy. *See* Keystone/Cole 000289 to 000651. Other than those documents, Keystone is not aware of other documents which it "created" or "received" "which contain or refer to scientific or medical research regarding the health risks to consumers of prolonged occupancy of Keystone RVs."

**REQUEST FOR PRODUCTION NO. 23:**

Please produce all documents you have created or received in the last ten (10) years, which contain or refer to statistical analyses regarding the health risks to consumers of "prolonged occupancy" of Keystone RVs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Keystone objects to this request as overly broad, unduly burdensome, and vague and because it is not proportional to the needs of this case, as required by FRCP 26.   The phrases/terminology contained in the request, referring to "statistical analyses" and "health risks to consumers" are not defined.   In addition, this request is unreasonably cumulative and/or

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 35
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

duplicative of other requests herein. Keystone also objects to this request because it is: (a) not limited by geographic location; and (b) is not limited to class-certification issues. Finally, Keystone incorporates by reference its ESI Objection above.

Subject to these objections, Keystone states that, as it interprets the meaning of this request, Keystone has not created or received in the last ten (10) years, any documents which contain or refer to statistical analyses regarding the health risks to consumers of "prolonged occupancy" of Keystone RVs.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce all consumer reports (not lawsuits) you have received in the last ten (10) years, which complain of adverse health effects from the "prolonged occupancy" of Keystone RVs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Keystone objects to this request as overly broad, unduly burdensome, and vague and because it is not proportional to the needs of this case, as required by FRCP 26.   The phrases/terminology contained in the request, referring to "consumer reports" and "adverse health effects", are not defined.   In addition, this request is unreasonably cumulative and/or duplicative of other requests herein. Keystone also objects to this request because it is: (a) not limited by geographic location; (b) is not limited to the named plaintiffs; and (c) is not limited to class-certification issues.

Locating potentially responsive documents would require significant time-consuming research into every communication, both written and oral, received from Keystone customers and dealers for each VIN over a ten-year period, including a manual review of its CRM system and

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 36
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

electronic unit files.  Keystone has manufactured and distributed at least 554,261 recreational vehicles since November 1, 2008.  Such a request is not only overly broad, but it is unduly burdensome.  Moreover, Keystone would only be guessing into what type of information fits into the vague definition of "consumer reports" and "health risks".  Finally, Keystone incorporates its ESI Objection above.

*See also* Keystone's answers to Interrogatory No. 4 and Request No. 21.

## REQUEST FOR PRODUCTION NO. 25:

Please produce all documents you have created or received in the last ten (10) years, which are, or refer to, lawsuits by consumers which complain of adverse health effects from living in a Keystone RV.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Keystone objects to this request as vague and overly broad.  Keystone also objects to this request because it is: (a) not limited by geographic location; (b) is not limited to the named plaintiffs; and (c) is not limited to class-certification issues.  Keystone also objects to this request because the burden of producing responsive documents is not proportional to the needs of the case, as required by FRCP 26.  In addition, this request is unreasonably cumulative and/or duplicative of other requests herein. Keystone also objects to this request because, as worded, it calls for the production of documents which are protected by the attorney-client privilege and work-product doctrine, including documents related to the present litigation.  Finally, Keystone incorporates by reference its ESI Objection above.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 37
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Subject to these objections, Keystone directs plaintiffs to documents produced in the *Johnson* litigation which presumably are already in plaintiffs' counsel's possession and which may be responsive to this request. *See* KRV 000001-002124. Keystone can provide plaintiffs with an additional copy of these documents, if necessary. Further subject to these objections, Keystone states that it was a party to the multi-district litigation entitled "In Re: FEMA Trailer Formaldehyde Litigation, MDL 1873, ED of Louisiana." *See also* http://www.laed.uscourts.gov/FEMA07md1873/FEMAtrailer.htm. Other than these two actions, and as Keystone interprets this request based on the context of the request and the nature of the claims in this litigation, Keystone is not aware of other lawsuits which would be responsive to this request.[3]

### REQUEST FOR PRODUCTION NO. 26:

Please produce all documents which you have created or received in the last ten (10) years, which are, or refer to, complaints received by a governmental agency, reporting adverse health effects to consumers related to occupying a Keystone RV.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Keystone objects to this request as vague, overly broad, and unduly burdensome. In addition, the terms "adverse health effects" and "occupying" are not defined. Keystone also objects to this request because it is: (a) not limited by geographic location; (b) is not limited to the named plaintiffs; and (c) is not limited to class-certification issues. Keystone also objects to this

---

[3] Keystone also interprets this request to *not* call for the production of the voluminous number of documents, including litigation summaries, generated by Keystone in-house counsel during the six-year pendency of the FEMA MDL litigation which are clearly protected by the attorney-client privilege and work-product protection.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 38
NO. 3:18-cv-05182-RBL

**Corr|Downs PLLC**
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

request because the burden of producing responsive documents is not proportional to the needs of the case, as required by FRCP 26. Keystone also objects to this request because, as worded, it calls for the production of documents which are protected by the attorney-client privilege and work-product doctrine.

Subject to these objections, as Keystone interprets this request based on the context of plaintiffs' other discovery requests and claims, Keystone states that it is aware of three complaints made to the Washington Attorney General since August 2015 which may be responsive to this request. Keystone has produced documents related to those complaints in response to other discovery requests and identifies them here. *See* Keystone/Cole 004952 to 004632.

Keystone objects to producing information and documents related to complaints that may have been asserted before August 2015 because of the burden imposed on Keystone in locating that information and those documents. Because of the nature of its records before 2015, Keystone would be required to conduct a manual search of all of its records to identify whether any such complaints were made. The plaintiffs could, much more easily and efficiently, conduct a public records request for any such complaints, to cover the remaining time period (*i.e.*, 2014) at issue in this lawsuit related to the claims brought on behalf of the proposed class. Further subject to these objections, and in an abundance of caution, Keystone identifies certain Washington state Attorney General complaints from August 2015 through the present which may be responsive to this request. See Keystone/Cole 004592 to 004632.

For complaints that may have been asserted before August 2015, Keystone objects to producing those documents based on the burden imposed on Keystone and because such documents may not be in the custody or control of Keystone. Because of the nature of its records

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 39
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

before August 2015, Keystone would be required to conduct a manual search of all of its records to identify whether any such complaints were made.  Although the plaintiffs could request such documents, Keystone is also in the process of making a public records request to the Washington Attorney General's Office for any such complaints within the past 10 years and will supplement this response, if appropriate, if any responsive documents are received.

**INTERROGATORY NO. 9:**

Please identify all management-level employees who are responsible for identifying risks of health hazards to consumers associated with "prolonged occupancy" of Keystone RVs.

**RESPONSE TO INTERROGATORY NO. 9:**

Keystone objects to this interrogatory as vague, as the phrase "risks of health hazards" is not defined.  Subject to this objection, Keystone states that it does not have any discrete group of management-level employees who are responsible for specifically "identifying risks of health hazards to consumers associated with 'prolonged occupancy' of Keystone RVs."  Keystone also states that as a member of RVIA, Keystone builds its recreational vehicles in accordance with the standards referenced in response to Request No. 13 as well as the CARB standards applicable to formaldehyde emission regulations for composite wood products which include hardwood plywood, particle board, and medium density fiberboard.  Keystone likewise complies with the Formaldehyde Emission Standards for Composite Wood Products Act which is consistent with the CARB requirement for composite wood products.  As can be found on the EPA website at https://www.epa.gov/formaldehyde/formaldehyde-emission-standards-composite-wood-products, beginning June 1, 2018, composite wood products sold, supplied, offered for sale,

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 40
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

manufactured, or imported in the United States were required to be labeled as CARB Airborne

Toxic Control Measures ("ATCM") Phase II or Toxic Substances Control Act ("TSCA") Title VI

compliant. Beginning on March 22, 2019, composite wood products must be labeled as TSCA

Title VI compliant.

As Keystone interprets this request based on the context of plaintiffs' other discovery

requests and claims, Keystone also states that many of its manufacturing and operation employees

address various health and safety aspects of its recreational vehicles daily through the

manufacturing process.  Keystone also has a product safety committee which is responsible for

evaluating potential safety related issues and defect claims which may require service advisories

and/or product recalls.

**INTERROGATORY NO. 10:**

Please identify all management-level employees who are responsible for preventing risks

of health hazards to consumers associated with living in a Keystone RV.

**RESPONSE TO INTERROGATORY NO. 10:**

Keystone objects to this interrogatory as vague, as the phrase "risks of health hazards" is

not defined.  Subject to this objection, Keystone states that it does not have any discrete group of

management-level employees who are specifically responsible for "preventing risks of health

hazards to consumers associated with living in a Keystone RVs."  Moreover, Keystone does not

manufacturer its recreational vehicles to be lived in as homes or permanent residences.  Such use

is specifically excluded from warranty coverage by Keystone.  See also other answers to plaintiffs'

multiple discovery requests regarding consumers living in recreational vehicles and, in particular,

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 41
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

the following answer to Interrogatory No. 11, which response and objection Keystone incorporates by reference herein.

**INTERROGATORY NO. 11:**

Please describe all actions taken by Keystone in the last ten (10) years, to prevent the risk of health hazards to consumers associated with living in a Keystone RV.

**RESPONSE INTERROGATORY NO. 11:**

Keystone objects to this interrogatory as vague and overly broad.  Keystone also objects to this interrogatory because it is:  (a) not limited by geographic location; (b) is not limited to the named plaintiffs; and (c) is not limited to class-certification issues.

Subject to this objection, Keystone states that it does not manufacture its recreational vehicles to be lived in as homes or permanent residences.  Such use is specifically excluded from warranty coverage by Keystone.  Moreover, Keystone notes that the NFPA 1192 Standard (2018 Edition), under section 3.3.52[4], defines "Recreational Vehicle (RV)" as follows:

> A vehicle or slide-in camper that is primarily designed as **temporary living quarters for recreational, camping, or seasonal use**; has its own motive power or is mounted on or towed by another vehicle; is regulated by the National Highway Traffic Safety Administration as a vehicle or vehicle equipment; does not require a special highway use permit for operation on the highways; and can be easily transported and set up on a daily basis by an individual. [emphasis added]

In addition, in the Annex A – Explanatory Material for the 1192 Standards (2018 Edition), under section A.3.3.52, "Recreational Vehicle (RV)" is further explained as follows:

> The product types are *motorhome and towable RV. (See Figure A.3.3.52)*
> .....*Towable RV*.  A recreational vehicle that is mounted on wheels and designed to be towed by a motorized vehicle or a portable unit that is designed to be placed in the bed of a pickup truck.  The product-type categories are as follows:

---

[4] Prior versions of the NFPA 1192 Standard have similar definitions for "Recreational Vehicle (RV)".

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 42
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

(1) *Fifth-Wheel Travel Trailer*. A towable RV mounted on wheels and designed to be towed by a motorized vehicle by means of a towing mechanism that is mounted above or forward of the tow vehicle's rear axle....

(3) *Travel Trailer*. A towable RV mounted on wheels and designed to be towed by a motorized vehicle that is constructed with a roof and sidewalls made of rigid materials.

**INTERROGATORY NO. 12:**

Please identify all management-level employees who had any involvement in the last five (5) years, in the drafting or preparation of Chapter 3 of the Keystone Owner's Manual, titled "Effects of Prolonged Occupancy and Indoor Air Quality."

**RESPONSE TO INTERROGATORY NO. 12:**

Keystone states that various individuals have been involved over the many years with the preparation of the owner's manuals; however, it is believed that the following individuals were primarily involved in developing the language used in Chapter 3 of the owner's manual for the manuals issued from 2013 to 2019: Randy Mast, retired Vice President of Customer Service; Rick Deisler, current Vice President of Customer Service; and Garett Carolus, General Manager of Warranty Operations. In addition, in-house counsel for Keystone RV Company assisted in drafting a portion of the "Indoor Air Quality" section of the current Owner's Manual.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce all documents you have created or received in the last ten (10) years, relating to the presence or absence of ventilation systems as a means of eliminating or reducing health hazards to consumers.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 43
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Keystone objects to this request because it is: (a) not limited by geographic location; (b) is not limited to the named plaintiffs; and (c) is not limited to class-certification issues. Keystone also objects to this request for production as vague, ambiguous, and overly broad. The term "health hazards" is not defined. The term "ventilation systems" is not a defined. Keystone also incorporates its ESI Objection above.

Subject to these objections, Keystone states that although it has not created or received any documents in the last ten years **specifically** "relating to the presence or absence of ventilation systems as **a means of eliminating or reducing health hazards to consumers**" (emphasis added) it will produce, simultaneously with these discovery answers, the engineering drawings, print packages, and any PCNs for each of the models of recreational vehicles purchased by plaintiffs. *See* Keystone/Cole 000797 to 000816 (Johnson), Keystone/Cole 000817 to 000846 (Michael) and Keystone/Cole 000847 to 000857 (Cole).

In addition, Keystone's owner's manuals, produced as described above, as well as the Keystone website under FAQs, contain references to the importance of good indoor air quality, proper ventilation, recommendations by the CDC and the EPA to improve indoor air quality (including ventilation recommendations), tips to avoid condensation, and methods to avoid mold growth (including opening vents and operating exhaust fans). In addition, the various owner's manuals have a section entitled *Formaldehyde & Recreational Vehicles* which provides as follows:

> As recommended by the CDC and the EPA, improving the air quality can be accomplished by actions such as opening windows, opening roof vents, operating fans and vents, running the air conditioner, or some combination thereof. In particular, to the extent that formaldehyde is contained in some of the components used to construct your RV or holding tank chemicals, you should properly ventilate your RV to maintain good indoor air quality in the RV.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 44
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

Recreational vehicles are much smaller than homes and therefore the exchange of air inside a recreational vehicle is significantly less than a home. Therefore, ventilation should occur frequently before, during and after use, and at times when the temperatures and humidity are elevated. Decreasing the flow of air by sealing the recreational vehicle may increase the presence and/or concentration of indoor air pollutants, such as mold, household chemicals and formaldehyde. Finally, we recommend that you do not smoke inside your recreational vehicle. In addition to causing damage to your recreational vehicle, tobacco smoke releases formaldehyde and other air pollutants. If you have any questions regarding the health effects of formaldehyde or any other air pollutants, please consult your doctor or local health department.

