HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUDITH COLE, a single person; LOUISE MICHAEL, a single person; DAVID JOHNSON, a single person,<br><br>Plaintiffs,<br><br>v.<br><br>KEYSTONE RV COMPANY, LLC, a foreign business entity,<br><br>Defendant. | NO. 3:18-CV-05182-RBL<br><br>**DEFENDANT KEYSTONE RV COMPANY'S MOTION FOR PROTECTIVE ORDER**<br><br>**NOTE ON MOTION CALENDAR: FRIDAY, FEBRUARY 22, 2019** |

## I.   INTRODUCTION AND REQUESTED RELIEF

Defendant Keystone RV Company ("Keystone") moves this Court for a protective order pursuant to Fed. R. Civ. P. 26(c). Keystone's motion is focused on plaintiffs' First Set of Interrogatories and Requests for Production to Keystone ("First Set").[1] As set forth in their Amended Complaint, Plaintiffs' proposed class is limited to consumers in Washington who purchased Keystone recreational vehicles in the last *four* years and suffered alleged economic damages.[2] Despite that limited allegation, a number of the plaintiffs' interrogatories and document

---

[1] Declaration of Joseph P. Corr ("Corr Decl."), Ex. 1.
[2] Dkt. No. 5 at ¶¶ 1.1, 1.2.

DEFENDANT KEYSTONE RV COMPANY'S MOTION FOR
PROTECTIVE ORDER- 1
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

requests in the First Set either have no geographic or temporal limits or have limitations which are not reasonable in light of the proposed class. For the reasons explained more fully below, Keystone requests the Court enter a protective order that provides the following relief:

1. Limiting the temporal scope of the information sought by plaintiffs in the discovery requests listed below to the last four years, or some other reasonable period of time consistent with the plaintiffs' class allegations; and

2. Restricting the geographic scope of the discovery requests listed below to matters affecting consumers in the state of Washington rather than a nationwide basis.

## II.   STATEMENT OF FACTS

To date, plaintiffs have served Keystone with *seven* separate sets of discovery requests, all of which were propounded during a less than two-month time period and some of which were served within days of each other.[3] Plaintiffs served several sets of these discovery requests before even receiving responses from Keystone to previously propounded sets of discovery. Combined, these discovery requests include 17 interrogatories, 139 requests for production, and 61 requests for admission. Many of the discovery requests from the multiple sets of discovery overlap.[4]

Plaintiffs' class allegations relate only to economic damages. However, the vast majority of their requests in the First Set (and subsequent sets of discovery as well) seek information and documents concerning personal injuries and undefined "health hazards." Additionally, although the putative class is limited to Washington consumers who purchased Keystone recreational vehicles in the last four years, many of the interrogatories and requests for production in the First Set contain no date or geographic limitations. Plaintiffs have refused to limit the time and scope

---

[3] Plaintiffs served their multiple sets of discovery as follows: (1) First Set of Interrogatories and Document Requests, on October 16, 2018; (2) Second Set of Interrogatories and Document Requests, on October 25, 2018; (3) First Set of Requests for Admissions, on November 28, 2018; (4) Third Set of Document Requests, on November 30, 2018; (5) Fourth Set of Document Requests, on December 4, 2018; (6) Second Set of Requests for Admissions, on December 10, 2018; and (5) Fifth Set of Document Requests, on December 10, 2019.

[4] Attached as Exhibit 2 to the Corr Decl. is a chart illustrating numerous instances of significant subject matter overlap with respect to many of plaintiffs' discovery requests.

DEFENDANT KEYSTONE RV COMPANY'S MOTION FOR
PROTECTIVE ORDER- 2
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

of these discovery requests. Notably, plaintiffs have not yet certified their class or met their burden to show how the overly broad discovery is likely to provide substantiation of their class allegations.

