The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUDITH COLE, a single person; LOUISE MICHAEL, a single person; DAVID JOHNSON, a single person, | NO. 3:18-cv-05182-RBL |
| Plaintiffs, | **PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY AND AWARD FEES PURSUANT TO FRCP 37** |
| v. | |
| KEYSTONE RV COMPANY, a foreign business entity, | **NOTE ON MOTION CALENDAR: FRIDAY, MARCH 1, 2019** |
| Defendant. | **JURY TRIAL** |

## I.    INTRODUCTION

This motion is filed on the heels of the plaintiffs' first motion to compel discovery against Keystone, filed one week ago today.[1] The plaintiffs' first motion to compel concerned pervasive deficiencies in Keystone's responses to the plaintiffs' first set of interrogatories, etc., and their first requests for admission directed to Keystone.  Keystone objected to **12 out of 14** interrogatories; **41 out of 42** requests for production; and **23**

---

[1] Plaintiffs incorporate their first motion to compel discovery by reference herein.

**PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY AND AWARD FEES PURSUANT TO FRCP 37 - 1**
**3:18-cv-05182-RBL**

**Law Offices of Eugene N. Bolin, Jr., P.S.**
**144 Railroad Avenue, Suite 308**
**Edmonds, WA  98020**
**206-527-2700  / 425-582-8165**
**Toll Free / Fax: 888-527-2710**

**out of 23** requests for admission.  In all, Keystone objected to **76 out of 79** discovery requests.   Much of the discovery sought was objective information in Keystone's possession, such as the names of company employees, specific complaints made by consumers, specific lawsuits filed against the company, and similar kinds of information readily available to Keystone. The information and documents which Keystone did provide in this discovery, was almost always non-responsive.

The instant motion concerns (again) pervasive deficiencies in Keystone's responses to the plaintiffs' second through fifth set of interrogatories, etc.  In response to the plaintiffs' second set of interrogatories, etc., Keystone objected to **3 out of 3** interrogatories and **25 out of 25** requests for production.  In response to the plaintiffs' third set of requests for production (no interrogatories), Keystone objected to **20 out of 20** requests.   In response to the plaintiffs' fourth set of requests for production (no interrogatories), Keystone objected to **33 out of 33** requests.  In response to the plaintiffs' fifth set of requests for production (no interrogatories), Keystone objected to **18 out of 19** requests. In all, Keystone objected to **99 out of 100** discovery requests which are the subject of this motion.

Both of the plaintiffs' first and the second motions to compel discovery are remarkably similar in the dense, repetitive, and boiler-plate nature of Keystone's multiple objections, while lacking in any substantive responses. And just like the first motion to compel, much of the discovery requested by the plaintiffs which is the subject of the instant motion, seeks objective information in the possession of Keystone.  The limited

PLAINTIFFS' SECOND MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 2
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

1  information and documents which Keystone has provided in discovery is almost always

2  non-responsive.

3      For example, one of the key issues in the case involves Keystone's "caution" to

4  consumers regarding the "prolonged occupancy" of its RVs, which Keystone publishes in

5  its Owners Manual.[2] The actual "caution" was reproduced from the Manual in the

6  plaintiffs' amended complaint at par. **3.14**. *Dkt. 5, pg. 9.* The same phrase ("prolonged

7  occupancy"), in whole or part , is also referenced in numerous other parts of the amended

8  complaint. For example, *see* **pars. 1.3, 1.5-1.8, 1.10-1.11, 2.5, 3.1, 3.3, 3.7, 3.9,**

9  **3.17, 3.19-3.20, 3.25, 3.28 and 9.1.**

10

11     The plaintiffs have repeatedly sought in discovery to determine what Keystone

12 means by its own term, "prolonged occupancy," and the health hazards that it says could

13 result from "prolonged occupancy." In the plaintiffs' *second* set of interrogatories and

14 requests, the plaintiffs sought this information in **RFP 20 and 24**; in the third set, the

15 plaintiffs sought this information in **RFPs 1, 9-11, and 19-20**; in the fourth set, the

16 plaintiffs sought this information in **RFP 24, 29 and 31**; and in the fifth set, the plaintiffs

17 sought this information in **RFP 4.** *In all twelve of these requests, Keystone provided no*

18 *substantive information or documents about what the company means by the term*

19 *"prolonged occupancy."*

20

21

22 _____

23 [2] The plaintiffs' complaint alleges that disclaimers, such as Keystone's "caution" to consumers, must be
24 disclosed to consumers before the purchase of the product, and not buried on a 98-page Owners Manual,
   which most consumers never read cover-to-cover.