There are also provisions in the various owner's manuals regarding range hoods, furnaces, air conditioners, roof vents, roof fans, cleaning and maintenance, and odor control using effective holding tank chemicals.

In addition, Keystone also refers plaintiffs to the NFPA 1192 standards produced simultaneously herewith regarding ventilation requirements for Ventilation of Areas Accommodating Fuel-Burning Cooking Appliances under section 5.5.4, *et seq.,* Clearances of Heat Producing Appliances, 5.6.6, *et seq.*, and Circulating Air Systems under section 5.7, *et seq.*

## REQUEST FOR PRODUCTION NO. 28:

Please produce all documents you have created or received in the last ten (10) years, which refer to adverse health effects from living in a Keystone RV.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Keystone objects to this request as vague and overly broad. Keystone also objects to this request because it appears to unreasonably duplicate other requests, including the request for documents made in Request for Production No. 21 above, as well as Interrogatory No. 11. Keystone also incorporates by reference its ESI Objection above.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 45
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

Subject to these objections, Keystone refers plaintiffs to its previous answers to the similar discovery requests and, in particular, the answer to Request No. 21 and Interrogatory No. 11.

## INTERROGATORY NO. 13:

Please identify all Washington consumers who have purchased a Keystone RV in the last five (5) years, to live in all of [sic] most of the time.

### RESPONSE TO INTERROGATORY NO. 13:

Keystone does not have any information in its records about all Washington consumers who have purchased a Keystone RV in the last five (5) years, to "live in all of [sic] most of the time" and lacks sufficient information to respond to this interrogatory.

## REQUEST FOR PRODUCTION NO. 29:

Please produce all warranty claims you have received from consumers in the last ten (10) years, alleging moisture intrusion in a Keystone RV.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Although it is difficult to determine from the request itself, it appears plaintiffs are attempting to secure warranty information on "moisture intrusion" on each and every Keystone RV (as defined by plaintiffs) which has been the subject of a repair order and/or warranty claim, CRM notes, customer email, customer letter, lawyer demand, Better Business Bureau complaint, or attorney general complaint over the prior ten years. Keystone objects to this request as vague, overly broad, and unduly burdensome. The phrase "moisture intrusion" is not defined. In addition, this request is unreasonably cumulative and/or duplicative of other requests herein. Keystone also

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 46
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

objects to this request because it is: (a) not limited by geographic location; (b) is not limited to the named plaintiffs; and (c) is not limited to class-certification issues.  Keystone also objects to this request because it does not receive warranty claims directly from its customers.  Instead, those claims are received from Keystone's authorized repair facilities.

Finally, Keystone incorporates by reference its ESI Objection above.


**REQUEST FOR PRODUCTION NO. 30:**

Please produce all complaints you have received from consumers in the last ten (10) years, reporting slow service of warranty claims related to moisture intrusion in a Keystone RV.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Although it is difficult to determine from the request itself, it appears plaintiffs are attempting to secure "complaints", which is undefined, on "slow service claims" related to "moisture intrusion" on each and every Keystone RV (as defined by plaintiffs) which has been the subject of a repair order and/or warranty claim, CRM notes, customer email, customer letter, lawyer demand, Better Business Bureau complaint, attorney general complaint, or lawsuit over the prior ten years. Keystone objects to this request as vague, overly broad, and unduly burdensome. The phrases "slow service claims" and "moisture intrusion" are not defined.  In addition, this request is unreasonably cumulative and/or duplicative of other requests herein. Keystone also objects to this request because it is: (a) not limited by geographic location; (b) is not limited to the named plaintiffs; and (c) is not limited to class-certification issues.  Keystone also objects to this request because it calls for production of many documents that are protected by the attorney-client

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 47
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1    privilege and/or work product doctrine. As worded, Keystone cannot determine what documents

2    are sought by this request.

3         Keystone also objects to this request because it does not receive warranty claims directly

4    from its customers. Instead, those claims are received from Keystone's authorized repair facilities.

5         Finally, Keystone incorporates by reference its ESI Objection above.

6         Subject to these objections, and in an abundance of caution, Keystone identifies certain

7    Washington state Attorney General complaints from August 2015 through the present which may

8    be responsive to this request. See Keystone/Cole 004592 to 004632.   For complaints that may

9    have been asserted before that, Keystone objects to producing those documents based on the

10   burden imposed on Keystone. Because of the nature of its records before August 2015, Keystone

11   would be required to conduct a manual search of all of its records to identify whether any such

12   complaints were made. The plaintiffs could, much more easily and efficiently, conduct a public

13   records request for any such complaints, to cover the remaining time period (*i.e.*, 2014) at issue in

14   this lawsuit related to the claims brought on behalf of the proposed class. Although the plaintiffs

15   could request such documents, Keystone is also in the process of making a public records request

16   to the Washington Attorney General's Office for any such complaints within the past 10 years and

17   will supplement this response, if appropriate, if any responsive documents are received.

18   **REQUEST FOR PRODUCTION NO. 31:**

19        Please produce all complaints you (not lawsuits) have received from consumers in the last

20   ten (10) years, reporting unresponsive service of warranty claims related to moisture intrusion in

21   a Keystone RV.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 48
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Although it is difficult to determine from the request itself, it appears plaintiffs are attempting to secure complaints reporting unresponsive service of warranty claims on "moisture intrusion" on each and every Keystone RV (as defined by plaintiffs) which has been the subject of a repair order and/or warranty claim, CRM notes, customer email, customer letter, lawyer demand, Better Business Bureau complaint, or attorney general complaint over the prior ten years. Keystone objects to this request as vague, overly broad, and unduly burdensome. The phrase "moisture intrusion" is not defined. In addition, this request is unreasonably cumulative and/or duplicative of other requests herein. Keystone also objects to this request because it is: (a) not limited by geographic location; (b) is not limited to the named plaintiffs; and (c) is not limited to class-certification issues. As worded, Keystone cannot determine what documents are sought by this request.

Keystone also objects to this request because it does not receive warranty claims directly from its customers. Instead, those claims are received from Keystone's authorized repair facilities.

Finally, Keystone incorporates by reference its ESI Objection above.

Subject to these objections, and in an abundance of caution, Keystone identifies certain Washington state Attorney General complaints from August 2015 through the present which may be responsive to this request. See Keystone/Cole 004592 to 004632. For complaints that may have been asserted before that, Keystone objects to producing those documents based on the burden imposed on Keystone. Because of the nature of its records before August 2015, Keystone would be required to conduct a manual search of all of its records to identify whether any such complaints were made. The plaintiffs could, much more easily and efficiently, conduct a public

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 49
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

records request for any such complaints, to cover the remaining time period (*i.e.,* 2014) at issue in this lawsuit related to the claims brought on behalf of the proposed class. Although plaintiffs could make such a request, Keystone is in the process of making a public records request to the Washington Attorney General's Office for any such complaints within the past 10 years and will supplement this response, if appropriate, if any responsive documents are received.

### REQUEST FOR PRODUCTION NO. 32:

Please produce all documents which reference any lawsuit filed against Keystone RV in the last ten (10) years, which alleged unresponsive service of warranty claims related to moisture intrusion in a Keystone RV.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Although it is difficult to determine from the request itself, it appears plaintiffs are attempting to secure all documents which simply reference any lawsuit on each and every Keystone RV (as defined by plaintiffs) which has been the subject of a repair order and/or warranty claim, CRM notes, customer email, customer letter, lawyer demand, Better Business Bureau complaint, attorney general complaint, or lawsuit over the prior ten years. Keystone objects to this request as vague, overly broad, and unduly burdensome. The phrases "unresponsive service" and "moisture intrusion" are not defined. In addition, this request is unreasonably cumulative and/or duplicative of other requests herein. Keystone objects to this request for production as vague and overly broad. Keystone also objects to this request because it is: (a) not limited by geographic location; (b) is not limited to the named plaintiffs; and (c) is not limited to class-certification issues. Keystone also objects to this request because it calls for production of many documents that are

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 50
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

protected by the attorney-client privilege and/or work product doctrine. As worded, Keystone

cannot determine what documents are sought by this request.

Keystone also objects to this request because it does not receive warranty claims directly

from its customers. Instead, those claims are received from Keystone's authorized repair facilities.

Finally, Keystone incorporates by reference its ESI Objection above.


**REQUEST FOR PRODUCTION NO. 33:**

Please produce all warranty claims you have received from consumers in the last ten (10)

years, alleging the development of mold and mildew in a Keystone RV.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Keystone objects to this request for production as vague and overly broad.  Keystone also

objects to this request because it is:  (a) not limited by geographic location; (b) is not limited to the

named plaintiffs; and (c) is not limited to class-certification issues.  In addition, this request is

unreasonably cumulative and/or duplicative of other requests herein. As worded, Keystone cannot

determine what documents are sought by this request.

Keystone also objects to this request because it does not receive warranty claims directly

from its customers. Instead, those claims are received from Keystone's authorized repair facilities.

Finally, Keystone incorporates by reference its ESI Objection above.

**REQUEST FOR PRODUCTION NO. 34:**

Please produce all complaints (not lawsuits) you have received from consumers in the last

ten (10) years, reporting slow service of warranty claims related to the development of mold and

mildew in a Keystone RV.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 51
NO. 3:18-cv-05182-RBL

1

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

2

3       Although it is difficult to determine from the request itself, it appears plaintiffs are

4 attempting to secure "complaints", which is undefined, on "slow service claims" related to "mold

5 or mildew" on each and every Keystone RV (as defined by plaintiffs) which has been the subject

6 of a repair order and/or warranty claim, CRM notes, customer email, customer letter, lawyer

7 demand, Better Business Bureau complaint, attorney general complaint, or lawsuit over the prior

8 ten years. Keystone objects to this request as vague, overly broad, and unduly burdensome. The

9 phrase "slow service claims" is not defined. In addition, this request is unreasonably cumulative

10 and/or duplicative of other requests herein. Keystone objects to this request for production as vague

11 and overly broad. Keystone also objects to this request because it is: (a) not limited by geographic

12 location; (b) is not limited to the named plaintiffs; and (c) is not limited to class-certification issues.

13 As worded, Keystone cannot determine what documents are sought by this request.

14

15       Finally, Keystone incorporates by reference its ESI Objection above.

16       Subject to these objections, and in an abundance of caution, Keystone identifies certain

17 Washington state Attorney General complaints from August 2015 through the present which may

18 be responsive to this request. *See* Keystone/Cole 004592 to 00004632.   For complaints that may

19 have been asserted before that, Keystone objects to producing those documents based on the

20 burden imposed on Keystone. Because of the nature of its records before August 2015, Keystone

21 would be required to conduct a manual search of all of its records to identify whether any such

22 complaints were made. The plaintiffs could, much more easily and efficiently, conduct a public

23 records request for any such complaints, to cover the remaining time period (*i.e.*, 2014) at issue in

24 this lawsuit related to the claims brought on behalf of the proposed class. Although the plaintiffs

25

26

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

could request such documents, Keystone is also in the process of making a public records request to the Washington Attorney General's Office for any such complaints within the past 10 years and will supplement this response, if appropriate, if any responsive documents are received.

**REQUEST FOR PRODUCTION NO. 35:**

Please produce all complaints (not lawsuits) you have received from consumers in the last ten (10) years, reporting unresponsive service of warranty claims related to the development of mold and mildew in a Keystone RV.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Although it is difficult to determine from the request itself, it appears plaintiffs are attempting to seek production of all documents which simply reference any lawsuit on each and every Keystone RV (as defined by plaintiffs) which has been the subject of a repair order and/or warranty claim, CRM notes, customer email, customer letter, lawyer demand, Better Business Bureau complaint, attorney general complaint, or lawsuit over the prior ten years. Keystone objects to this request as vague, overly broad, and unduly burdensome. The phrase "unresponsive service" is not defined. In addition, this request is unreasonably cumulative and/or duplicative of other requests herein. Keystone also objects to this request because it is: (a) not limited by geographic location; (b) is not limited to the named plaintiffs; and (c) is not limited to class-certification issues. As worded, Keystone cannot determine what documents are sought by the request. Keystone also objects to this request as duplicative of Request for Production No. 34 above.

Finally, Keystone incorporates by reference its ESI Objection above.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 53
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

Subject to these objections, and in an abundance of caution, Keystone identifies certain Washington state Attorney General complaints from August 2015 through the present which may be responsive to this request. See Keystone/Cole 004592 to 004632. For complaints that may have been asserted before that, Keystone objects to producing those documents based on the burden imposed on Keystone. Because of the nature of its records before August 2015, Keystone would be required to conduct a manual search of all of its records to identify whether any such complaints were made. The plaintiffs could, much more easily and efficiently, conduct a public records request for any such complaints, to cover the remaining time period (*i.e.*, 2014) at issue in this lawsuit related to the claims brought on behalf of the proposed class. Although the plaintiffs could request such documents, Keystone is also in the process of making a public records request to the Washington Attorney General's Office for any such complaints within the past 10 years and will supplement this response, if appropriate, if any responsive documents are received.

**REQUEST FOR PRODUCTION NO. 36:**

Please produce all documents which reference any lawsuit filed against Keystone RV in the last ten (10) years, which alleged unresponsive service of warranty claims related to the development of mold and mildew in a Keystone RV.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Although it is difficult to determine from the request itself, it appears plaintiffs are attempting to seek production of all documents which simply reference any lawsuit on each and every Keystone RV (as defined by plaintiffs) which has been the subject of a repair order and/or warranty claim, CRM notes, customer email, customer letter, lawyer demand, Better Business

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 54
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

Bureau complaint, attorney general complaint, or lawsuit over the prior ten years. Keystone objects

to this request as vague, overly broad, and unduly burdensome. The phrase "unresponsive service"

is not defined. In addition, this request is unreasonably cumulative and/or duplicative of other

requests herein. Keystone also objects to this request because it is: (a) not limited by geographic

location; (b) is not limited to the named plaintiffs; and (c) is not limited to class-certification issues.

As worded, Keystone cannot determine what documents are sought by this request.

Keystone also objects to this request because it does not receive warranty claims directly

from its customers. Instead, those claims are received from Keystone's authorized repair facilities.

Finally, Keystone incorporates by reference its ESI Objection above.