Keystone served its responses and objections to the First Set on December 14, 2018. On January 3, 2019, the parties participated in a telephone conference to discuss several discovery issues. Plaintiffs' counsel failed to identify any specific discovery responses plaintiffs wished to discuss in advance of that call. During the conference, plaintiffs' counsel expressed general concerns about Keystone's responses and objections to the First Set, but did not address any specific discovery requests or deficiencies. However, counsel promised to provide a written explanation of plaintiffs' position so that Keystone could properly respond and attempt to resolve any discovery disputes. Plaintiffs' counsel did not provide an explanation until January 29, 2019.[5]

Upon receipt of plaintiffs' counsel's January 29, 2019 letter, which identified for the first time the specific discovery responses at issue, defense counsel conferred with Keystone regarding its responses and whether supplementation was appropriate. Counsel for Keystone was prepared to address plaintiffs' concerns and discuss supplementing certain responses during a subsequent discovery conference.[6] After conferring on the issue, the parties agreed to schedule a discovery conference regarding Keystone's responses to the First Set to occur on February 12, 2019.[7] Unfortunately, before that conference could take place, plaintiffs filed a motion to compel concerning Keystone's responses to the First Set late in the night on February 7, 2019 – five days before the scheduled meet and confer conference.[8] Although Keystone had hoped the parties could resolve or at least limit the scope of any discovery disputes during the February 12th conference and thus avoid having to file the present motion, plaintiffs' premature filing of their motion to compel has necessitated the filing of this motion.

Although Keystone's motion is focused only on the First Set, a resolution of this motion

---

[5] Corr Decl., Ex. 3.
[6] Corr Decl. at ¶ 5.
[7] Corr Decl., Ex. 4.
[8] *See* Dkt. No. 40.

DEFENDANT KEYSTONE RV COMPANY'S MOTION FOR
PROTECTIVE ORDER- 3
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

may provide guidance to the parties as to the later sets of discovery requests that suffer from the same deficiencies as the First Set—an overly broad scope with no geographic and/or date limitation. Keystone anticipates that a Court order on this subject could eliminate the need for additional motions and/or protective orders.

## DISCOVERY REQUESTS AT ISSUE

**A.    Plaintiffs' Discovery Requests With no Geographic or Temporal Limits.**

Request for Production No. 16 seeks copies of all consumer complaints (not lawsuits) which allege the presence of mold or mildew in a Keystone RV.[9] The request is not restricted to consumers in Washington and contains no date limitations whatsoever. As written, the request is not proportional with the needs of the case and seeks irrelevant information. A literal interpretation of RFP No. 16 would require Keystone to search for and produce every single document that mentions or references a consumer comment regarding mold or mildew in an RV, regardless of when or where the communication or claim was submitted. This would necessarily include warranty claims in states other than Washington, as well as in Canada, where Keystone also sells its products. This request might also arguably require production of warranty claims from other countries outside of the United States. The burden of production would be substantial. For example, Keystone estimates that *in 2018 alone* it received approximately 260,000 warranty claims. Plaintiffs' discovery request would require a manual review of all those claims (and voluminous related records) to locate even potentially responsive documents. Keystone would have to review similar records for earlier years.

Keystone objected to this request as overly broad, unduly burdensome, and because it contained no date or time limitations. Keystone also provided a detailed explanation about why an unlimited request such as this was burdensome and not proportional to the needs of the case.[10]

---

[9] *See* Corr Decl., Ex. 1 at p. 26.
[10] *Id.* at p. 27.