25

**PLAINTIFFS' SECOND MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 3**
3:18-cv-05182-RBL

**Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710**

1
2
3
4

The plaintiff has sought similar information about Keystone's own language in its Owners Manuals, including "health hazards" the company asserts will result from the "prolonged occupancy" of its RVs. This is referred to in the Manual in this way:

> *. . . Prolonged Occupancy (sic) can lead to premature component failure and create conditions, which if not managed properly, may be hazardous to your health and/or cause significant damage to your recreational vehicle. . . .*

5
6
7
8
9
10
11

Keystone has not provided any meaningful information or documents in response to the plaintiffs' discovery, which may explain what Keystone means by this caution, or the facts which gave rise to Keystone's decision to publish this "caution" in its Owners Manual.

12

*See* Dkt. 5, pg. 9.

13

## II.    FACTS RELEVANT TO MOTION

14

### A. The Exhibits Attached Hereto

15
16
17
18
19
20
21
22
23
24
25

This motion concerns the plaintiffs' second set of interrogatories and requests for production which were served on Keystone on October 25, 2018 (Exhibit 1 hereto); plaintiffs' third set of requests for production which were served on Keystone on November 30, 2018 (Exhibit 2 hereto); plaintiffs' forth set of requests for production which were served on Keystone on December 4, 2018 (Exhibit 3 hereto); plaintiffs' fifth set of requests for production which were served on Keystone on December 10, 2018 (Exhibit 4 hereto); and plaintiffs' second set of requests for admissions which were served on Keystone on December 10, 2018 (Exhibit 5 hereto).

PLAINTIFFS' SECOND MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 4
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

**B. Plaintiffs' Efforts to Conduct a Discovery Conference**

The plaintiffs initiated a second discovery conference with Keystone's counsel, scheduled for February 12, 2019, in advance of the instant motion. Keystone's counsel unilaterally aborted the conference the evening before, on a claim that the plaintiffs did not provide a writing to the defense describing the areas that would be discussed. Despite the plaintiffs' numerous attempts to persuade Keystone to proceed with the conference, Keystone's counsel refused to participate in the February 12 conference, or a re-scheduled discovery conference. Worse, Keystone and its counsel refused to provide *any* date or time when it *would* participate in a discovery conference.

Below is a timeline of communications regarding the February 12 discovery conference, supported by contemporaneous emails:

- January 22, 2019 – Plaintiffs' counsel sent an email requesting a discovery conference. (Ex. 6).

- January 22, 2019 – Plaintiffs' counsel sent an eight (8) page letter to Keystone's counsel requesting dates of availability for discovery conference. (Ex. 7).

- January 23, 2019 – Plaintiffs' counsel sent a two (2) page letter to Keystone's counsel regarding Keystone's inadequate responses to Plaintiffs' Second Requests for Admission. Plaintiffs' counsel requested that Keystone amend their responses to RFA's 21, 29 and 30 within seven (7) days or participate in a discovery conference. (Ex. 8).

- January 25, 2019 – Plaintiffs' counsel sent an email to Keystone's counsel requesting a discovery conference to resolve some of the discovery disputes without involving the court. (Ex. 9).

- January 31, 2019 – Plaintiffs' counsel sent an email again asking for the availability of Keystone's counsel for a discovery conference. (Ex. 10).

PLAINTIFFS' SECOND MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 5
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA 98020
206-527-2700 / 425-582-8165
Toll Free / Fax: 888-527-2710

- February 5, 2019 – Plaintiffs' counsel sent an email suggesting February 12, 2019 at 1:00 pm for a discovery conference with Keystone's counsel. (Ex. 11).

- February 6, 2019 – Plaintiffs' counsel sent an email to Keystone's counsel and provided a dial-in number for the discovery conference call. (Ex. 12).

- February 11, 2019 – Plaintiffs' counsel sent an email to Keystone's counsel confirming a discovery conference scheduled for February 12, 2019.  Later that day (6:13 p.m.), Keystone's counsel emailed Plaintiffs' counsel informing them that they would *not* be participating in the discovery conference the following day.  (Ex. 13).

- February 12, 2019 -  Keystone's counsel sent an email to Plaintiffs' counsel stating that they would not be participating in the discovery conference. (Ex. 14).