### REQUEST FOR PRODUCTION NO. 37:

Please produce all warranty claims (not lawsuits) you have received from consumers in the

last ten (10) years, alleging the development of a respiratory illness by one occupying a Keystone

RV.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

Keystone objects to this request as vague, overly broad, and because the term "respiratory

illness" is not defined or explained. Keystone also objects to this request because it is: (a) not

limited by geographic location; (b) is not limited to the named plaintiffs; and (c) is not limited to

class-certification issues. As worded, Keystone cannot determine what documents are sought by

this request. Keystone also objects to this request because it does not receive warranty claims

directly from its customers. Instead, those claims are received from Keystone's authorized repair

facilities. Finally, Keystone incorporates its ESI Objection above.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 55
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1
2
3
4
5
6
7
8

Searching for responsive documents would require significant time-consuming research into every communication, both written and oral, received from Keystone customers and dealers for each VIN over a ten-year period, including a manual review of its CRM system and electronic unit files. Keystone has manufactured and distributed at least 554,261 recreational vehicles since November 1, 2008. Such a request is not only overly broad, but it is unduly burdensome. Moreover, Keystone would only be guessing into what type of information fits into the vague definition of "respiratory illness."

9
10
11
12
13
14
15
16
17
18
19
20
21
22

Subject to these objections, and in an abundance of caution, Keystone identifies certain Washington state Attorney General complaints from August 2015 through the present which may be responsive to this request. *See* Keystone/Cole 004592 to 004632. For complaints that may have been asserted before that, Keystone objects to producing those documents based on the burden imposed on Keystone. Because of the nature of its records before August 2015, Keystone would be required to conduct a manual search of all of its records to identify whether any such complaints were made. The plaintiffs could, much more easily and efficiently, conduct a public records request for any such complaints, to cover the remaining time period (*i.e.*, 2014) at issue in this lawsuit related to the claims brought on behalf of the proposed class. Although the plaintiffs could request such documents, Keystone is also in the process of making a public records request to the Washington Attorney General's Office for any such complaints within the past 10 years and will supplement this response, if appropriate, if any responsive documents are received.

23
24
25
26

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 56
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

**REQUEST FOR PRODUCTION NO. 38:**

Please produce all complaints (not lawsuits) you have received from consumers in the last ten (10) years, reporting slow service of warranty claims related to the development of a respiratory illness by one occupying a Keystone RV.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Keystone objects to this interrogatory as vague, overly broad, and because the phrases "respiratory illness" and "slow service" are not defined or explained. Keystone also objects to this request because it is: (a) not limited by geographic location; (b) is not limited to the named plaintiffs; and (c) is not limited to class-certification issues. As worded, Keystone cannot determine what documents are sought by this request. Keystone also objects to this request because it does not receive warranty claims directly from its customers. Instead, those claims are received from Keystone's authorized repair facilities. Keystone also objects to this request because it is duplicative of Request for Production No. 37 above. Finally, Keystone incorporates its ESI Objection above.

Searching for responsive documents would require significant time-consuming research into every communication, both written and oral, received from Keystone customers and dealers for each VIN over a ten-year period, including a manual review of its CRM system and electronic unit files. Keystone has manufactured and distributed at least 554,261 recreational vehicles since November 1, 2008. Such a request is not only overly broad, but it is unduly burdensome. Moreover, Keystone would only be speculating about what type of information fits into the vague definition of "respiratory illness."

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 57
NO. 3:18-cv-05182-RBL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Subject to these objections, and in an abundance of caution, Keystone identifies certain Washington state Attorney General complaints from August 2015 through the present which may be responsive to this request. See Keystone/Cole 004592 to 004612.   For complaints that may have been asserted before that, Keystone objects to producing those documents based on the burden imposed on Keystone.  Because of the nature of its records before August 2015, Keystone would be required to conduct a manual search of all of its records to identify whether any such complaints were made.  The plaintiffs could, much more easily and efficiently, conduct a public records request for any such complaints, to cover the remaining time period (*i.e.,* 2014) at issue in this lawsuit related to the claims brought on behalf of the proposed class.  Although the plaintiffs could request such documents, Keystone is also in the process of making a public records request to the Washington Attorney General's Office for any such complaints within the past 10 years and will supplement this response, if appropriate, if any responsive documents are received.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce all complaints (not lawsuits) you have received from consumers in the last ten (10) years, reporting unresponsive service of warranty claims related to the development of respiratory illness by one occupying a Keystone RV.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Keystone objects to this request as vague, overly broad, and because the phrases "respiratory illness" and "unresponsive service" are not defined or explained.  Keystone also objects to this request because it is:  (a) not limited by geographic location; (b) is not limited to the named plaintiffs; and (c) is not limited to class-certification issues.  As worded, Keystone cannot

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

determine what documents are sought by this request. Keystone also objects to this request because it does not receive warranty claims directly from its customers. Instead, those claims are received from Keystone's authorized repair facilities. Keystone also objects to this request because it is duplicative of Request for Production Nos. 37 and 38 above. Finally, Keystone incorporates its ESI Objection above.

Searching for responsive documents would require significant time-consuming research into every communication, both written and oral, received from Keystone customers and dealers for each VIN over a ten-year period, including a manual review of its CRM system and electronic unit files. Keystone has manufactured and distributed at least 554,261 recreational vehicles since November 1, 2008. Such a request is not only overly broad, but it is unduly burdensome. Moreover, Keystone would only be speculating about what type of information fits into the vague definition of "respiratory illness."

Subject to these objections, and in an abundance of caution, Keystone identifies certain Washington state Attorney General complaints from August 2015 through the present which may be responsive to this request. *See* Keystone/Cole 0004592 to 004632. For complaints that may have been asserted before that, Keystone objects to producing those documents based on the burden imposed on Keystone. Because of the nature of its records before August 2015, Keystone would be required to conduct a manual search of all of its records to identify whether any such complaints were made. The plaintiffs could, much more easily and efficiently, conduct a public records request for any such complaints, to cover the remaining time period (i.e., 2014) at issue in this lawsuit related to the claims brought on behalf of the proposed class. Although the plaintiffs could request such documents, Keystone is also in the process of making a public records request

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 59
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1  to the Washington Attorney General's Office for any such complaints within the past 10 years and

2  will supplement this response, if appropriate, if any responsive documents are received.

3

4  **REQUEST FOR PRODUCTION NO. 40:**

5

6  Please produce all documents which reference any lawsuit filed against Keystone RV in

7  the last ten (10) years, which alleged unresponsive service of warranty claims related to a

8  respiratory illness.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

10  Keystone objects to this request for production as vague and overly broad.  Keystone also

11  objects to this request because it is:  (a) not limited by geographic location; (b) is not limited to the

12  named plaintiffs; and (c) is not limited to class-certification issues.  As worded, Keystone cannot

13  determine what documents are sought by this request that are different than the documents sought

14  by Request for Production No. 39 above.  Keystone specifically incorporates by reference its

15  response and objections to Request for Production No 39 above.

16

17  **REQUEST FOR PRODUCTION NO. 41:**

18  Other than owners [sic] manuals, please produce all documents you have created or

19  received in the last ten (10) years, which inform the reader of the water, sewer and power

20  connections for a Keystone RV.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

22  Keystone objects to this request for production as vague and overly broad.  Keystone also

23  objects to this request because it is:  (a) not limited by geographic location; (b) is not limited to the

24  named plaintiffs; and (c) is not limited to class-certification issues.  Keystone also objects to this

25

26

request because it seeks documents that are not relevant to the claims and defenses at issue in this lawsuit.

Subject to these objections, Keystone directs plaintiffs to its website which contains "How-To Videos" including a video on How-To: Winterize Your RV's Water System. https://www.keystonerv.com/owners/how-to-videos/. These videos relate to water and sewerage connections in Keystone recreational vehicles.

Further subject to these objections, Keystone also believes that its 2014 and 2018 Policy and Procedures Manuals may be responsive to this request, as Keystone has interpreted it. Because these manuals contain commercially sensitive and proprietary information and are not distributed to the public, Keystone objects to producing these documents until the Court enters a mutually-acceptable protective order to protect the confidential, proprietary, and commercially sensitive nature of these documents.   Keystone has provided a draft order to the plaintiffs' in connection with these responses.

**REQUEST FOR PRODUCTION NO. 42:**

Please produce all documents created or received by you in the last ten (10) years, which report the death of a person who was occupying, or had occupied, a Keystone RV.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Keystone objects to this request for production as vague and overly broad.  Keystone also objects to this request because it is:  (a) not limited by geographic location; (b) is not limited to the named plaintiffs; and (c) is not limited to class-certification issues.  As worded, this request seeks all documents which "report" the death of a person, regardless of whether that person's death was caused or linked to Keystone's products.  Keystone also objects to this request because it calls for

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 61
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

production of many documents that are protected by the attorney-client privilege and/or work product doctrine.

Subject these objections and based on its interpretation of this request considering the context of the other discovery requests and plaintiffs' claims, Keystone states that it does not have any documents responsive to this request.

**INTERROGATORY NO. 14:**

Please define with specificity a "minor or moderate injury" as that term is used in your owners [sic] manual.

**RESPONSE TO INTERROGATORY NO. 14:**

Keystone objects to this interrogatory as vague. Subject to this objection, Keystone assumes that plaintiffs are referring to the term "minor or moderate injury" that is used in the "Important Safety Information" section of its owner's manuals.

The phrase "minor or moderate injury" is associated with "Caution" warnings contained in Keystone's owner's manuals and the phrase is prescribed by standards set by the American National Standards Institute (referred to as ANSI). Keystone's owner's manuals do not contain a definition of "minor or moderate injury." However, Keystone notes that "Caution" warnings are used by Keystone, per the ANSI standards, to identify a situation or use of its product which is more hazardous than ones identified with the "Notice" warning (which are not associated with personal injury of any type), but less hazardous than the ones identified with a "Warning" warning (which are associated with potential death or serious injury).

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1

2       ANSWERS to these Interrogatories and Requests for Production submitted this 14th day of

3   December, 2018.

4

5                                         CORR|DOWNS PLLC

6

7                                          _s/Joseph P. Corr_
                                          Joseph P. Corr, WSBA #36584
8                                          100 W. Harrison. St., Ste. N440
                                          Seattle, WA 98119
9                                          jcorr@corrdowns.com
                                          Telephone: 206.962.5040
10

11                                        JONES WALKER, LLP

12

13                                         _s/Ryan E. Johnson_
                                          Ryan E. Johnson (*pro hac vice*)
14                                         8555 United Plaza Blvd., 5th Floor
                                          Baton Rouge, LA 70809
15                                         jpercy@joneswalker.com
                                          Telephone: 225.248.2080
16

17                                        ***Attorneys for Defendant Keystone
                                          RV Company***

18

19                          _____

20

21

22

23

24

25

26

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 63
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1
2   STATE OF INDIANA            )
                                )ss
3   COUNTY OF ELKHART           )
4
5
6        Garett Carolus, being first duly sworn upon oath, deposes and states:
7        I have read the foregoing Interrogatories and responses thereto and believe them to be true
8   and correct.
9                            _____
10                           Authorized Representative for Keystone RV Company
11
         SUBSCRIBED AND SWORN to before me this 14th day of December, 2018.
12
13
14                           _____
15
16                           _____
17                           *(please print)*
18                           NOTARY PUBLIC in and for the State of
                             Indiana, residing at: Elkhart
19                           My commission expires: 6-9-24
20
21
22
23
24
25
26

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1

2

## CERTIFICATE OF SERVICE

3

I certify that on the date indicated below I caused a copy of the foregoing document to be

4

served via electronic mail on the following persons:

5

Mr. Eugene N. Bolin, Jr.
Law Offices of Eugene N. Bolin, Jr., P.S.

6

144 Railroad Ave., Suite 308
Edmonds, WA 98020

7

eugenebolin@gmail.com
Attorneys for Plaintiffs

8

9

Mr. Guy W. Beckett
Berry & Beckett, PLLP

10

1708 Bellevue Ave.
Seattle, WA 98122

11

gbeckett@beckettlaw.com
(206) 441-5444

12

13

Mr. Richard DeJean
Law Offices of Richard F. DeJean

14

PO Box 867
Sumner, WA 98390

15

rdejean@dejeanlaw.comcastbiz.net
Attorneys for Plaintiffs

16

17

I affirm under penalty of perjury under the laws of the State of Washington and the United

18

States that the foregoing is true and correct to the best of my knowledge.

19

DATED this 14th day of December, 2018.

20

21

By /s/ Joseph P. Corr

22

Joseph P. Corr, WSBA No. 36584

23

24

25

26

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS - 65
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUDITH COLE, a single person; LOUISE MICHAEL, a single person; DAVID JOHNSON, a single person, | No. 3:18-cv-05182 RBL |
| Plaintiffs, | **REQUESTS FOR ADMISSIONS DIRECTED TO KEYSTONE RV COMPANY** |
| v. | |
| KEYSTONE RV COMPANY, a foreign business entity, | |
| Defendants. | |

TO:          Any officer or agent designated by KEYSTONE RV COMPANY;

AND TO:     Joseph Corr, James C. Percy, and Ryan E. Johnson, Attorneys for Defendant Keystone RV Company.

Pursuant to the provisions of FRCP 36 and 26, plaintiffs request that defendant answer fully and in writing each of the Request(s) for Admission within thirty (30) days of the date of service.

<u>GENERAL PROCEDURE</u>

1.      These Requests for Admission have been served upon you.  They are to be answered under oath within thirty (30) days of the date of service in the manner provided by the Federal Rules of Civil Procedure in which this matter is filed. <u>THESE REQUESTS FOR ADMISSION ARE CONTINUING, AND IN THE EVENT YOU DISCOVER INFORMATION OR</u>

REQUESTS FOR ADMISSIONS
DIRECTED TO KEYSTONE RV COMPANY - 1
3:18-cv-05182 RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
Eugene N. Bolin, Jr. WSBA #11450
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone  / 425-582-8165
Toll Free / Fax: 888-527-2710

DOCUMENTATION WHICH ALTERS, MODIFIES, DELETES, OR AUGMENTS THE ANSWERS GIVEN NOW OR ANY TIME HEREAFTER, YOU ARE TO PROVIDE SUCH INFORMATION BY SUPPLEMENTAL ANSWERS.