DEFENDANT KEYSTONE RV COMPANY'S MOTION FOR
PROTECTIVE ORDER- 4
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

In response, plaintiffs flatly refused to limit the scope of this request.[11]  Plaintiffs' counsel offered no explanation as to why these documents would be relevant or within the scope of discovery related to plaintiffs' claims which are based on a putative class limited to Washington.  The Court should limit the scope of this discovery request to responsive documents related to Washington consumers who have submitted complaints in the last four years.[12]

B. **Plaintiffs' Discovery Requests That Cover a 10-Year Time Period But Have No Geographic Limitation.**

A number of plaintiffs' interrogatories and requests for production cover a ten-year time period without any limitation to consumers in Washington.  In response to Keystone's request that plaintiffs limit the scope of these discovery to consumers in Washington over the last four years, plaintiffs refused to restrict either the time-period or scope of the requests.   Keystone requests the Court limit the following interrogatories and requests for production to plaintiffs' proposed class by restricting the scope of the requests to Washington consumers over the last four years:

- *Interrogatory No. 5* (list every lawsuit filed against the company in the last 10 years "where Keystone was named a defendant and a plaintiff alleged that a respiratory illness was caused or made worse by occupying a Keystone RV");[13]

- *Interrogatory No. 11* (describe "all actions taken by Keystone in the last ten (10) years, to prevent the risk of health hazards to consumers associated with living in a Keystone RV");

- *RFP No. 5* (produce all documents Keystone "created in the last ten years which inform consumers with a history of respiratory problems that they should not buy or occupy of Keystone RVs.");

---

[11] *See* Corr Decl., Ex. 2 at p. 10.
[12] Some of plaintiffs' subsequent discovery requests in their second, third, fourth, and fifth set of interrogatories and requests for production are similarly worded and contain no date and geographic limitations.
[13] Plaintiffs apparently contend every lawsuit filed against Keystone is relevant to their claims made under the Washington Consumer Protection Act ("CPA").  This argument misses the mark.  The Washington Consumer Protection Act ("CPA") does not bring every action by Keystone within its scope.  Instead, on its face it applies to trade or commerce which "directly or indirectly affects the people of the state of Washington."  *See* RCW §19.86.10.

DEFENDANT KEYSTONE RV COMPANY'S MOTION FOR
PROTECTIVE ORDER- 5
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

- *RFP No. 6* (all documents which "reference each lawsuit" identified in response to Interrogatory No. 5);

- *RFP No. 13* (all documents Keystone created or received in the last 10 years "which refer to Keystone's efforts to eliminate or reduce moisture intrusion in Keystone RV's");[14]

- *RFP No. 14* (all documents Keystone created or received in the last 10 years "which refer to Keystone's efforts to minimize or reduce the development of mold and mildew …");

- *RFP No. 15* (all documents Keystone created or received within the last 10 years which "refer to Keystone's efforts to minimize or reduce formaldehyde in Keystone RVs");

- *RFP No. 17* (all documents Keystone created or received in the last 10 years which "refer in whole or part to moisture intrusion in RVs as a cause of respiratory illness");

- *RFP No. 18* (all documents Keystone created or received in the last 10 years which "refer in whole or part to mold and mildew as a cause of respiratory illness");

- *RFP No. 19* (all documents Keystone created or received in the last 10 years which "refer in whole or part to formaldehyde as a cause of respiratory illness");

- *RFP No. 20* ("all class action complaints filed in the last 10 years by or on behalf of one or more consumers alleging a personal injury [against] Keystone…");[15]

- *RFP No. 21* (all documents Keystone created or received in the last 10 years which "describe any of the health risks to consumers" described in response to Interrogatory No. 8);

- *RFP No. 22* (all documents Keystone created or received in the last 10 years which "contain or refer to scientific or medical research regarding the health risks to consumers of 'prolonged occupancy'");

---

[14] Keystone also objected to this request as vague and overly broad because it is unclear what plaintiffs mean by the phrase "efforts to eliminate or reduce moisture intrusion." The Court should also require plaintiffs to more precisely explain this phrase.

[15] As written, this request is not limited to the types of claims that plaintiffs assert here. This discovery request arguably includes products liability actions and any other type of actions involving a personal injury.