- February 12, 2019 – 12:31 p.m. – Plaintiffs' counsel sent an email to Keystone's counsel expressing disappointment over Keystone's counsel unilaterally aborting the discovery conference. (Ex. 15).

- February 12, 2019 – 3:12 p.m. – Plaintiffs' counsel sent an email to Keystone's counsel requesting a discovery conference within the following forty-eight (48) hours.  (Ex. 16).

- February 13, 2019 – Plaintiffs' counsel sent an email to Keystone's counsel again requesting authority supporting their claim that the Plaintiffs must provide an outline ahead of a discovery conference.  Plaintiffs' counsel also notified Keystone's counsel that a discovery conference call was going to begin on February 14, 2019 at 9:00 am.  (Ex. 17).

- February 13, 2019 – 4:06 p.m. –Keystone's counsel sent an email to Plaintiffs' counsel stating that they were "unavailable" for a discovery conference on February 14, 2019 at 9:00 a.m. (Ex. 18).

- February 14, 2019 – Plaintiffs' counsel sent an email to Keystone's counsel informing them that it was in bad faith to unilaterally abort a discovery conference without providing an alternate date and time.  (Ex. 19).

PLAINTIFFS' SECOND MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 6
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

### III.   LAW AND ARGUMENT

Courts have consistently found that the practice of simultaneously objecting to a request for production, and then partially answering it "without waiving the objection" to be "an incomplete and non-responsive answer" and thereby a waiver of the objection. *See*, Swackhammer v. Sprint Corp, 225 FDR 658, 660 (D. Kansas, 2004); Gammon v. Clark, 38 Wn. App. 274 (1984); Traxler v. For Motor Co., 576 NW 2d 398, 401-3 (Mich.App.,1998); and Meese v. Easton Mfg. Co., 35 FDR 162, 166 (ND Ohio, 1964).

In Gammon, a wrongful death case, the court also made note of the fact the defendant had objected to production of historical accident reports but still produced a small number notwithstanding the objection. At trial it was learned there were actually many more accident reports. This was not discernable from the original answers which contained objections. In this case as well, Defendants have repeatedly answered certain questions while also willfully withholding information. A party cannot have it both ways. Furthermore, it causes too many collateral problems that inevitably rear their head later, at trial.

Boilerplate objections give neither the court nor the other party anything with which to work. *See*, Johnson v. Mermis, 91 Wn. App. 127 (1998). In Mermis, the Court found that responses to interrogatories that included answers such as "overly broad" and "privileged" did not satisfy specificity requirements. Mermis, at 134. In this case, multiple objections contain the boilerplate "overly broad" objection with no explanation as to why defense counsel finds the question overbroad. Likewise, multiple "privilege" objections

PLAINTIFFS' SECOND MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 7
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

contain no explanation. Defendants have clearly violated the dictate outlined by our Supreme Court in <u>Mermis</u>.

Washington's civil rules, like the federal rules of civil procedure, dictate that parties comply in good faith with interrogatories and requests for production, and the other discovery rules.  The seminal case in Washington of <u>Physicians Insurance Exchange v. Fisons Corporation</u>, 122 Wn.2d 299 (1993) should have put a stop to incomplete and evasive answers to discovery requests.  Apparently it has not.

> …Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26-37.

<u>Fisons</u> at 342 citing from *Amendments to the Federal Rules of Civil Procedure* advisory committee note, 97 F.R.D. 166, 216-19 (1983).

"The responses [to interrogatories] must be consistent with the letter, spirit, and purpose of the rules." <u>Fisons</u> at 344.  "[The legal system] obviously cannot succeed without the full cooperation of the parties." <u>Fisons</u> 122 Wn.2d at 342.  At p. 341 of the <u>Fisons</u> opinion the Court cited to the aforementioned *Federal Advisory Committee* note found at 97 F.R.D. 216-219 (1983), which cited the U.S. Supreme Court case of <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947): "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."  Liberal discovery rules "make a trial less a game of blind-man's bluff and more a fair contest."   <u>Procter and Gamble Co.</u>, 356 U.S. 677 682, 2 L.Ed.2d 1077, 78 S.Ct. 983 (1958).

**PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY AND AWARD FEES PURSUANT TO FRCP 37 - 8**
3:18-cv-05182-RBL

**Law Offices of Eugene N. Bolin, Jr., P.S.**
**144 Railroad Avenue, Suite 308**
**Edmonds, WA  98020**
**206-527-2700  / 425-582-8165**
**Toll Free / Fax: 888-527-2710**

**A.  Objections – Specificity Required**

Although parties sometimes avoid answering interrogatories fully and completely by stating objections, each and every objection has a particular body of case law associated with it.  In general:

> Objections must be stated with specificity and supported by a detailed explanation as to why the interrogatory (or a class of interrogatories) is objectionable.  *See*, e.g., <u>United States v. 58.16 Acres of Land</u>,  66 F.R.D.  570 (E.D.Ill. 1975).  If only part of an interrogatory is objectionable, the responding party must answer the interrogatory to the extent that it is not objectionable.

3A Karl B. Tegland, <u>Washington Practice: Rules Practice §4</u>, 721 (5th Edition 2006).

**B.  Burdensome/Oppressive Objection**

"Burdensome and Oppressive" requires a showing that the requested information asks for undue effort or expense. Like any objection, it should be specific as to why there is a belief of burdensomeness or oppressiveness.  Tegland states:

> (b) Burdensome and oppressive.
>
> The responding party may object if producing the requested information would  involve undue effort or expense. In making a decision regarding undue burden, the court  will balance  the  burden  on  the  responding  party  to  ascertain the  information  against  the  benefit to the propounding party of having the information. <u>City of Seattle v. McConahy</u>, 86 Wn. App. 557, 937 P.2d 1133 (1997); <u>Pulsecard, Inc. v. Discover Card Services, Inc.</u>, 168 F.R.D. 295 (D.Kan. 1996); <u>Spector  Freight Systems, Inc. v. Home  Indemnity Co.</u>, 58 F.R.D. 162 (N.D.Ill. 1973) (tremendous  expenditure of time and money which would be necessary for party to specifically answer  over  10,000  separate  questions  contained  in interrogatories  outweighed  any  benefit  of compelling  answers)."

3A Karl B. Tegland, <u>Washington Practice: Rules Practice §4</u>, 721, 722 (5th Edition 2006).

PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY AND AWARD FEES PURSUANT TO FRCP 37 - 9
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

Keystone has offered no such showing and its objection to this effect must

therefore be disregarded.

### C. Assertion of Attorney-Client Privilege & "Privacy Laws"

Keystone asserted blanket attorney-client objections to certain discovery, once

again with no accompanying explanations. The attorney-client privilege exception is very

narrow.  The party asserting it carries the burden.   *See* Dietz v. Doe, 131 Wn.2d 835,

844 (1997).  How can a court determine if a claim of attorney-client privilege is valid?

The Federal Rules provide guidance.  Federal Rule of Civil Procedure 26(b)(5)(A)(ii) states

that when such privilege is claimed, the party claiming privilege must "describe the nature

of the documents, communications, or tangible things not produced or disclosed—and do

so in a manner that . . . will enable other parties to assess the claim."  FRCP

26(b)(5)(A)(ii).

### D. A Party May Obtain Any Non Privileged Matter. . .

FRCP 26(b)(1) provides:

> "Unless otherwise limited by court order, . . . [p]arties may obtain
> discovery regarding any nonprivileged matter that is relevant to
> any party's claim or defense and proportional to the needs of the
> case, considering the importance of the issues at stake in the
> action, the amount in controversy, the parties' relative access to
> relevant information, the parties' resources, the importance of
> the discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely benefit."

Keystone's discovery responses do not conform to FRCP 26(b)(1).  The plaintiffs

do not seek privileged information; nor information which is burdensome to collect; nor

PLAINTIFFS' SECOND MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 10
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

any other discovery unreasonable or improper.   Keystone has provided virtually *zero* discovery which was not already  in the possession of the plaintiffs.

### E.  The Duty of Litigants to Cooperate in Discovery

"[T]he hallmarks of discovery in federal court are, and should be, openness, transparency, and candor. Gamesmanship, ambush, surprise, and concealment have no place in federal practice." Ely v. Cabot Oil & Gas Corp., No. 3:09-CV-2284, 2016 WL 4169197, at *2 (M.D. Pa. Feb. 17, 2016), *quoting* Styler v. Frito-Lay, Inc., No. 1:13-CV-833, 2015 WL 11243423, at *5 (M.D. Pa. Mar. 18, 2015).