2.     If the response to any of these Requests for Admission is anything other than an unqualified admission of the facts stated in the Request, the response shall admit each fact which is true and qualify or deny the remainder of the facts stated in the Request. All facts forming the basis of the denial must be stated in the response. If you cannot admit or deny a fact, you must set forth in detail the reason why you cannot truthfully admit or deny the matter. A lack of information or knowledge may not be used as a response to a Request unless you have made a reasonable inquiry and the information known to you is insufficient to enable you to admit or deny the Request. If objection is made to any of these Requests, the reasons therefore must be specifically stated in the response. If you fail to admit the truth of any matter set forth in these Requests, and if the serving party later proves the truth of that matter, you may be liable for reasonable expenses incurred in making that proof, including attorney's fees and legal costs, and other sanctions available under FRCP 37.

3.     This discovery is directed to each and every defendant above-named. Reference to "you" or "your" refers to the defendant to whom this document is directed, whether it is an organization, entity or person, and their principals, partners, employees, officers, directors, shareholders, agents, volunteers, representatives, and/or attorneys.

4.     For purposes of this discovery, the word *"documents"* includes, but is not limited to, all written *documents*, notes, records, medical records, counseling records, diaries, journals, calendars, tape recordings, electronic or magnetic media, video tape, minutes of meetings, recorded statements, files, reports, resumes, curriculum vitaes, investigations, correspondence, articles, blue prints, design drawings, sketches, computer-aided design (CAD) drawings, illustrations news items, recorded presentations of any kind, literature, flyers, mailers, letters, transcripts, recorded conversations, transcribed conversations, books, pamphlets, brochures, check registers, canceled checks, accounting books, receipts,

REQUESTS FOR ADMISSIONS
DIRECTED TO KEYSTONE RV COMPANY - 2
3:18-cv-05182 RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
Eugene N. Bolin, Jr. WSBA #11450
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone  / 425-582-8165
Toll Free / Fax: 888-527-2710

1  bills, fee statements, promissory notes, contracts, agreements, computer-generated
2  *documents*, printouts, computer data, photographs, video tape, undeveloped film, color
3  slides, drawings, sketches, illustrations, physical evidence, and any and all other things or
   materials of whatever kind or description.  This definition is expressly intended to include
4  duplicates, copies, facsimiles, or other reproductions of original things or materials.
5          5.      If you wish, you may request an e-mail copy of these requests for admissions
6  formatted in *MS Word*, which will be provided by plaintiffs' counsel.
7          REQUESTS FOR ADMISSION SUBMITTED this 28th day of November 2018.

8                              **LAW OFFICES OF EUGENE N. BOLIN, JR., PS**
9
10                             Eugene N. Bolin, Jr.   WSBA # 11450
11                             Attorney for Plaintiffs

12         **REQUEST FOR ADMISSION NO. 1:**        Admit that the only written notice given
13  to consumers purchasing a new Keystone RV, regarding the "prolonged occupancy" of
14  Keystone RVs, is found in the owner's manual.
   **ADMIT OR DENY:**
15
16
17         **REQUEST FOR ADMISSION NO. 2:**        Admit that the only written notice given
18  to consumers *before* the purchase a new Keystone RV, regarding the "prolonged
19  occupancy" of Keystone RVs, is found in the owner's manual.
20  **ADMIT OR DENY:**
21
22
23
24
25

REQUESTS FOR ADMISSIONS
DIRECTED TO KEYSTONE RV COMPANY - 3
3:18-cv-05182 RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
Eugene N. Bolin, Jr. WSBA #11450
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone  / 425-582-8165
Toll Free / Fax: 888-527-2710

1

2

HONORABLE RONALD B. LEIGHTON

3

4

5

6

UNITED STATES DISTRICT COURT

7

WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9  JUDITH COLE, a single person; LOUISE          )
   MICHAEL, a single person; DAVID             )

10  JOHNSON, a single person,                    )  NO. 3:18-CV-05182-RBL
                                                )

11                          Plaintiffs,          )
                                                )

12                                               )  **KEYSTONE RV COMPANY'S**
                                                )  **RESPONSES AND OBJECTIONS TO**

13                       v.                      )  **PLAINTIFF'S FIRST REQUESTS FOR**
                                                )  **ADMISSION**

14  KEYSTONE RV COMPANY, LLC, a foreign )

15  business entity,                             )
                                                )

16                          Defendant.           )
                                                )

17  _____ )

18      Defendant Keystone RV Company ("Keystone") responds to Plaintiffs' requests for

19  admission, served on November 28, 2018, as follows:

20      **REQUEST FOR ADMISSION NO. 1:**

21

22      Admit that the only written notice given to consumers purchasing a new Keystone RV,

23  regarding the "prolonged occupancy" of Keystone RVs, is found in the owner's manual.

24

25

26

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Keystone objects to this request as vague and overly broad.  Subject to these objections, Keystone states that it cannot safely admit or deny this request as written because it does not provide any dates, date ranges or other information which would allow Keystone to determine the time-frame for which plaintiffs are seeking an admission.  In addition, Keystone cannot determine whether plaintiffs intend for this request to cover the period of time applicable by their class claims (*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other time period which might be irrelevant to their claims.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the only written notice given to consumers *before* the [sic] purchase a new Keystone RV, regarding the "prolonged occupancy" of Keystone RVs, is found in the owner's manual.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Keystone objects to this request as vague and overly broad.  Subject to these objections, Keystone states that it cannot safely admit or deny this request as written because it does not provide any dates, date ranges or other information which would allow Keystone to determine the time-frame for which plaintiffs are seeking an admission.  In addition, Keystone cannot determine whether plaintiffs intend for this request to cover the period of time applicable by their class claims

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION - 2
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

(*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other time period which might be irrelevant to their claims.


**REQUEST FOR ADMISSION NO. 3**

Admit that the only written notice given to consumers *after* the [sic] purchase a new Keystone RV, regarding the "prolonged occupancy" of Keystone RVs, is found in the owner's manual.

**RESPONSE TO REQUEST FOR ADMISSION NO: 3:**

Keystone objects to this request as vague and overly broad.  Subject to these objections, Keystone states that it cannot safely admit or deny this request as written because it does not provide any dates, date ranges or other information which would allow Keystone to determine the time-frame for which plaintiffs are seeking an admission.  In addition, Keystone cannot determine whether plaintiffs intend for this request to cover the period of time applicable by their class claims (*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other time period which might be irrelevant to their claims.


**REQUEST FOR ADMISSION NO. 4:**

Admit that no notices are posted on Keystone RVs, regarding the "prolonged occupancy" of Keystone RVs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Keystone objects to this request as vague and overly broad.  Subject to these objections, Keystone states that it cannot safely admit or deny this request as written because it does not

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

provide any dates, date ranges or other information which would allow Keystone to determine the time-frame for which plaintiffs are seeking an admission. In addition, Keystone cannot determine whether plaintiffs intend for this request to cover the period of time applicable by their class claims (*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other time period which might be irrelevant to their claims.

### REQUEST FOR ADMISSION NO. 5:

Other than by owners [sic] manuals posted online, admit that Keystone does not post any notices on its websites, regarding the "prolonged occupancy" of Keystone RVs.

### RESPONSE TO REQUEST FOR ADMISSION NO. 5:

Keystone objects to this request as vague and overly broad. Subject to these objections, Keystone states that it cannot safely admit or deny this request as written because it does not provide any dates, date ranges or other information which would allow Keystone to determine the time-frame for which plaintiffs are seeking an admission. In addition, Keystone cannot determine whether plaintiffs intend for this request to cover the period of time applicable by their class claims (*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other time period which might be irrelevant to their claims.

### REQUEST FOR ADMISSION NO. 6:

Admit that the only written notice given to consumers purchasing a new Keystone RV, regarding the development of mold in Keystone RVs, is found in the owner's manual.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION - 4
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Keystone objects to this request as vague and overly broad.  Subject to these objections, Keystone states that it cannot safely admit or deny this request as written because it does not provide any dates, date ranges or other information which would allow Keystone to determine the time-frame for which plaintiffs are seeking an admission.  In addition, Keystone cannot determine whether plaintiffs intend for this request to cover the period of time applicable by their class claims (*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other time period which might be irrelevant to their claims.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the only written notice given to consumers *before* the [sic] purchase a new Keystone RV, regarding the development of mold in Keystone RVs, is found in the owner's manual.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Keystone objects to this request as vague and overly broad.  Subject to these objections, Keystone states that it cannot safely admit or deny this request as written because it does not provide any dates, date ranges or other information which would allow Keystone to determine the time-frame for which plaintiffs are seeking an admission.  In addition, Keystone cannot determine whether plaintiffs intend for this request to cover the period of time applicable by their class claims (*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other time period which might be irrelevant to their claims.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION - 5
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

**REQUEST FOR ADMISSION NO. 8:**

Admit that the only written notice given to consumers *after* the [sic] purchase a new Keystone RV, regarding the development of mold in Keystone RVs, is found in the owner's manual.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Keystone objects to this request as vague and overly broad. Subject to these objections, Keystone states that it cannot safely admit or deny this request as written because it does not provide any dates, date ranges or other information which would allow Keystone to determine the time-frame for which plaintiffs are seeking an admission. In addition, Keystone cannot determine whether plaintiffs intend for this request to cover the period of time applicable by their class claims (*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other time period which might be irrelevant to their claims.

**REQUEST FOR ADMISSION NO. 9:**

Admit that no notices are posted on Keystone RVs, regarding the development of mold in Keystone RVs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Keystone objects to this request as argumentative, vague, and overly burdensome. Subject to these objections, Keystone states that it cannot safely admit or deny this request as written because it does not provide any dates, date ranges or other information which would allow Keystone to determine the time-frame for which plaintiffs are seeking an admission. In addition, Keystone cannot determine whether plaintiffs intend for this request to cover the period of time

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION - 6
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1  applicable by their class claims (*i.e.*, consumers who purchased their recreational vehicles in the

2  last four years) or some other time period which might be irrelevant to their claims.

3

4  **REQUEST FOR ADMISSION NO. 10:**

5

6      Admit that prolonged exposure to mold in a Keystone RV is a potential health hazard for

7  occupants.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

9      Keystone objects to this request as vague and because it calls for a legal conclusion, as well

10  as a medical conclusion and/or opinion.   In addition, Keystone objects to the phrases "prolonged

11  exposure" and "health hazard," which are not defined or explained, leaving Keystone unable to

12  safely admit or deny this request.

13

14

15  **REQUEST FOR ADMISSION NO. 11:**

16      Other than by owners [sic] manuals posted online, admit that Keystone does not post any

17  notices on its websites, regarding the development of mold in Keystone RVs.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

19      Keystone objects to this request as vague and overly broad.  Subject to these objections,

20  Keystone states that it cannot safely admit or deny this request as written because it does not

21

22  provide any dates, date ranges or other information which would allow Keystone to determine the

23  time-frame for which plaintiffs are seeking an admission.  In addition, Keystone cannot determine

24  whether plaintiffs intend for this request to cover the period of time applicable by their class claims

25

26

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION - 7
NO. 3:18-cv-05182-RBL

**CORR|DOWNS PLLC**
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1    (*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other

2    time period which might be irrelevant to their claims.

3

4    **REQUEST FOR ADMISSION NO. 12:**

5

6    Admit that the only written notice given to consumers purchasing a new Keystone RV,

7    regarding the volume of condensation which develops in occupied Keystone RVs, is found in the

8    owner's manual.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

10   Keystone objects to this request as vague and overly broad.  Subject to these objections,

11   Keystone states that it cannot safely admit or deny this request as written because it does not

12   provide any dates, date ranges or other information which would allow Keystone to determine the

13   time-frame for which plaintiffs are seeking an admission.  In addition, Keystone cannot determine

14

15   whether plaintiffs intend for this request to cover the period of time applicable by their class claims

16   (*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other

17   time period which might be irrelevant to their claims.

18

19   **REQUEST FOR ADMISSION NO. 13:**

20

21   Admit that the only written notice given to consumers *before* the [sic] purchase a new

22   Keystone RV, regarding the volume of condensation which develops in occupied Keystone RVs,

23   is found in the owner's manual.

24

25

26

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION - 8
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Keystone objects to this request as vague and overly broad.  Subject to these objections, Keystone states that it cannot safely admit or deny this request as written because it does not provide any dates, date ranges or other information which would allow Keystone to determine the time-frame for which plaintiffs are seeking an admission.  In addition, Keystone cannot determine whether plaintiffs intend for this request to cover the period of time applicable by their class claims (*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other time period which might be irrelevant to their claims.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the only written notice given to consumers *after* the [sic] purchase a new Keystone RV, regarding the volume of condensation which develops in occupied Keystone RVs, is found in the owner's manual.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Keystone objects to this request as vague and overly broad.  Subject to these objections, Keystone states that it cannot safely admit or deny this request as written because it does not provide any dates, date ranges or other information which would allow Keystone to determine the time-frame for which plaintiffs are seeking an admission.  In addition, Keystone cannot determine whether plaintiffs intend for this request to cover the period of time applicable by their class claims (*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other time period which might be irrelevant to their claims.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION - 9
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

**REQUEST FOR ADMISSION NO. 15:**

Admit that no notices are posted on Keystone RVs, regarding the volume of condensation which develops in occupied Keystone RVs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Keystone objects to this request as vague and overly broad.  Subject to these objections, Keystone states that it cannot safely admit or deny this request as written because it does not provide any dates, date ranges or other information which would allow Keystone to determine the time-frame for which plaintiffs are seeking an admission.  In addition, Keystone cannot determine whether plaintiffs intend for this request to cover the period of time applicable by their class claims (*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other time period which might be irrelevant to their claims.

**REQUEST FOR ADMISSION NO. 16:**

Admit that prolonged exposure to condensation in a Keystone RV is a potential health hazard for occupants.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Keystone objects to this request as vague and because it calls for a legal conclusion, as well as a medical conclusion and/or opinion.   In addition, Keystone objects to the phrases "prolonged exposure" and "health hazard," which are not defined or explained, leaving Keystone unable to safely admit or deny this request.