DEFENDANT KEYSTONE RV COMPANY'S MOTION FOR
PROTECTIVE ORDER- 6
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

- *RFP No. 23* (all documents Keystone created or received in the last 10 years which "contain or refer to or contain statistical analysis regarding the health risks to consumers of 'prolonged occupancy'");

- *RFP No. 24* (all documents and consumer reports (not lawsuits) you have received in the last 10 years which "complain of adverse health effects from the 'prolonged occupancy' of Keystone RVs");

- *RFP No. 25* (all documents Keystone has created or received in the last 10 years which "are, or refer to, lawsuits by consumers which complain of adverse health effects of living in a Keystone RV");[16]

- *RFP No. 26* (all documents Keystone has created or received in the last 10 years "which are, or refer to complaints received by a governmental agency, reporting adverse health effects to consumers related to occupying a Keystone RV");

- *RFP No. 27* (all documents Keystone created or received in the past 10 years "relating to the presence or absence of ventilation systems as a means of eliminating or reducing health hazards to consumers");

- *RFP No. 28* (all documents Keystone has created or received in the last 10 years "which refer to adverse health effects from living in a Keystone RV");

- *RFP No. 29* (all claims (not lawsuits) Keystone has received from consumers in the last 10 years "alleging moisture intrusion in a Keystone RV");[17]

- *RFP No. 30* (all complaints Keystone has "received from consumers in the last 10 years reporting slow service of warranty claims related to moisture intrusion in a Keystone RV");

---

[16] In addition to other objections, this request as drafted appears to call for documents protected by the attorney-client privilege and/or work product doctrine.

[17] The scope of this request is overly broad. As written, this request would include every consumer complaint about a water leak in a Keystone RV —nationwide— in the last 10 years.

DEFENDANT KEYSTONE RV COMPANY'S MOTION FOR
PROTECTIVE ORDER- 7
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

- *Request for Production No. 31* (all complaints (not lawsuits) Keystone "has received from consumers in the last 10 years, reporting unresponsive service of warranty claims related to moisture intrusion in a Keystone RV");

- *Request for Production No. 32* (all documents which "reference any lawsuit filed against Keystone RV in the last 10 years, which alleged unresponsive service of warranty claims related to moisture intrusion in a Keystone RV");

- *Request for Production No. 33* (all warranty claims you have received from consumers in the last 10 years, "alleging the development of mold and mildew in a Keystone RV");

- *Request for Production No. 34* (all complaints (not lawsuits) Keystone received from consumers in the last 10 years, "reporting slow service of warranty claims related to the development of mold and mildew in a Keystone RV");

- *Request for Production No. 35* (all complaints (not lawsuits) Keystone received from consumers in the last 10 years "reporting unresponsive service of warranty claims related to the development of mold and mildew in a Keystone RV);

- *Request for Production No. 36* (all documents which reference any lawsuit filed against Keystone in the last 10 years "which alleged unresponsive service of warranty claims related to the development of mold and mildew in a Keystone RV");

- *Request for Production No. 37* (all warranty claims (not lawsuits) Keystone has received from consumers in the last 10 years, "alleging the development of a respiratory illness by one occupying a Keystone RV");

- *Request for Production No. 38* (all complaints (no lawsuits) Keystone has received from consumers in the last 10 years "reporting slow service of warranty claims related to the development of a respiratory illness by one occupying a Keystone RV");

- *Request for Production No. 39* (all complaints (not lawsuits) Keystone has received in the last 10 years "reporting unresponsive service of warranty claims related to the development of respiratory illness by one occupying a Keystone RV);

DEFENDANT KEYSTONE RV COMPANY'S MOTION FOR PROTECTIVE ORDER- 8
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

- *Request for Production No. 40* (all documents which reference any lawsuit filed against Keystone in the last 10 years "which alleged unresponsive service of warranty claims related to a respiratory illness"); and

- *Request for Production No. 42* (all documents created or received by Keystone in the last 10 years "which report the death of a person who was occupying or had occupied, a Keystone RV").