A repeated "failure to cooperate in discovery would result in dismissal and default." Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1117 (9th Cir. 2004), *citing* Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1413 (1990). *See also,* Malone v. U.S. Postal Service, 833 F.2d 128, 132-133 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988); Vinton v. Adam Aircraft Indus., 232 F.R.D. 650 (D. Colo. 2005); Payne v. Exxon Corp., 121 F.3d 503, (9th Cir. 1997).

In this motion, we have clear evidence of the same, two primary discovery rule violations by Keystone, that the plaintiffs' alleged in their first motion to compel discovery: 1) its failure to cooperate in scheduling and discovery matters; and 2) its persistent failure to provide any meaningful discovery.  Both have caused significant prejudice to plaintiffs and now require an order compelling discovery.

## VI.   ATTORNEYS' FEES AND COSTS

The plaintiffs request their fees and costs in their motion , on the same authority which they cited in their first motion to compel discovery.  Should the Court grant the

PLAINTIFFS' SECOND MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 11
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

instant motion and award fees, the plaintiffs will submit a fee application after the Court

files its ruling.

## VII.   CONCLUSION

For all of the reasons recited herein, the plaintiffs respectfully request that the

Court grant the plaintiffs' second motion to compel discovery and award fees.

DATED THIS 14th day of February, 2019.

**LAW OFFICES OF EUGENE N. BOLIN, JR., P.S.**
By: s/Eugene N. Bolin, Jr.
Eugene N. Bolin, Jr., WSBA #11450
Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Ave., Suite #308
Edmonds, WA  98020
Telephone: 425-582-8165
Fax:  888-527-2710
Email:  eugenebolin@gmail.com


**LAW OFFICES OF RICHARD F. DeJEAN**
By: s/Richard DeJean
Richard DeJean, WSBA #2548
PO Box 867
Sumner, WA  98390
Telephone:  253-863-0922
Email:  rdejean@dejeanlaw.comcastbiz.net

**BERRY & BECKETTT PLLP**
By: s/Guy W. Beckett
Guy W. Beckett, WSBA #14939
1708 Bellevue Avenue
Seattle, WA  98122
Telephone:  206-441-5444
Email:  gbeckett@beckettlaw.com

Attorneys for Plaintiffs

PLAINTIFFS' SECOND MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 12
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

**SUBJOINED DECLARATION OF EUGENE N. BOLIN, JR.**

Eugene N. Bolin, Jr., declares that the following is true and accurate to the best of my knowledge, under penalty of the laws of perjury of the State of Washington:

1. I am an attorney licensed to practice law in Washington and I represent the plaintiffs in this action.  I have personal knowledge of the facts and matters recited herein.

2.  Attached hereto are true and accurate copies of the following documents:

EXHIBIT 1:     Plaintiffs' second set of interrogatories and requests for production to Keystone with responses

EXHIBIT 2:     Plaintiffs' third set of requests for production to Keystone with responses

EXHIBIT 3:     Plaintiffs' fourth set of requests for production to Keystone with responses

EXHIBIT 4:     Plaintiffs' fifth set of requests for production to Keystone with responses

EXHIBIT 5:     Plaintiffs' second set of requests for admission to Keystone with responses

EXHIBIT 6:     January 22, 2019 email from Plaintiffs' counsel requesting a discovery conference.

EXHIBIT 7:     January 22, 2019 eight (8) page letter from Plaintiffs' counsel to Keystone's counsel requesting dates of availability for discovery conference.

EXHIBIT 8:     January 23, 2019 –two (2) page letter to from Plaintiffs' counsel to Keystone's counsel regarding Keystone's inadequate responses to Plaintiffs' Second Requests for Admission.   Plaintiffs' counsel requested that Keystone amend their responses to RFA's 21, 29 and 30 within seven (7) days or participate in a discovery conference.

PLAINTIFFS' SECOND MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 13
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

EXHIBIT 9:    January 25, 2019 email from Plaintiffs' counsel to Keystone's counsel requesting a discovery conference to resolve some of the differences without involving the court.

EXHIBIT 10:   January 31, 2019 email from Plaintiffs' counsel to Keystone's counsel asking for the availability of Keystone's counsel for a discovery conference.

EXHIBIT 11:   February 5, 2019 email from Plaintiffs' counsel to Keystone's counsel suggesting February 12, 2019 at 1:00 pm for a discovery conference with Keystone's counsel and Keystone's email confirming availability for conference.