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION - 10
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

**REQUEST FOR ADMISSION NO. 17:**

Other than by owners [sic] manuals posted online, admit that Keystone does not post any notices on its websites, regarding the volume of condensation which develops in occupied Keystone RVs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Keystone objects to this request as vague and overly broad.  Subject to these objections, Keystone states that it cannot safely admit or deny this request as written because it does not provide any dates, date ranges or other information which would allow Keystone to determine the time-frame for which plaintiffs are seeking an admission.  In addition, Keystone cannot determine whether plaintiffs intend for this request to cover the period of time applicable by their class claims (*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other time period which might be irrelevant to their claims.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the only written notice given to consumers purchasing a new Keystone RV, regarding the presence of formaldehyde in Keystone RVs, is found in the owner's manual.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Keystone objects to this request as vague and overly broad.  Subject to these objections, Keystone states that it cannot safely admit or deny this request as written because it does not provide any dates, date ranges or other information which would allow Keystone to determine the time-frame for which plaintiffs are seeking an admission.  In addition, Keystone cannot determine whether plaintiffs intend for this request to cover the period of time applicable by their class claims

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION - 11
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1  (*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other
2  time period which might be irrelevant to their claims.

3

4  **REQUEST FOR ADMISSION NO. 19:**

5

6      Admit that the only written notice given to consumers *before* the [sic] purchase a new
7  Keystone RV, regarding the presence of formaldehyde in Keystone RVs, is found in the owner's
8  manual.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

10     Keystone objects to this request as vague and overly broad.  Subject to these objections,
11  Keystone states that it cannot safely admit or deny this request as written because it does not

12  provide any dates, date ranges or other information which would allow Keystone to determine the

13  time-frame for which plaintiffs are seeking an admission.  In addition, Keystone cannot determine

14  whether plaintiffs intend for this request to cover the period of time applicable by their class claims

15  (*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other

16  time period which might be irrelevant to their claims.

17

18

19  **REQUEST FOR ADMISSION NO. 20:**

20     Admit that the only written notice given to consumers *after* the [sic] purchase a new
21  Keystone RV, regarding the presence of formaldehyde in Keystone RVs, is found in the owner's
22  manual.

23

24

25

26

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION - 12
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Keystone objects to this request as vague and overly broad.  Subject to these objections, Keystone states that it cannot safely admit or deny this request as written because it does not provide any dates, date ranges or other information which would allow Keystone to determine the time-frame for which plaintiffs are seeking an admission.  In addition, Keystone cannot determine whether plaintiffs intend for this request to cover the period of time applicable by their class claims (*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other time period which might be irrelevant to their claims.

**REQUEST FOR ADMISSION NO. 21:**

Admit that no notices are posted on Keystone RVs, regarding the presence of formaldehyde in Keystone RVs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Keystone objects to this request as vague and overly broad.  Subject to these objections, Keystone states that it cannot safely admit or deny this request as written because it does not provide any dates, date ranges or other information which would allow Keystone to determine the time-frame for which plaintiffs are seeking an admission.  In addition, Keystone cannot determine whether plaintiffs intend for this request to cover the period of time applicable by their class claims

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1   (*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other

2   time period which might be irrelevant to their claims.

3

4   **REQUEST FOR ADMISSION NO. 22:**

5

6   Admit that prolonged exposure to formaldehyde in a Keystone RV is a potential health

7   hazard for occupants.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

9   Keystone objects to this request as vague and because it calls for a legal conclusion, as well

10  as a medical conclusion and/or opinion.   In addition, Keystone objects to the phrases "prolonged

11  exposure" and "health hazard," which are not defined or explained, leaving Keystone unable to

12  safely admit or deny this request.

13

14

15  **REQUEST FOR ADMISSION NO. 23:**

16  Other than by owners [sic] manuals posted online, admit that Keystone does not post any

17  notices on its websites, regarding the presence of formaldehyde in Keystone RVs.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

19  Keystone objects to this request as vague and overly broad.  Subject to these objections,

20  Keystone states that it cannot safely admit or deny this request as written because it does not

21  provide any dates, date ranges or other information which would allow Keystone to determine the

22  time-frame for which plaintiffs are seeking an admission. In addition, Keystone cannot determine

23  whether plaintiffs intend for this request to cover the period of time applicable by their class claims

24

25

26

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION - 14
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1   (*i.e.*, consumers who purchased their recreational vehicles in the last four years) or some other

2   time period which might be irrelevant to their claims.

3

4

5         ANSWERS to these Requests for Admission submitted this 28th day of December, 2018.

6

7                           CORR|DOWNS PLLC

8

9                       *s/Joseph P. Corr*

10                      Joseph P. Corr, WSBA #36584
                    100 W. Harrison St., Ste. N440

11                      Seattle, WA 98119
                    jcorr@corrdowns.com

12                      Telephone: 206.962.5040

13                      JONES WALKER, LLP

14

15                      *s/Ryan E. Johnson*

16                      Ryan E. Johnson (*pro hac vice*)
                    8555 United Plaza Blvd., 5th Floor

17                      Baton Rouge, LA 70809
                    jpercy@joneswalker.com

18                      Telephone: 225.248.2080

19                      ***Attorneys for Defendant Keystone***

20                      ***RV Company***

21

22

23

24

25

26

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION - 15
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1

2    STATE OF INDIANA                    )
                                          )ss
3    COUNTY OF ELKHART                   )

4

5

6    *GARRETT CAROLUS*, being first duly sworn upon oath, deposes and states:

7        I have read the foregoing Interrogatories and responses thereto and believe them to be true

8    and correct.

9                                  _Garrett Carolus_

10                         Authorized Representative for Keystone RV Company

11       SUBSCRIBED AND SWORN to before me this 27th day of December, 2018.

12

13                              _Jennifer D. Kisrow_

14

15                              _Jennifer D. Kisrow_

16                                  *(please print)*

17                         NOTARY PUBLIC in and for the State of

18                         Indiana, residing at: _Elkhart, IN_

19                         My commission expires: _6-9-24_

20

21

22

23

24

25

26

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION - 16
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1
2

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused a copy of the foregoing document to be
served via electronic mail on the following persons:

Mr. Eugene N. Bolin, Jr.
Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Ave., Suite 308
Edmonds, WA 98020
eugenebolin@gmail.com
Attorneys for Plaintiffs

Mr. Guy W. Beckett
Berry & Beckett, PLLP
1708 Bellevue Ave.
Seattle, WA 98122
gbeckett@beckettlaw.com
(206) 441-5444

Mr. Richard DeJean
Law Offices of Richard F. DeJean
PO Box 867
Sumner, WA 98390
rdejean@dejeanlaw.comcastbiz.net
Attorneys for Plaintiffs

I affirm under penalty of perjury under the laws of the State of Washington and the United
States that the foregoing is true and correct to the best of my knowledge.

DATED this 28th day of December, 2018.


By /s/ Joseph P. Corr
Joseph P. Corr, WSBA No. 36584

KEYSTONE RV COMPANY'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION - 17
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

EXHIBIT 3

 **Gmail**

eugene bolin <eugenebolin@gmail.com>

## That trip to Indiana in the first two weeks of January...
7 messages

**eugene bolin** <eugenebolin@gmail.com>     Thu, Nov 29, 2018 at 11:21 AM
To: "Johnson, Ryan" <rjohnson@joneswalker.com>
Cc: Joseph Corr <jcorr@corrdowns.com>, "Percy, James" <jpercy@joneswalker.com>, Jacob Downs
<jdowns@corrdowns.com>, Guy Beckett <gbeckett@beckettlaw.com>, Richard Dejean
<rdejean@dejeanlaw.comcastbiz.net>

Dear Ryan:

Now that the court has granted our stipulated motion, we can start talking seriously about that trip to Indiana in the first
two weeks of January for depositions.

I suggest we schedule them from 1/7-11.

Once you say yes, I will send out the deposition notices for named witnesses and speaking agents.

Please let me know as soon as you can---my calendar for January is nearly full.

Thanks for your cooperation Ryan...

Gene Bolin


Law Offices of Eugene N. Bolin, Jr.
A Professional Services Corporation
Attorney at Law, WSBA #11450
*eugenebolin@gmail.com*
Waterfront Park Building, Suite 308
144 Railroad Avenue
Edmonds, WA 98020
Edmonds: 425-582-8165
Seattle: 206-527-2700
Toll free: 1-888-527-2710
Fax 888-527-2710

---

**Johnson, Ryan** <rjohnson@joneswalker.com>     Thu, Nov 29, 2018 at 1:33 PM
To: eugene bolin <eugenebolin@gmail.com>
Cc: Joseph Corr <jcorr@corrdowns.com>, "Percy, James" <jpercy@joneswalker.com>, Jacob Downs
<jdowns@corrdowns.com>, Guy Beckett <gbeckett@beckettlaw.com>, Richard Dejean
<rdejean@dejeanlaw.comcastbiz.net>


Gene:


Thanks for your email this afternoon. We look forward to working
with you on deposition scheduling. Before we can focus in on specific
dates for the Keystone corporate deposition, we ask that you please

send us a formal Rule 30(b)(6) notice, so that we can evaluate the topics, identify which corporate representative(s) will testify on Keystone's behalf, and identify available dates for those representatives.

Also, your emails have mentioned taking individual depositions. I may have missed it, but have you provided a list of names of individuals you'd like to depose? If you have, please resend. If not, please provide us with that list so we can work on scheduling for those depositions.

Finally, we ask that you provide us with a formal Rule 34 request for inspection, so that Keystone can understand exactly what you propose to inspect.

Thanks.

Ryan

**Ryan E. Johnson** | Partner
Jones Walker LLP
D: 225.248.2080
rjohnson@joneswalker.com

**From:** eugene bolin <eugenebolin@gmail.com>
**Sent:** Thursday, November 29, 2018 1:22 PM
**To:** Johnson, Ryan <rjohnson@joneswalker.com>
**Cc:** Joseph Corr <jcorr@corrdowns.com>; Percy, James <jpercy@joneswalker.com>; Jacob Downs <jdowns@corrdowns.com>; Guy Beckett <gbeckett@beckettlaw.com>; Richard Dejean <rdejean@dejeanlaw.comcastbiz.net>
**Subject:** [EXTERNAL] That trip to Indiana in the first two weeks of January...

[Quoted text hidden]

eugene bolin <eugenebolin@gmail.com>                                    Thu, Nov 29, 2018 at 3:01 PM
To: "Johnson, Ryan" <rjohnson@joneswalker.com>
Cc: Joseph Corr <jcorr@corrdowns.com>, "Percy, James" <jpercy@joneswalker.com>, Jacob Downs <jdowns@corrdowns.com>, Guy Beckett <gbeckett@beckettlaw.com>, Richard Dejean

<rdejean@dejeanlaw.comcastbiz.net>

Dear Ryan:

Thank you for your email.

The starting point in any big deposition trip like this, is to *first* determine if all the the lawyers are available.

Guy Beckett and I are available during the week of January 7 to go to Goshen.

Now we are simply asking you to tell us if your side is ready also.

Respectfully, I will not be drafting a dozen deposition and inspection notices until we at least have the deposition dates nailed down.

Please confirm the availability of yourself and/or any other lawyers on your side for the week of the 7th, and then I will get to work on the notices.

If a witness or two is unavailable the week of the 7th, we can solve that one way or another.

You have not yet asked for our clients' depositions, but I assume you want them before the cutoff for certification discovery.

Please let us know about this also.

Thanks and I look forward to hearing from you soon.

Gene Bolin

Law Offices of Eugene N. Bolin, Jr.
A Professional Services Corporation
Attorney at Law, WSBA #11450
*eugenebolin@gmail.com*
Waterfront Park Building, Suite 308
144 Railroad Avenue
Edmonds, WA 98020
Edmonds: 425-582-8165
Seattle: 206-527-2700
Toll free: 1-888-527-2710
Fax 888-527-2710

[Quoted text hidden]

---

**Johnson, Ryan** <rjohnson@joneswalker.com>                      Thu, Nov 29, 2018 at 3:05 PM
To: eugene bolin <eugenebolin@gmail.com>
Cc: Joseph Corr <jcorr@corrdowns.com>, "Percy, James" <jpercy@joneswalker.com>, Jacob Downs
<jdowns@corrdowns.com>, Guy Beckett <gbeckett@beckettlaw.com>, Richard Dejean
<rdejean@dejeanlaw.comcastbiz.net>

Gene, I'm confused about the "dozen" notices.  I'm probably not understanding your email.

As to the 30(b)(6), we only need one notice with the topics listed out.

On the individual depositions, I understand your point, and are simply asking for the names of the individuals that you would like to depose.

On the Rule 34 inspection, seems to me that would only be one notice as well—just identify what the proposed inspection would be.

Thanks.

**Ryan E. Johnson** | Partner
Jones Walker LLP
D: 225.248.2080
rjohnson@joneswalker.com

**From:** eugene bolin <eugenebolin@gmail.com>
**Sent:** Thursday, November 29, 2018 5:01 PM
**To:** Johnson, Ryan <rjohnson@joneswalker.com>
**Cc:** Joseph Corr <jcorr@corrdowns.com>; Percy, James <jpercy@joneswalker.com>; Jacob Downs <jdowns@corrdowns.com>; Guy Beckett <gbeckett@beckettlaw.com>; Richard Dejean <rdejean@dejeanlaw.comcastbiz.net>
**Subject:** Re: [EXTERNAL] That trip to Indiana in the first two weeks of January...

[Quoted text hidden]

---

eugene bolin <eugenebolin@gmail.com>          Fri, Nov 30, 2018 at 8:15 AM
To: "Johnson, Ryan" <rjohnson@joneswalker.com>
Cc: Joseph Corr <jcorr@corrdowns.com>, "Percy, James" <jpercy@joneswalker.com>, Jacob Downs <jdowns@corrdowns.com>, Guy Beckett <gbeckett@beckettlaw.com>, Richard Dejean <rdejean@dejeanlaw.comcastbiz.net>

Ryan:

No, I think you read and understood my last message correctly.

I think its a certainty that Keystone will designate multiple speaking agents, because it is unlikely that one person will have the most knowledge about any one topic.

We will ask for the person most knowledgeable for each topic we designate.

The persons we will likely start with, are the records custodians and persons most knowledgeable about the discovery responses by your client.

For example, I would like to take the deposition of Keystone's senior corporate counsel to discuss the company's responses and documents relating to lawsuits filed against the company.

We will not seek privileged information or documents of course---but I don't want the company to think it can designate a paralegal or some other non-lawyer to discuss the company's responses to our requests for prior lawsuits and claims filed against it.

Besides this, we are working on a list of various managers we would like to depose.

But lets talk first about the availability of defense counsel from January 7-11.

Can you please confirm your availability during that week?

Thanks for your anticipated cooperation...