C. **Plaintiffs' Discovery Requests That are Limited to Washington Consumers but Cover a 10-year Time Period.**

Plaintiffs also propounded a number of requests for production that seek information about Washington consumers, but cover a 10-year time period. That time period goes well beyond the scope of plaintiffs' proposed class (Washington consumers who purchased Keystone recreational vehicles in the last *four* years). The objectionable requests that fall under this description are RFP No. 3 (all documents within the last 10 years which "contain a report" of a respiratory illness by any person in Washington while they occupied a Keystone RV")[18] and RFP No. 4 (all documents containing a response by Keystone to any person in Washington who reported a respiratory illness while occupying a Keystone RV).

### III.   CERTIFICATION

Pursuant to Fed. R. Civ. P. 26(c)(1), Keystone certifies it made a good faith attempt to confer with plaintiffs in an effort to resolve this dispute without court action. As explained above, this Motion was necessitated by plaintiffs' decision to file a motion to compel five days before the parties were scheduled to meet and confer on the subject of Keystone's responses to the First Set.

### IV.   ISSUE STATEMENT

Whether the Court should enter a protective order narrowing the scope of the above-referenced discovery requests as set forth above.

---

[18] This request is a subset and duplicative of Request for Production No. 37.

DEFENDANT KEYSTONE RV COMPANY'S MOTION FOR
PROTECTIVE ORDER- 9
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

## V. EVIDENCE RELIED UPON

Keystone relies upon the pleadings and documents on file with the Court as well as the Declaration of Joseph P. Corr, including the exhibits attached thereto.

## VI. LEGAL AUTHORITY AND ARGUMENT

### A. Court Has Broad Discretion on Motion for Protective Order.

A court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *Reza v. Pearce*, 806 F.3d 497, 508 (9th Cir. 2015). Good cause for protective relief exists when, as here, the party establishes that complying with the discovery would be oppressive, unduly burdensome, expensive, or unlikely to promote resolution of the case. Where good cause exists, a court may fashion protective relief in various ways, including "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D).

Similarly, "[d]istrict courts have broad discretion to control the class certification process, and [w]hether or not discovery will be permitted … lies within the sound discretion of the trial court." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). Discovery disputes in putative class action lawsuits present a unique scenario insofar as "the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Mantolet v. Bolger,* 767 F.2d 1416, 1424 (9th Cir. 1985). Plaintiffs must show "that discovery measures will 'produce persuasive information substantiating the class action allegations.'" *Id.* at 1425 (citation omitted). In its discretion, a court may elect to "limit such discovery to class certification issues." *Lieberg v. Red Robin, Inc.*, No. C15-1242-TSZ, 2016 WL 1588381 (W.D.W.A. April 20, 2016) c*iting Armstrong v. Davis*, 275 F.3d 849, 873 n.28 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005).

The risk of abusive discovery practices is particularly acute in cases such as this one, involving a purported regional class, extensive chains of distribution, many third-party actors such

DEFENDANT KEYSTONE RV COMPANY'S MOTION FOR PROTECTIVE ORDER- 10
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

as dealers, and very large quantities of documents. "In such complex litigation, discovery must be 'carefully controlled.'" *Dolgow v. Anderson,* 53 F.R.D. 661, 664 (E.D.N.Y. 1971) (citation omitted). "[W]here the plaintiffs fail to make even a prima facie showing of Rule 23's prerequisites...the burden is on the plaintiff to demonstrate that discovery measures are likely to produce persuasive information substantiating the class action allegations." *Doninger v. Pac. N'west Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. 1977)(citation omitted).

B. **Plaintiffs' Discovery requests Listed Above Are Not Proportional to the Needs of This Case, Especially Prior to Class Certification.**

Fed. R. Civ. P. 26(b)(1) expressly directs a court to consider the proportionality of proposed discovery, which is to be evaluated in light of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* In determining what is "relevant" and "proportional," the district court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "The court must limit discovery that is not proportional to the needs of the case." *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wa. 2017). Additionally, courts may limit unreasonably cumulative, overly broad, unduly burdensome, or irrelevant discovery. Fed. R. Civ. P. 26(b)(2)(c). Accordingly, even when discovery has the potential to be relevant, the requesting party still must demonstrate its importance outweighs the burden or expense of production.