EXHIBIT 12:   February 6, 2019 email from Plaintiffs' counsel to Keystone's counsel providing a dial in number for the discovery conference.

EXHIBIT 13:   February 11, 2019 email from Plaintiffs' counsel to Keystone's counsel confirming a discovery conference scheduled for February 12, 2019.  And February 11, 2019 (6:13 p.m.), email from Keystone's counsel to Plaintiffs' counsel informing them that they would not be participating in the discovery conference the following day.

EXHIBIT 14:   February 12, 2019 email from Keystone's counsel to Plaintiffs' counsel stating that they would not be participating in the discovery conference.

EXHIBIT 15:   February 12, 2019 – 12:31 p.m. – email from Plaintiffs' counsel to Keystone's counsel expressing disappointment over Keystone's counsel unilaterally aborting the discovery conference.

EXHIBIT 16:   February 12, 2019 – 3:12 p.m. – email from Plaintiffs' counsel to Keystone's counsel requesting a discovery conference within the following forty-eight (48) hours.

EXHIBIT 17:   February 13, 2019 – 2:38 p.m. - email from Plaintiffs' counsel to Keystone's counsel requesting authority supporting their claim that the Plaintiffs must provide an outline ahead of a discovery conference.  Plaintiffs' counsel also notified Keystone's counsel that a discovery conference call was going to begin on February 14, 2019 at 9:00 a.m.

**PLAINTIFFS' SECOND MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 14**
3:18-cv-05182-RBL

**Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710**

EXHIBIT 18:     February 13, 2019 – 4:06 p.m. – email from Keystone's counsel to Plaintiffs' counsel stating that they were "unavailable" for a discovery conference on February 14, 2019 at 9:00 a.m.

EXHIBIT 19:     February 14, 2019 email from Plaintiffs' counsel to Keystone's counsel informing them that it was in bad faith to unilaterally abort a discovery conference without providing an alternate date and time.

### Certification of Good-Faith Conference Pursuant to LCR 37(a).

Plaintiffs' counsel has made multiple attempts to engage Keystone's counsel to participate in a discovery conference to reach resolution of the discovery disputes framed in the instant motion. (*See* discussion *infra.*)  The attempts were conducted by plaintiffs' counsel in good faith from January 22 through today's date, and memorialized in emails referenced above. Plaintiffs' counsel cannot conduct a discovery conference if Keystone's counsel refuses to participate.  The plaintiffs respectfully assert that the Court consider Keystone's bad faith, in connection with this Certification.

RESPECTFULLY SUBMITTED this 14th day of February, 2019.

**LAW OFFICES OF EUGENE N. BOLIN, JR., P.S.**
By: s/Eugene N. Bolin, Jr.
Eugene N. Bolin, Jr., WSBA #11450
Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Ave., Suite #308
Edmonds, WA  98020
Telephone: 425-582-8165
Fax:  888-527-2710
Email:  eugenebolin@gmail.com

Co-Counsel for Plaintiffs

PLAINTIFFS' SECOND MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 15
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710

## DECLARATION OF SERVICE

I hereby certify that on the 14th day of February, 2019, I caused the foregoing document to be filed with the Clerk of the Court via the CM/ECF system.  In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Joseph P. Corr, WSBA #36584
Corr Downs PLLC
100 W Harrison St., Ste. N440
Seattle, WA  98119-4163
Phone:  206-962-5042
jcorr@corrdowns.com

James C. Percy (*pro hac vice*)
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA   70809
jpercy@joneswalker.com
Telephone:  225-248-2130

Ryan E. Johnson (*pro hac vice*)
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA   70809
rjohnson@joneswalker.com
Telephone:  225-248-2080

Attorneys for Defendant Keystone RV
Company

I affirm under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

DATED this 14th day of February, 2019, at Edmonds, WA.

LAW OFFICES OF EUGENE N. BOLIN, JR., P.S.
s/Eugene N. Bolin, Jr.
Eugene N. Bolin, Jr., WSBA #11450
Attorney for Plaintiffs
144 Railroad Ave., Ste. 308
Edmonds, WA  98020
Email:  eugenebolin@gmail.com
425-582-8165

PLAINTIFFS' SECOND MOTION TO COMPEL
DISCOVERY AND AWARD FEES PURSUANT TO
FRCP 37 - 16
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
206-527-2700  / 425-582-8165
Toll Free / Fax: 888-527-2710