Gene Bolin

Law Offices of Eugene N. Bolin, Jr.
A Professional Services Corporation
Attorney at Law, WSBA #11450
eugenebolin@gmail.com
Waterfront Park Building, Suite 308
144 Railroad Avenue
Edmonds, WA 98020
Edmonds: 425-582-8165
Seattle: 206-527-2700
Toll free: 1-888-527-2710
Fax 888-527-2710

[Quoted text hidden]

---

**Johnson, Ryan** <rjohnson@joneswalker.com>                    Fri, Nov 30, 2018 at 8:19 AM
To: eugene bolin <eugenebolin@gmail.com>
Cc: Joseph Corr <jcorr@corrdowns.com>, "Percy, James" <jpercy@joneswalker.com>, Jacob Downs
<jdowns@corrdowns.com>, Guy Beckett <gbeckett@beckettlaw.com>, Richard Dejean
<rdejean@dejeanlaw.comcastbiz.net>

Gene—We aren't in a position to respond on specific dates in January or otherwise until we have a 30(b)(6) notice with the topics and a Rule 34 inspection notice, along with a list of the individual depositions, if any, you want to take.

Please provide those so that we can move forward.

Ryan

**Ryan E. Johnson** | Partner
Jones Walker LLP
D: 225.248.2080
rjohnson@joneswalker.com

**From:** eugene bolin <eugenebolin@gmail.com>
**Sent:** Friday, November 30, 2018 10:16 AM

[Quoted text hidden]

[Quoted text hidden]

---

**eugene bolin** <eugenebolin@gmail.com>            Fri, Nov 30, 2018 at 9:47 AM
To: "Johnson, Ryan" <rjohnson@joneswalker.com>
Cc: Joseph Corr <jcorr@corrdowns.com>, "Percy, James" <jpercy@joneswalker.com>, Jacob Downs
<jdowns@corrdowns.com>, Guy Beckett <gbeckett@beckettlaw.com>, Richard Dejean
<rdejean@dejeanlaw.comcastbiz.net>

Again Ryan---we are not going to prepare any notices until we at least know the availability of the lawyers for the
depositions we are talking about.

Are you really sure you want to fight about this?

We have a fundamental duty under the rules to cooperate with each other in discovery matters---and so far, the defense
is offering none.

Gene Bolin

Law Offices of Eugene N. Bolin, Jr.
A Professional Services Corporation
Attorney at Law, WSBA #11450
*eugenebolin@gmail.com*
Waterfront Park Building, Suite 308
144 Railroad Avenue
Edmonds, WA 98020
Edmonds: 425-582-8165
Seattle: 206-527-2700
Toll free: 1-888-527-2710
Fax 888-527-2710

[Quoted text hidden]

EXHIBIT 4

 **Gmail**

eugene bolin <eugenebolin@gmail.com>

## Cole Depoositions in Goshen during January 7 - 11

eugene bolin <eugenebolin@gmail.com>      Tue, Dec 4, 2018 at 3:25 PM
To: "Johnson, Ryan" <rjohnson@joneswalker.com>
Cc: Joseph Corr <jcorr@corrdowns.com>, "Percy, James" <jpercy@joneswalker.com>, Jacob Downs
<jdowns@corrdowns.com>, Guy Beckett <gbeckett@beckettlaw.com>, Richard Dejean
<rdejean@dejeanlaw.comcastbiz.net>

Dear Ryan:

In our continuing effort to schedule the depositions of your clients representatives and employees, we have prepared a partial list of the fact witnesses we would like to depose in the certification stage of the discovery.

We can provide a more complete list once we receive your responses to our discovery.

Our list does not yet include any speaking agents.

We would first like to get as far as we can with fact-witnesses and only take CR 30(b)(6) depositions for those areas where a fact witness is not available.

We propose taking the depositions of all fact witnesses in serial fashion, at perhaps one-hour intervals, from January 7, beginning at 10 am, and continuing through approximately midday on Thursday, January 10..

Around noon on Thursday, January  10, we would like to depose various records custodians who were directly involved in the retrieval and collection of whatever documents you provide in response to our Requests.

We would like to reserve Friday, January 11, for the deposition(s) of Keystone's speaking agent(s).

I don't believe we will need to perform a formal inspection and video the inside of any plants, as long as your client can provide us with at least a 30 minute informal tour during operations.

We need to develop at least an informal idea, so we can get some sort of idea of the manufacturing process.

Please tell us of your availability, and the witnesses, before I serve the deposition notices.

if you have any objections to the depositions of the fact witnesses above, please let us know as soon as possible.

We would like to resolve any such objections with the court as soon as we can.

Thank you for your anticipated cooperation and we look forward to hearing from you soon.

Gene Bolin

### Persons to Depose at Keystone the week of January 7 - 11

Matt Zimmerman, CEO of Keystone RV Company

Mark Bullock, Senior Director of Engineering for Keystone RV Company

Rick Deisler, Vice President of Customer Service for Keystone RV Company

Rick Diesler, VP of Service Operations for Keystone

Jamie Clark, Compliance Manager (handles NHTSA issues)

David Thomas, General Counsel for Keystone RV

Colin Reilly, Associate (?) Counsel for Keystone RV Company

Jennifer _____, Paralegal

Mark Widham, Manager of IT Services

Kimberly Dooley, manager of phone services and recordings?

Sasha Reinas, manager of the retail group and its call center

Chris Delapaz, manager of the service group and its call center

Christina Chapman, manager of the warranty group and its call center

Jeff Snyder, Keystone's Director of Engineering

Don Battles, Dutchmen Director of Engineering

Brad Giggy, Director of Crossroads Engineering

General Manager of Warranty Operations

Manager of the Customer Service Department

Kimberly Dooley

Law Offices of Eugene N. Bolin, Jr.
A Professional Services Corporation
Attorney at Law, WSBA #11450
eugenebolin@gmail.com
Waterfront Park Building, Suite 308
144 Railroad Avenue
Edmonds, WA 98020
Edmonds: 425-582-8165
Seattle: 206-527-2700
Toll free: 1-888-527-2710
Fax 888-527-2710

.

# EXHIBIT 5

 **Gmail**

<div align="right">eugene bolin &lt;eugenebolin@gmail.com&gt;</div>

---

## Cole Depoositions in Goshen during January 7 - 11

---

**eugene bolin** &lt;eugenebolin@gmail.com&gt;                                    Wed, Dec 5, 2018 at 10:30 AM
To: "Johnson, Ryan" &lt;rjohnson@joneswalker.com&gt;
Cc: Joseph Corr &lt;jcorr@corrdowns.com&gt;, "Percy, James" &lt;jpercy@joneswalker.com&gt;, Jacob Downs
&lt;jdowns@corrdowns.com&gt;, Guy Beckett &lt;gbeckett@beckettlaw.com&gt;, Richard Dejean
&lt;rdejean@dejeanlaw.comcastbiz.net&gt;
Bcc: David Johnson &lt;davjoh19@icloud.com&gt;, Judy Cole &lt;judy7.cole@icloud.com&gt;, louise michael
&lt;lbeth1933@hotmail.com&gt;

Dear Ryan:

Thank you for your email.

First, I will move on Friday for an order under FRCP Rule 30(a)(2), to expand the number of depositions beyond 10.

Second, please tell us when you would like to take the deposition of plaintiffs so we can get them on our calendars now.

Third, I will provide you with a more complete response to your message later. The plaintiffs have consistently demonstrated in this, and other Keystone cases, a willingness to negotiate and resolve any discovery dispute or issue.

Fourth, please let me be frank about our approach to discovery in this case.

I don't have much time now because I am working on a motion for sanctions against Keystone that must be filed tomorrow. The motion is for discovery violations which resulted in the erroneous dismissal of my client's suit against Keystone in Waldal v. Keystone. This is the second major motion for discovery sanctions I have had to draft against Keystone—the first being in McSherry v. Keystone. And our co-counsel in this case, Rich Dejean, also had substantial discovery problems with Keystone in yet a third suit, which contributed to the dismissal of that suit.

This experience provides us with a very reasonable basis to conclude that history will repeat itself—that Keystone will again obstruct key discovery in this lawsuit. Just between the attorneys representing the plaintiffs in this case, we have *three* separate cases against Keystone involving substantial discovery violations which prejudiced the plaintiffs. Your refusal to work with us in discussing *preliminary* scheduling matters in this case, tells us that Keystone intends to exercise the same litigation tactics in this case.

Now we are on a short clock to complete the certification discovery. This largely because of the five months we lost after complying with Keystone's request to stay discovery until the court ruled on your FRCP 12 motion.

This weekend I will draft the FRCP 30(b)(6) notices you have requested, along with the notices for Keystone's fact witnesses. You will receive them on Monday at the latest. If you cannot substantially agree to these notices and our proposed schedule, we will first request a discovery conference to try to resolve the problem. If that proves unsuccessful, we will promptly file a motion to compel the depositions and seek our fees—which will necessarily result in providing the court with the basis for our motion.

Again, we have a duty to cooperate in all discovery matters and spare the court's involvement in these matters—especially routine scheduling issues. All of us on our side hope that Keystone and its counsel will reconsider its approach to discovery issues and follow the rules.

I look forward to your response to this message, including confirmation of your availability for depositions in Goshen the week of September 7-11 and the dates when you would like to take the plaintiffs' depositions.

Sincerely,
Gene Bolin

EXHIBIT 6

 **Gmail**

eugene bolin <eugenebolin@gmail.com>

---

## Notices of Depositions - Cole, et al. v. Keystone
1 message

---

**eugene bolin** <eugenebolin@gmail.com>                    Mon, Dec 10, 2018 at 1:50 PM
To: Joseph Corr <jcorr@corrdowns.com>, "Percy, James" <jpercy@joneswalker.com>, "Johnson, Ryan" <rjohnson@joneswalker.com>, Jacob Downs <jdowns@corrdowns.com>
Cc: Richard Dejean <rdejean@dejeanlaw.comcastbiz.net>, Guy Beckett <gbeckett@beckettlaw.com>
Bcc: Judy Cole <judy7.cole@icloud.com>, David Johnson <davjoh19@icloud.com>, louise michael <lbeth1933@hotmail.com>

Dear All:

Attached to this message you will find nine (9) notices for depositions which have been scheduled to take place at Keystone's offices in Goshen, Indiana, for the week of January 7-11.

I have been forced to note and transmit these deposition notices unilaterally, in light of the lack of cooperation from defense counsel in this routine scheduling task.

Please call me as soon as you can, if you have any questions or objections to the notices attached to this message.

Sincerely,

Gene Bolin
Plaintiffs' Counsel

Law Offices of Eugene N. Bolin, Jr.
A Professional Services Corporation
Attorney at Law, WSBA #11450
*eugenebolin@gmail.com*
Waterfront Park Building, Suite 308
144 Railroad Avenue
Edmonds, WA 98020
Edmonds: 425-582-8165
Seattle: 206-527-2700
Toll free: 1-888-527-2710
Fax 888-527-2710

---

**9 attachments**

📄 **Dep Notice - Records Custodian.pdf**
    520K

📄 **Dep Notice - David Thomas.pdf**
    486K

📄 **Dep Notice - Misty Martin.pdf**
    486K

📄 **Dep Notice - Shelly Zartman.pdf**
    486K

📄 **Dep Notice - Sherry Clayton.pdf**
    485K

📄 **Dep Notice - Michele Diaz.pdf**
    480K

Dep Notice - Sonia Klem.pdf
487K

Dep Notice - Nici Morrison.pdf
483K

Dep Notice - Keystone Speaking Agent.pdf
720K

# EXHIBIT 7

 **Gmail**

eugene bolin <eugenebolin@gmail.com>

---

## Grossly inadequate discovery responses in Cole v. Keystone...

---

**eugene bolin** <eugenebolin@gmail.com>                                    Tue, Dec 18, 2018 at 12:56 PM
To: "Johnson, Ryan" <rjohnson@joneswalker.com>, Joseph Corr <jcorr@corrdowns.com>, Jacob Downs
<jdowns@corrdowns.com>, "Percy, James" <jpercy@joneswalker.com>
Cc: Guy Beckett <gbeckett@beckettlaw.com>, Richard Dejean <rdejean@dejeanlaw.comcastbiz.net>

Dear Counsel:

We have received and reviewed most of your client's discovery responses which were transmitted to us electronically
last Friday, December 14. They are grossly inadequate and appear to violate the discovery provisions of the Federal
Rules of Civil Procedure in numerous respects.

I doubt all of these inadequacies can be cured in a single discovery conference, but the plaintiffs would nonetheless like
to schedule one as soon as possible. We suggest a date between the Christmas and New Year holidays. Please let us
know your availability for such a conference at your earliest convenience.

If you have any other documents or supplementation to provide, we suggest that you do so before the conference and in
time for us to review them.

Thank you for your anticipated cooperation.

Gene Bolin


Law Offices of Eugene N. Bolin, Jr.
A Professional Services Corporation
Attorney at Law, WSBA #11450
*eugenebolin@gmail.com*
Waterfront Park Building, Suite 308
144 Railroad Avenue
Edmonds, WA 98020
Edmonds: 425-582-8165
Seattle: 206-527-2700
Toll free: 1-888-527-2710
Fax 888-527-2710

EXHIBIT 8

**The Law Offices of**
**Eugene Nelson Bolin, Jr.**
a professional services corporation

425-582-2621 ■ 425-582-8165
Toll Free / Fax 888-527-2710
eugenebolin@gmail.com

**Waterfront Park Building**   ■   **144 Railroad Avenue, Suite 308**   ■   **Edmonds, WA  98020**

January 23, 2019

Ryan E. Johnson
James C. Percy
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA   70809
Phone:  225-248-2130
rjohnson@joneswalker.com
jpercy@joneswalker.com

Joseph P. Corr
Corr Downs PLLC
100 W Harrison St., Ste. N440
Seattle, WA  98119-4163
Phone:  206-962-5042
jcorr@corrdowns.com

Re: Your December 28 responses to the Plaintiffs' First Requests for Admission

Dear Counsel:

We served your offices with 23 requests for admissions on November 28, 2018 and received your responses on December 28, 2018. Of the 23 requests we made, *you answered none*. You objected to most requests as "vague and overly broad." Two requests drew an objection that that the requests called for a legal or medical conclusion or opinion One request (#9) drew an objection that the request was also "argumentative."