Here, these factors weigh against allowing Plaintiffs to require Keystone to respond to plaintiffs' discovery requests that seek information unrelated to the putative class. This information is simply not proportional to the needs of this case, which concerns a specific proposed class limited to consumers in Washington who purchased Keystone recreational vehicles in the last *four*

DEFENDANT KEYSTONE RV COMPANY'S MOTION FOR PROTECTIVE ORDER- 11
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

years and suffered alleged economic damages. To require Keystone to review all of its files to find the information sought in the discovery requests listed above would require an unreasonably excessive amount of resources and time. At a minimum, Keystone would be required to pull customer service employees from their regular jobs to manually review all pre-authorizations, all attachments to those pre-authorizations, all notes submitted by any dealers around the country, all customer relationship management entries, and all attachments included with those customer relationship management entries, over the past ten years to look for responsive information. Keystone also provided plaintiffs with a detailed description of the burden these discovery requests would impose related to a search for electronic data, as set forth in its ESI objections.[19] Despite these objections, Plaintiffs have refused to limit the scope of their discovery in any way.

**C.     The Court Should Award Keystone Its Attorney's Fees.**

Fed. R. Civ. P. 26(c)(3) and 37(a)(5) authorizes the Court to award "reasonable expenses" including attorneys' fees in connection with a motion for protective order. Attorney's fees are appropriate here because Keystone made multiple good faith efforts to resolve the issues related to these discovery requests, to no avail. Specifically, Keystone was prepared to address plaintiffs' concerns and discuss supplementing certain responses during a subsequent discovery conference. Unfortunately, plaintiffs prematurely filed a motion to compel five days prior to the scheduled discovery conference, which said filing necessitated this motion.[20]

## IV.     CONCLUSION

For the reasons stated above, Keystone requests that the Court grant its Motion for Protective Order. A proposed form of Order detailing the specific relief requested is provided herewith.

---

[19] Corr Decl., Ex. 1 at pp. 2-5.
[20] *See supra* Keystone's Statement of Facts at p.3, line 13 – p. 4, line 2.

DEFENDANT KEYSTONE RV COMPANY'S MOTION FOR
PROTECTIVE ORDER- 12
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

DATED: February 14, 2019

        CORR|DOWNS PLLC

        *s/Joseph P. Corr*
Joseph P. Corr, WSBA #36584
100 W. Harrison. St., Ste. N440
Seattle, WA 98119
jcorr@corrdowns.com
Telephone: 206.962.5040

JONES WALKER L.L.P.

*s/Ryan E. Johnson*
Ryan E. Johnson (*pro hac vice*)
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809
rjohnson@joneswalker.com
Telephone: 225.248.2080

***Attorneys for Defendant Keystone RV Company***

DEFENDANT KEYSTONE RV COMPANY'S MOTION FOR PROTECTIVE ORDER- 13
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

# CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused a copy of the foregoing document to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Mr. Eugene N. Bolin, Jr.
Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Ave., Suite 308
Edmonds, WA 98020
eugenebolin@gmail.com
Attorneys for Plaintiffs

Mr. Guy W. Beckett
Berry & Beckett, PLLP
1708 Bellevue Ave.
Seattle, WA 98122
gbeckett@beckettlaw.com

Mr. Richard DeJean
Law Offices of Richard F. DeJean
PO Box 867
Sumner, WA 98390
rdejean@dejeanlaw.comcastbiz.net
Attorneys for Plaintiffs

I affirm under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

DATED this 14th day of February, 2019.

By /s/ Isabella Riddle
Isabella Riddle

DEFENDANT KEYSTONE RV COMPANY'S MOTION FOR
PROTECTIVE ORDER- 14
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040