All of your objections are baseless and were obviously made solely for the purpose of obstructing discovery and needlessly increasing the costs of litigation.  This is evident by the cut and pasting of the same, boiler-plate objections to most of the requests made.

We ask that you amend your responses within the next seven days. You have had our requests now for nearly two months.  If you cannot do so, we will conduct a discovery conference as a prerequisite to a motion to compel your responses.  We will also seek fees and terms, given the total failure of your client to meaningfully participate in this discovery.

Ryan Johnson
Joseph Corr
James Percy
January 23, 2019
Page 2

Our specific responses to each of your objections are set forth below.

1.   **No answer.** This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

2.   **No answer.**  This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

3.   **No answer.**  This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

4.   **No answer.**  This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

5.   **No answer.**  This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

6.   **No answer.**  This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

7.   **No answer.**  This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

8.   **No answer.**  This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

9.   **No answer.**  This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

10.  **No answer.**  This RFA does not call for a legal or medical conclusion or opinion, but seeks Keystone's own understanding and purpose in cautioning consumers about the "prolonged occupancy" of its RVs.

11.  **No answer.**  This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

Ryan Johnson
Joseph Corr
James Percy
January 23, 2019
Page 3

12. **No answer.** This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

13. **No answer.** This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

14. **No answer.** This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

15. **No answer.** This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

16. **No answer.** This request does not seek a legal or medical conclusion or opinion, but seeks Keystone's own understanding of the information described in the request. The word "prolonged" is intended by the plaintiffs to have the same meaning as in Keystone's phrase "prolonged occupancy" found in its owners manuals. The words "exposure" and "health hazard" are used with the common definitions.

17. **No answer.** This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

18. **No answer.** This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

19. **No answer.** This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

20. **No answer.** This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

21. **No answer.** This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

22. **No answer.** See item 16 above.

Ryan Johnson
Joseph Corr
James Percy
January 23, 2019
Page 4

23. **No answer.** This RFA is intended to cover the four year period before the filing of the original complaint. Please provide an amended response.

Thank you for your cooperation and I look forward to receiving your response as soon as you can provide it to us.

Very truly yours,

Eugene N. Bolin, Jr.

ENB:rvb

CC:     Co-Counsel
        Clients

EXHIBIT 9

**The Law Offices of**
**Eugene Nelson Bolin, Jr.**
a professional services corporation

425-582-2621 ■ 425-582-8165
Toll Free / Fax 888-527-2710
eugenebolin@gmail.com

Waterfront Park Building     ■     144 Railroad Avenue, Suite 308     ■     Edmonds, WA  98020

January 29, 2019

Ryan E. Johnson
James C. Percy
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA   70809
Phone:  225-248-2130
rjohnson@joneswalker.com
jpercy@joneswalker.com

Joseph P. Corr
Corr Downs PLLC
100 W Harrison St., Ste. N440
Seattle, WA  98119-4163
Phone:  206-962-5042
jcorr@corrdowns.com

> **Re:    Keystone's Deficient Responses to Plaintiffs' First Interrogatories
> and RFPs and Other Discovery Issues**

Dear Counsel:

The plaintiffs and their counsel remain extremely concerned with Keystone's near-total refusal to provide meaningful discovery which has been specifically requested by the plaintiffs. Instead of providing information and documents which have been specifically requested, Keystone either objects and provides no information or documents, or provides argumentative answers which are not responsive.  Only a small fraction of the total discovery and documents requested, have been produced.

**Plaintiffs' Request for Another Discovery Conference and Continuance**

Again, the plaintiffs request a discovery conference again as soon as possible. Plaintiffs' counsel are available for a telephone conference on February 5, 6 and 7.  Please let us know if you are available on any of these dates.  If one does not take place in the coming week, the plaintiffs will file a substantial motion to compel discovery and simultaneously seek to continue the discovery cutoff for certification, and other issues. Please provide us with your position on these two issues *as soon as possible*.

Ryan Johnson
Joseph Corr
James Percy
January 29, 2019
Page 2

## Keystone's Request for Specificity in Discovery Disputes

When we first discussed Keystone's discovery responses in a telephone conference on December 28, 2018, the plaintiffs were asked (repeatedly) to provide specific comments regarding the deficiencies of the responses we received.   We have made a good faith attempt to do so since that conference. However, *Keystone's responses to virtually all of the plaintiffs' discovery has consisted almost exclusively of boilerplate objections and very few documents, compared to those that have been requested*. We therefore will not engage in such a colossal waste of time again.

Providing a specific objection to each of your responses would result in us paraphrasing or re-wording our interrogatories and requests, which we respectfully decline to do.  Our discovery requests were carefully crafted in plain english, often using words, phrases and terms that Keystone itself created---not the plaintiffs. Keystone has even objected to these interrogatories and requests, which incorporate Keystone's own language, as "vague" or "burdensome" or "overly-broad" or "incomprehensible."  We believe that your request for specificity is designed to simply obstruct discovery and attempt to run-out the clock under the Court's current schedule. Nevertheless, we provide herewith our objections to your responses to the plaintiffs' First Interrogatories and Requests for Production, which we received Dec. 14, 2018.

## Keystone's Objections to ESI Data

Page 2 of your responses includes a blanket objection like those to your responses to our RFAs: Keystone objects because the plaintiffs' RFPs that *might* involve ESI data are "overly broad, unduly burdensome and not proportional to the needs of this case . . . " You provide no information or specifics about how your objection may be cured by the plaintiffs. You also provide no factual information to support your claim that the discovery sought is "not proportional to the needs of this case."  This is difficult to believe, given that this is a class action.  How much larger must a case become before an interrogatory or request is "proportional to the needs of the case"?    Like your responses to our interrogatories, you simply refuse to produce the vast amount of documents we have requested.

Keystone and its counsel should follow the protocols of ESI production and court rules.  Your very limited response admits that you have searched *only* emails, and no other electronic data. We know from other discovery in other actions against Keystone,

Ryan Johnson
Joseph Corr
James Percy
January 29, 2019
Page 3

that the overwhelming majority of information and data received from consumers and customers who own RVs, is stored in one or more Microsoft applications used by the company, exclusive of emails. We also know that the retrieval of information and data from those MS applications is very easy, according to an MS consultant we have retained. Please tell us definitively whether you intend to produce the data stored in those MS applications, which are responsive to our requests (regardless of the volume of material).

**Managing the Document Production**

Although the volume and kinds of the documents we have requested may have been "burdensome" to produce when I first began practicing 38 years ago, the practice of complex litigation is far easier today.  Only a fraction of the time is now required of corporate defendants to produce thousands of documents, compared to 20 years ago.  If you are transmitting your client's documents to us electronically, only a modicum of effort is required and we believe it is comparable to the burden on our clients to produce the documents you have requested of us.  Our clients do not have at their disposal expensive MS applications or programs and "IT" experts on their payroll, like Keystone and Thor.

We are not persuaded by your claims of over-breadth in our requests for production.  All of the requests we have made are based on facts which are specifically pled in the complaint and amended complaint. That includes *all* of the search or query terms in your matrix on pages 2 and 3 of your December 14 responses. If you expect us to trim our requests based on your responses, I am afraid we are headed for a substantial motion to compel this discovery. On the other hand, if you can point to one or more specific requests for production for which you have a *bona fide* objection, please tell me.  There is virtually *no specificity* contained in your December 14 responses----only broad-brush objections which courts abhor.

Based on all of these facts, we renew our requests for production (all of them) and demand the electronic production (or "harvest" as you say) of all documents as soon as possible.  And do not worry about over-production: we want every document described in our requests, even if it results in duplicity in production. However, our MS expert tells us that this can be easily avoided.

Ryan Johnson
Joseph Corr
James Percy
January 29, 2019
Page 4

## Deficiencies in Keystone's Responses to Plaintiffs' First Interrogatories

**Interrogatory 1:**  Your response to this interrogatory provides little or no meaningful information.  The term "prolonged occupancy" relates to several issues in this suit. It is disingenuous at best if Keystone claims it is unable to "define" a term which it, itself, authored and published in thousands and thousands of owners manuals.  We must have a clear and meaningful response to this interrogatory. The one Keystone provided is insufficient. *This is unacceptable.*

**Interrogatory 2:**  Your response to this interrogatory provides little or no meaningful information.  This interrogatory seeks the identity of all licensed and un-licensed dealers in Washington selling Keystone RVs.  You tell us you will provide it, but your response is couched in an objection. *This is unacceptable.* As with all of Keystone's answers and documents produced pursuant to the plaintiffs' discovery, we will need the testimony of a Keystone employee with personal knowledge of the searches for the information and documents produced.

**Interrogatory 3:**  Your response to this interrogatory provides little or no meaningful information.  If Keystone has in its possession the names of "all persons who have purchased Keystone RVs in Washington in the last five years," we are entitled to receive such information. Your response does not assert that Keystone does not have the information; only that it should not have to produce this information based on several general objections lacking in specificity. See also our discussion of interrogatory 2, above. *This is unacceptable.*

**Interrogatory 4:**  Your response to this interrogatory provides little or no meaningful information.  Your objection that this interrogatory is "vague, overly broad, and unduly burdensome" is baseless. Please review Judy Cole's CRM file and other communications she has transmitted to Keystone. She complained of their discovery of black mold; her history of allergies; her husband's long history of chronic obstructive pulmonary disease; and similar "respiratory illnesses." Does Keystone really claim that it does not know that runny noses, colds, sneezing, allergies, coughing spasms, pneumonia, COPD, and other similar conditions, are "respiratory illnesses?" If so, *this is unacceptable.* If you adhere to your position, you will have to try to persuade a judge of your claim that you do not know the definition of ordinary English words and phrases.  It is immaterial that your client is purportedly producing such information despite its objection; we demand you withdraw

Ryan Johnson
Joseph Corr
James Percy
January 29, 2019
Page 5

the objection so we have a clear record of the discovery we have requested and the discovery you have produced.

**Interrogatory 5:** Your response to this interrogatory provides little or no meaningful information.  As with all or most of your other responses to the plaintiffs' discovery, you provide both an objection and then a very limited response which is inadequate on its face. *This is unacceptable*. We need clear, complete and meaningful responses to the plaintiffs' interrogatories.  Your objection that the interrogatory is somehow "vague" and "overly broad" and "not related to class-certification issues" is baseless. The central cause of action alleged against Keystone is that it violated Washington's Consumer Protection Act. The plaintiffs have a burden to prove a public interest element, which typically involves the production of other lawsuits by consumers alleging the same or similar harms, caused by the same or similar deceptive conduct. It is not a basis for an objection to claim that such lawsuits are in the public record. We want, and are entitled to receive, information and documents that reflect what Keystone knows about the lawsuits filed against it---not what a county clerk in a foreign jurisdiction knows. Please tell us immediately whether you will produce copies of all documents relating to lawsuits filed against Keystone in the last ten years.

**Interrogatory 6:**  Your response to this interrogatory provides little or no meaningful information.  Your response to this interrogatory asserts the same, baseless objections as your responses to previous interrogatories. The identities of all brand names of Keystone RVs sold in the last ten years, is indeed relevant to the causes of action alleged by the plaintiffs. Further, the information you have provided is blatantly incomplete. I reviewed document 000002 and there is no reference to the Dutchmen brand; or Crossroads; or Premier; or Colt; and likely others. This suggests that the discovery you provide is neither trustworthy nor reliable.  If these brands are indeed subsidiaries of Keystone, please tell us why they were not disclosed on your document Keystone-Cole 000002. On the other hand, if you contend that these brands are neither manufactured nor subsidiaries of Keystone, please explain why. There is substantial evidence that they are on the internet, as well as Keystone's own websites.

**Interrogatory 7:**  Your response to this interrogatory provides little or no meaningful information.   Again, your response to this interrogatory asserts the same, baseless objections as your responses to previous interrogatories. The number of RVs Keystone has sold in Washington (whether to consumers, wholesalers, or licensed dealers) is indeed relevant, if not central, to the causes of action alleged by the plaintiffs. Further,

Ryan Johnson
Joseph Corr
James Percy
January 29, 2019
Page 6

document 000003 referenced in your response is inconsistent with document 000002, referenced in your response to the previous interrogatory. Document 000003 shows only 22 Keystone name brands; document 000002 shows 31 Keystone name brands, but even it is incomplete. Please provide your explanation for these deficiencies. *This is unacceptable.*

**Interrogatory 8:**  Your response to this interrogatory provides little or no meaningful information. *This is unacceptable.*  We asked for the health risks which support Keystone's "caution" to customers, of "prolonged occupancy" of RVs. Does Keystone contend that it is healthy or unhealthy for consumers to occupy its RVs for "prolonged" periods? Please tell us.

**Interrogatory 9:**  Your response to this interrogatory provides little or no meaningful information. This interrogatory asks Keystone to "identify all management-level employees who are responsible for *identifying* risks of health hazards associated with the 'prolonged occupancy' of Keystone RVs." *(Emphasis added).*  You did not identify a single person. *This is unacceptable.*

**Interrogatory 10:**  Your response to this interrogatory provides little or no meaningful information. This interrogatory is similar to no. 9 but asks Keystone to "identify all management-level employees who are responsible for *preventing* risks of health hazards associated with the 'prolonged occupancy' of Keystone RVs." *(Emphasis added).*  Again, you did not identify a single person. *This is unacceptable.*

**Interrogatory 11:**  Your response to this interrogatory provides little or no meaningful information.  This interrogatory asks Keystone to "describe all actions" it has taken to prevent the health hazards to customers that are associate with living in a Keystone RV.  Your response fails to identify a *single* such action and is only argumentative. *This is unacceptable.*

**Interrogatory 12:**  Your response to this interrogatory provides little meaningful information. It asks Keystone to identify employees who had involvement in the "drafting or preparation of Chapter 3 of Keystone's Owners Manual. Besides Keystone's in-house counsel, three individuals were identified in Keystone's response. The interrogatory asks Keystone to "identify *all* management-level employees who had any involvement in the last five (5) years, in the drafting or preparation of Chapter 3" of the Manual. (Emphasis added).  Keystone's answer is carefully worded to provide the identities of those persons

Ryan Johnson
Joseph Corr
James Percy
January 29, 2019
Page 7

who were *"primarily involved."* This is insufficient. We also need a certification that all the names you provide to us, are indeed *all* of the management-level employees who were involved in this endeavor. This is yet another example of Keystone ignoring the language of an interrogatory or request for production, and providing the answer it wants to provide---which are often only talking-points for the defense. *This is unacceptable.*

**Interrogatory 13:** Your response to this interrogatory provides little or no meaningful information. This interrogatory asks Keystone to 'identify all Washington consumers who have purchased a Keystone RV in the last five (5) years, to live in all or most of the time." Keystone failed to provide *any* information in response to this interrogatory. However, *we know that many consumers have reported to Keystone that they live in their RVs full-time because the plaintiffs themselves communicated such facts to Keystone. This is unacceptable.* We are asking for the production of this information and these communications. Please produce these documents as soon as possible.

**Interrogatory 14:** Your response to this interrogatory provides little or no meaningful information. This interrogatory asks for Keystone's own definition of a term it used in its Owners Manual: "minor or moderate injury." Keystone objects to the interrogatory as "vague" even though it is Keystone's phrase, not the plaintiffs. Further, Keystone's response refers to an ANSI definition of the phrase, without regard to whether the ANSI definition was relied upon by Keystone when it authored the Owners Manual. *This is unacceptable.*

### Deficiencies in Keystone's Responses to Plaintiffs' First RFPs

Keystone's baseless objections to the plaintiffs' first set of interrogatories effectively obstructs the plaintiffs' ability to obtain documents because the predicate information has not been provided in interrogatory answers. Therefore, it will be necessary for Keystone to fully and completely respond to the plaintiffs' interrogatories before the plaintiff can evaluate the limited number of documents it has produced.

Notwithstanding the foregoing, below is a summary of some of the plaintiffs' complaints with Keystone's obviously deficient responses.

**RFP 1:** Your response to this request provided no responsive documents. Part of your objection is that the court has not yet entered a protective order. I am transmitting herewith an EIS stipulation from a similar case pending in the District, which I propose

Ryan Johnson
Joseph Corr
James Percy
January 29, 2019
Page 8

we utilize.  Otherwise, please provide us with a draft of your proposed order as soon as possible. The documents sought by this request is a finite number and is not unreasonable. However we are willing to limit the RFP to the production of all dealer agreements for all Washington dealers who have sold Keystone RVs in the five-year period preceding the filing of this suit.

**RFP 2:** Your response to this request provided no responsive documents. Your boilerplate objections are frivolous. We know that Keystone can obtain this data from its MS-CRM system with very little effort.  Please produce these documents as soon as possible.

**RFP 3:** Your response to this request provided no responsive documents. Keystone re-asserts its objection to interrogatory 4 by claiming it does not understand the term "respiratory illness." What part of that two-word phrase do you not understand? This is absurd as well as unacceptable. We already know that the plaintiffs have communicated their "respiratory illnesses" in the complaint and apparently Keystone had no difficulty understanding the term then. *This is unacceptable.* Please reconsider your position and produce these documents as soon as possible.

**RFP 4:** Your response to this request provided very few responsive documents.  The RFP requests communications from Keystone to consumers who complained of a respiratory illness. Is it Keystone's position that it does not have an efficient or reliable record-keeping system for its communications with consumers? *This is unacceptable.*

**RFP 5:** Your response to this request provided no responsive documents. This request is very similar to RFP 3 but it substitutes the phrase "respiratory problems" for "respiratory illnesses." This should cure your objection. However, Keystone goes on to provide a non-responsive objection to the RFP rather than respond directly to the RFP. *This is unacceptable.*

**RFP 6:** Your response to this request provided no responsive documents. The language of the correlating interrogatory is clear and concise: it requests information relating to all lawsuits filed against Keystone relating to lawsuits in which Keystone was named as a defendant and a plaintiff alleged a respiratory illness which was caused or made worse by occupying a Keystone RV. This is a burden the plaintiffs must satisfy inasmuch as they are alleging a violation of Washington's Consumer Protection statute, RCW 19.86, *et seq.* Please produce the requested documents as soon as possible.

Ryan Johnson
Joseph Corr
James Percy
January 29, 2019
Page 9

**RFP 7:** Your response to this request provided no responsive documents. Keystone reports that it sold 13,558 RVs in Washington "during the specified period" but provides no documents to "confirm" this as the RFP requests. *This is unacceptable*. Please produce the requested documents as soon as possible.

**RFP 8:** Your response to this request provided no responsive documents. If Keystone can determine the exact number of RVs it sold in Washington "during the specified period," it can produce the VINs for those RVs. This is highly relevant in correlating class members with the type of RV they purchased.  Please produce the requested documents as soon as possible.

**RFP 9:** Your response to this request apparently provided some responsive documents. However, Keystone has not provided any documents for the 2013 or 2014 year RVs, which are covered by the request. *This is unacceptable*.  Please produce the requested documents as soon as possible.

**RFP 10:** Your response to this request provided few responsive documents.  Again, the period covered by the request is five (5) years. That includes the 2013 and 2014 years, for which you have provided no documents. Please produce the requested documents as soon as possible.

**RFP 11:** Your response to this request provided no responsive documents. We need a form protective order from Keystone to review as soon as possible, as we said *supra*.  Even then, you have not indicated if Keystone has communicated with its authorized dealers about the term "prolonged occupancy" other than owners manuals.

**RFP 12:** Your response to this request provided few responsive documents. We know that mold and mildew is one of the most frequent complaints made by consumers about Keystone RVs.  It is simply unbelievable that the documents identified in your response to this RFP, are the only ones which reference mold or mildew. In the remote event Keystone's response is true, we will need a witness with personal knowledge to testify about this.  Please produce the requested documents as soon as possible.

**RFP 13:** Your response to this request provided no responsive documents. Besides all of the usual boilerplate objections, Keystone objects to the relevancy of the objection. Keystone also states that it is producing numerous standards from various GOs and NGOs,

Ryan Johnson
Joseph Corr
James Percy
January 29, 2019
Page 10

all of which are non-responsive to the request. *This is unacceptable.* Please produce the requested documents as soon as possible.

**RFP 14:**  Your response to this request provided no responsive documents. See preceding note to RFP 13.  *This is unacceptable.*

**RFP 15:**  Your response to this request provided no responsive documents. See preceding note to RFP 13.  *This is unacceptable.*

**RFP 16:**  Your response to this request provided no responsive documents. *This is unacceptable.* Yes, we are interested in all complaints Keystone RV has received concerning the presence of mold or mildew in Keystone RVs which is why we requested them.

**RFP 17:**  Your response to this request provided no responsive documents. Based on your objection, we can modify and limit this request to include the geographic area of the United States and to Keystone RVs. Please let us know as soon as possible if you will now produce these documents.

**RFP 18:**  Your response to this request provided no responsive documents.  Your objections are frivolous and do not refer to any internal documents created by Keystone relating to "mold and mildew as a cause of respiratory illnesses." Given the volume and frequency of consumer complaints regarding mold and mildew and respiratory illnesses in relation to Keystone RVs, plaintiffs are confident that Keystone has created, sent, received, or otherwise in the possession of a very large volume of such documents.

**RFP 19:** Your response to this request provided no responsive documents. *See* plaintiffs' response to RFP 18 above. Especially given Keystone's direct involvement in prior litigation and other claims alleging exposure to formaldehyde by consumers, we know that a large volume of these documents exist. Please produce them as soon as possible.

**RFP 20:**  Your response to this request provided no responsive documents. Is the Louisiana FEMA litigation the only class action suits filed against Keystone in the last 10 years? Please certify your response to this request.

**RFP 21:** Your response to this request provided no responsive documents. *See* plaintiffs' prior responses above, to other baseless Keystone objections.

Ryan Johnson
Joseph Corr
James Percy
January 29, 2019
Page 11

**RFP 22:** Your response to this request provided no responsive documents. It appears to be a practice of Keystone to object to every word and phrase in the English language which is contained in an interrogatory or request for production, as "vague." If Keystone is able to object on the basis that the interrogatory or request is "overly broad" and "unduly burdensome" then it must be able to comprehend the words or phrases used by the plaintiff used in the same interrogatory or request. Since almost every interrogatory and request has elicited these same objections from Keystone, it is clear that they are boilerplate and *have no meaningful purpose in trying to resolve discovery disputes.*

**RFP 23:** Your response to this request provided no responsive documents. This request certainly relates to class-certification issues and is therefore proper. We believe that any responsible, publicly traded company in the United States would indeed collect, maintain or create its own statistical analyses regarding the health risks to consumers from the "prolonged occupancy" of Keystone RVs. Please reconsider your objections and produce these documents as soon as possible.

**RFP 24:** Your response to this request provided no responsive documents. It strains the limits of credulity to believe that consumers have *not* transmitted thousands of reports (not lawsuits) complaining of the adverse health effects from the "prolonged occupancy" of Keystone RVs. In other responses to this discovery, Keystone reports that It has sold over one-half million RVs in the last 10 years, and "adverse health effects" from the "prolonged occupancy" of Keystone RVs appears to be the company's major exposure to consumer litigation.

**RFP 25:** Your response to this request provided no responsive documents. See plaintiffs' comments to RFP 24 above.  Please produce the requested documents as soon as you can.

**RFP 26:** Your response to this request provided no responsive documents. The plaintiffs will limit this request to the United States. Since this is a consumer protection action under Washington law, the plaintiffs cannot limit this request to the named plaintiffs, alone. The information sought by this request certainly relates to class-certification issues.  The plaintiffs ask that these documents be produced immediately.

**RFP 27:** Your response to this request provided no responsive documents. Plaintiffs agree to limit this request to the geographic area of the United States. However,

Ryan Johnson
Joseph Corr
James Percy
January 29, 2019
Page 12

Keystone's remaining objections to this request are frivolous and without basis. It is telling that Keystone objects to the use of the term "ventilation systems" as "vague" but uses the same word and its responsive objection to the request.

**RFP 28:**  Your response to this request provided no responsive documents.   See plaintiffs' comments to RFP 21 and interrogatory number 11, above.

**RFP 29:**  Your response to this request provided no responsive documents. The plaintiffs will agree to limit this request to the geographic area of the United States. However, the remaining objections asserted by Keystone are frivolous and without basis. Moisture intrusion in Keystone RVs, and the resulting health hazards, are key issue in this action in the certification phase and full discovery phase.  Please produce these documents as soon as possible.

**RFP 30:**  Your response to this request provided no responsive documents. To the extent Keystone authorizes its dealers to act as a conduit in all warranty claim matters, the dealers are agents of Keystone who receive claims directly from consumers. Keystone's objection is therefore unfounded. The plaintiffs will however agree to limit this request to the geographic area of the United States.

**RFP 31:**  Your response to this request provided no responsive documents. It appears that Keystone's objection to this request is that it captures a large number of documents which are somehow unmanageable. Still, Keystone refuses to produce a *single* document in response to this request, other than those available through the Washington Attorney General's Office. This is insufficient for purposes of satisfying this request, because it does not include CRM notes, customer emails, customer letters, lawyers demands, Better Business Bureau complaints, and other communications made to Keystone's authorized dealers regarding "unresponsive service of warranty claims related to moisture intrusion and Keystone RVs." Please produce these documents immediately.

**RFP 32:**  Your response to this request provided no responsive documents. The plaintiffs are aware that Keystone employees at least at least two in-house attorneys whose jobs presumably include monitoring litigation against the company. Does Keystone claim that its record-keeping practices regarding lawsuits filed against it, make it impossible to produce the requested documents? If so, the plaintiffs and their attorneys will be happy to review the lawsuits themselves, filed against Keystone, which allege "unresponsive

Ryan Johnson
Joseph Corr
James Percy
January 29, 2019
Page 13

service and warranty claims related to moisture intrusion in a Keystone RV." The plaintiffs will, however, agree to limit the geographic area of this request to the United States.

**RFP 33:** Your response to this request provided no responsive documents. The plaintiffs will agree to limit this request to the geographic area of the United States. This request is clear and easy to understand. Please produce the requested documents requested immediately. To the extent Keystone claims that such warranty claims are not received by Keystone, but by its authorized repair facilities instead, *see* plaintiffs' response to RFP 30, above. Please produce these documents immediately.

**RFP 34:** Your response to this request provided no responsive documents. This request is limited to the geographic area of the United States. Please see plaintiffs' comments to the last 10 requests herein, which are equally applicable to RFP 34. Please produce these documents immediately.

**RFP 35:** Your response to this request provided no responsive documents. This request is limited to the geographic area of the United States. Otherwise plaintiffs' comments to this RFP are similar to their comments to the prior ten RFPs herein. Please produce these documents immediately.

**RFP 36:** Your response to this request provided no responsive documents. This request is limited to the geographic area of the United States. Otherwise, plaintiffs' comments to this RFP are similar to the prior ten RFPs herein. Please produce these documents immediately.

**RFP 37:** Your response to this request provided no responsive documents. This request is limited to the geographic area of the United States. Please see plaintiffs' prior responses to RFPs regarding the baseless nature of Keystone's objection to this RFP. Please produce these documents immediately.

**RFP 38:** Your response to this request provided no responsive documents. This request is limited to the geographic area of the United States. Please see plaintiffs' prior responses to RFPs regarding the baseless nature of Keystone's objection to this RFP. Please produce these documents immediately.

**RFP 39:** Your response to this request provided no responsive documents. This request is limited to the geographic area of the United States. Please see plaintiffs' prior responses

Ryan Johnson
Joseph Corr
James Percy
January 29, 2019
Page 14

to RFPs regarding the baseless nature of Keystone's objection to this RFP.  Please produce these documents immediately.

**RFP 40:**  Your response to this request provided no responsive documents. See Plaintiffs' comments to RFP 32, above.  The plaintiffs will agree to limit the geographic area of this RFP to the United States.  Please produce these documents immediately.

**RFP 41:**  Your response to this request provided no responsive documents.  this request is limited to the geographic area of the United States.  However it is not limited to the plaintiff's alone, because it relates to class - certification issues. To the extent Keystone has not already done so, plaintiffs request immediate production of the company's 2014 and 2018 Policy and Procedures Manuals.

**RFP 42:**  Your response to this request provided no responsive documents.  The plaintiffs agreed to limit the geographic area of this request to the United States. The balance of Keystone's objections are baseless and without merit.  The plaintiffs therefore request that the documents described in this request be produced immediately.

Very truly yours,

Eugene N. Bolin, Jr.

ENB:rvb

CC:    Co-Counsel
       Clients