The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUDITH COLE, a single person; LOUISE MICHAEL, a single person; DAVID JOHNSON, a single person,<br><br>    Plaintiffs,<br><br>  v.<br><br>KEYSTONE RV COMPANY, a foreign business entity,<br><br>    Defendant. | NO. 3:18-cv-05182-RBL<br><br>**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>**NOTE ON MOTION CALENDAR: TUESDAY, FEBRUARY 18, 2020**<br><br>**JURY TRIAL**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.  INTRODUCTION

This is a motion to certify the class of consumers who purchased RVs manufactured by Keystone RV Company, and any of its subsidiaries (hereafter "Keystone").  Although a motion by the plaintiffs to continue the deadline for noting a motion for class certification is still pending before the Court, the plaintiffs are nonetheless filing the instant motion now, under the current scheduling order (Dkt. No. 70).

PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION - 1
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

The plaintiffs have been severely prejudiced in this motion for certification by Keystones' repeated failure to produce any meaningful discovery.  The plaintiffs have also filed a motion to compel discovery which is now pending. (Dkt. No. 71). The plaintiffs request the opportunity to supplement or amend the instant motion for certification, subject to any discovery which the Court may order Keystone to produce.

It is more than ironic that the central claims in this action revolve around Keystone's failure to produce any meaningful information to consumers regarding the dangers and limitations of living in a Keystone RV. Keystone has *also* failed to produce approximately 90% of the discovery requested in this litigation. One of Keystone's main corporate strategies thus appears to be preventing the disclosure of *any* information potentially harmful to the company, even if it causes unnecessary harm to its own consumers, or violating discovery rules in litigation.

## II.  SUMMARY OF FACTS

The Court has denied a motion by Keystone RV Company ("Keystone") to dismiss the plaintiffs' claims under the Consumer Protection Act. (Dkt. Nos. 16-20, and 24).  The detailed Amended Complaint (which was the subject of the motion to dismiss) and the pleadings filed by the plaintiffs in motion practice, have provided the Court with the same set of facts upon which this case rests. The plaintiffs therefore incorporate herein by reference, those pleadings. (Dkt. Nos. 5, 17 and 19). ,

Those facts can be winnowed down to their simplest elements.  Each of the three named plaintiffs were over the age of 60 when they purchased their Keystone RVs.  Each

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION - 2**
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

of them had a history of respiratory conditions of varying severities, before they purchased their RVs. Each of them planned to either live full-time in their RVs, or at least for extended periods. None of the named plaintiffs were provided with any warnings of potential health hazards before they purchased their RVs, nor limitations on the time that they could "occupy" their RV. Each of the plaintiffs discovered dangerous mold in their RVs soon after buying them. Each of the plaintiffs were unwittingly exposed to formaldehyde for months that they lived in their RVs. The plaintiffs either developed new respiratory infections, allergies, or conditions, or aggravated an existing condition. All three named plaintiffs had to dispose of their RVs at a loss, to avoid further compromise to their health. Each of the plaintiffs suffered significant economic losses as a result of their purchase of a Keystone RV. Had Keystone told the plaintiffs what it knew about the dangers of occupying its RVs, or limitations on the use of its RVs, none of the plaintiffs would have purchased a Keystone RV.

Keystone sold 13,558 RVs (as defined in the Amended Complaint) in Washington from March 1, 2014 to October 31, 2018. Exhibit 1. The plaintiffs therefore estimate that the proposed class and sub-class consists of approximately 16,000 Washington consumers. The plaintiffs further believe that the class should be certified because all information in the possession of the plaintiffs and their counsel, indicate that every single consumer who bought a Keystone RV since March 1, 2014, was deceived and harmed in *precisely* the same way as the named plaintiffs: *none were provided with material facts before their purchase, which would have rendered the RVs "unacceptable or, at least,*

PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION - 3
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

*substantially less desirable."* Such conduct in the sale of consumer goods was long ago held to be an "unfair or deceptive act due to its inherent capacity to deceive and, in some cases, will even rise to the level of fraud." <u>Testo v. Russ Dunmire</u>, 16 Wn.App. 39, 51, 554 P.2d 349 (1976).

Despite Keystone's attempt to withhold information from its own customers in the same way that it has obstructed discovery in this action, the plaintiffs assert that they have sufficient evidence to warrant certification of the class now.  If it is not possible to grant certification, for any reason, the plaintiffs ask that the Court provide provisional or conditional certification until Keystone produces all or at least part of the discovery that has been requested of the company. This is the subject of a separate motion presently pending before the Court.

### III. SUMMARY OF PLAINTIFFS' EVIDENCE SUPPORTING CERTIFICATION

**1. Declaration of Judy Cole**

Ms. Cole testifies in her declaration that the facts described in the Amended Complaint (Dkt. No. 5) are true and correct insofar as they concern her, her husband, and their purchase of a Keystone RV.  She also provides additional information about her claim and her compliance with the requirements of a class representative.

**2. Declaration of Louise Michael**

Ms. Michael testifies in her declaration that the facts described in the Amended Complaint (Dkt. No. 5) are true and correct insofar as they concern her and her purchase of a Keystone RV. She also provides additional information about her claim.

PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION - 4
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

**3. Declaration of David Johnson**

Mr. Johnson testifies in his declaration that the facts described in the Amended Complaint (Dkt. No. 5) are true and correct insofar as they concern him and his purchase of a Keystone RV. He also provides additional information about his claim.

**4. Declaration of Expert Dr. David Buscher**

Dr. Buscher is a physician in Environmental Medicine and he has reviewed (among other documents) the lab reports for the mold discovered in each of the three plaintiffs' RVs. He concluded that each and every mold sample taken from the plaintiffs' RVs "is known to cause allergic, respiratory and other adverse reactions." (2/12-14). He also testified that "mold and the toxins they produce can cause severe illness from which patients may never recover." (2/16-18). Finally, Dr. Buscher testified that "[t]he National Cancer Institute has determined that formaldehyde has been shown to cause cancer." (2/17-18).

**5. Declaration of Expert Joellen Gill**

Ms. Gill is an expert in Human Factors Engineering and Environmental Engineering. She has reviewed the Amended Complaint (Dkt. No. 5) and exhibits to this motion, including Chapter 3 of Keystone's Owners Manual. Page 11 in Exhibit 7 provides a "caution" against "prolonged occupancy" of Keystone RVs. The "caution" also extends to unspecified health hazards that affect any consumer as a result of such occupancy.

She also provides a summary of her opinions and conclusions on page 5 of her declaration, including: 1) Keystone should have known that RV buyers would "reside" in

PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION - 5
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

their RVs for extended periods; 2) that Keystone should have known that RV buyers would not read the Owners Manual before buying an RV; 3) that the warnings in the Owners Manual were "insufficient and inconsistent with basic principles regarding warning effectiveness;" 4) that Keystone failed to "mitigate the hazards of extended occupancy" in their RVs); and 5) that "[e]very consumer who has purchased a Keystone RV is at risk for avoidable health hazards, because Keystone failed to effectively mitigate those hazards."

### 6. Declaration of Expert John Walker

Mr. Walker is an expert in vehicle appraisals, including claims for loss of use, and claims for diminished value. After reviewing several exhibits relevant to these issues which are identified in his declaration, Mr. Walker concluded that: 1) "every consumer who purchased a Keystone RV during the class period, whether they got sick or not, has a claim against Keystone," (3/1-2); and 2) Keystone owners who cannot or will not use their RV because of undisclosed hazards, should be able to recover "all of the money they spent on the RV, less their reasonable use of the RV …"; and 3) Keystone owners who wish to keep their RVs, even after being fully informed of the limitations on the use of a Keystone RV, and the risks of health hazards, should recover 50 to 30% of the value of the RV because of their diminished value.  This latter group would constitute a sub-class, discussed *infra.*

### 7. Declaration of Eugene Bolin, Jr.

**Exhibit 1 - Volume of Keystone RVs sold in Washington**

PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION - 6
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

This Exhibit is a document produced by Keystone showing that the company sold 13,558 RVs in Washington through its authorized dealers, between 3/1/14 and 10/31/18.

**Exhibit 2 - Advance Environmental Report Dated 1/4/17**

This Exhibit is a document produced by the plaintiff Judy Cole, which reveals the results of a laboratory analysis of the mold samples taken from her RV, which include Cladosporium and Aspergillus.

**Exhibit 3 - Jose Tech Inspection Services Report Dated 6/5/17**

This Exhibit is a document produced by the plaintiff Louise Michael, relating to the inspection performed on her RV on or about May 19, 2017. The report verified the extensive presence of moisture in the RV, including 90% in the carpet alone. The author of the report referred mold samples to SanAir Technologies for analysis.

**Exhibit 4 - SanAir Technologies Report Dated 5/19/17**

This Exhibit is a document produced by the plaintiff Louise Michael, relating to the mold and other samples taken from the kitchen and living room of her Keystone RV on or about 5/17/17. The samples revealed the presence of dander and several mold types, including Ascospores, Basidiospores, Cladosporium, Pestalotia, and Myxomycetes.

**Exhibit 5 - SanAir Technologies Report Dated 5/31/17**

This Exhibit is a also document produced by the plaintiff Louise Michael, relating to the mold and other samples taken from her bedroom in the RV on or about 5/25/17. The samples revealed the presence of dander and several mold types, including Basidiospores, Chaetomium Cladosporium, Epicoccum, Pithomyces, and Myxomycetes.

PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION - 7
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

**Exhibit 6 - NVL Labs Report Dated 6/30/16**

This Exhibit is a document produced by the plaintiff David Johnson, relating to the mold and other samples taken from his Keystone RV 6/29/16.  The samples revealed the presence of Scopulariopsis in his Keystone RV.

**Exhibit 7 - Chapter 3 from Owners Manual "Effects of Prolonged Occupancy…"**

This Exhibit is a chapter taken from the Keystone Owners Manual which purportedly accompanies the sale of every RV sold by Keystone. This is the only warning made to consumers who have bought Keystone RVs during the class period. The Manual "cautions" consumers against "prolonged occupancy" and unspecified conditions which "may be hazardous to your health…" *See* boxed information on page 11. The Chapter also states: "Those people most at risk for poor indoor air quality include: people with asthma, people with allergies, people who have chronic lung diseases such as bronchitis and emphysema, people with pre-existing heart disease, children and the elderly." *See* page 11, last sentence of the last paragraph.  The same Exhibit cautions consumers of the presence of formaldehyde in Keystone RVs, which is "contained in some of the components used in the construction of recreational vehicles and is also contained in some holding tank chemicals." *See* page 14, first par.

**Exhibit 8 - Letter from Keystone to Judy Cole Dated 2/14/17**

This Exhibit is a one-page letter from Keystone to the plaintiff Judy Cole following an inspection of her RV by "a Keystone master certified technician." The letter reports that the inspection revealed "no signs or indications of a manufacturing defect that would

PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION - 8
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

have caused the mold concerns you have encountered." The company then states that the real cause of her problems with the RV is "condensation," not leaks in the RV which lead to the development of mold. Despite the "caution" in Chapter 3 of the Owners Manual, Keystone deflects the blame for all consumer complaints about mold and mildew, back on the consumer.

### Exhibit 9 - Copy of "Help Center & FAQS" Posted on Keystone's Website

This Exhibit was taken from a Keystone website (*see* accompanying declaration of counsel) and appears to be the only reference to "mold" available to consumers at the online "Help Center." The Exhibit falsely asserts that the mold is caused by "condensation" and not water leaks or moisture generated by the total lack of adequate ventilation in Keystone RVs.

### Exhibit 10 - "A Brief Guide to Mold, Moisture and Your Home" by EPA

This document was retrieved from an EPA website referenced in Chapter 3 of the Owners Manual for Keystone RVs. *See* "Web Sites of Interest" (sic) at page 14 in Exhibit 10. The Exhibit purports to provide instructions to consumers about cleaning up residential mold, and preventing future mold growth. The Exhibit also states that: "[m]old spores produce allergens (substances that can cause allergic reactions), irritants, and in some cases, potentially toxic substances (Mycotoxins)." *See* page 2, second full paragraph. The Exhibit continues:

> Allergic reactions to mold are common. They can be immediate or delayed. Molds can also cause asthma attacks in people with asthma who are allergic to mold. In addition, mold exposure can

PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION - 9
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA 98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

> irritate the eyes, skin, nose, throat, and lungs of both mold-allegic and non-allergic people.

*Id.* at pages 2-3.

### Exhibit 11 - "A Final Report on Formaldehyde Levels in FEMA-Supplied Travel Trailers..."

This Exhibit was created by the Centers for Disease Control (CDC) on or about July 2, 2010 in the wake of the FEMA/RV class action litigation. <u>In re: FEMA Trailer Formaldehyde</u>, MDL No. 07-1873 (2011). Keystone manufactured a significant number of the "trailers" (referred to as RVs herein) involved in the <u>FEMA</u> litigation.

CDC is a U.S. government agency with a specific purpose: protecting the nation's population from deaths and injuries:

> CDC increases the health security of our nation. As the nation's health protection agency, CDC saves lives and protects people from health threats. To accomplish our mission, CDC conducts critical science and provides health information that protects our nation against expensive and dangerous health threats, and responds when these arise.

https://healthhires.com/resources/listing/centers-for-disease-control-and-prevention-cdc

This Exhibit provides strong evidence for the presence of formaldehyde in RVs in concentrations higher than typical U.S. indoor levels. The CDC recommended that FEMA "relocate" residents currently living in FEMA trailers, and that priority be given to "vulnerable populations, such as children, elderly persons, and persons with chronic respiratory illnesses." *See* page iv of Exhibit 11.

Although the Study included RVs manufactured by numerous companies, Keystone manufactured 1,395 of the RVs included in the Report.

PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION - 10
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

**Exhibit 12 - "Fact Sheet: Final Report on Formaldehyde Levels…"**

This Exhibit is a summary of the Final Report that is Exhibit 11.

**Exhibit 13 - "What You Should Know About Formaldehyde in Mobile Homes"**

This Exhibit is a document created by a consortium of the Department of Health and Human Services, the CDC, the Department of Homeland Security, FEMA, and the EPA. The title of the document is misleading because it actually includes data collected in the Report (Exhibit 11) and included "trailers" (referred to herein as RVs) manufactured by Keystone. This document can be found online at:

https://www.cdc.gov/air/trailerstudy/pdfs/08_118152_new-resident-flyer-final-032508.pdf

**Exhibit 14 - Complaints About Keystone From the Attorney General's Office**

This Exhibit includes various complaints obtained by the plaintiffs from the Washington Attorney General's Office in Olympia, following a public records request. One thousand three hundred twenty-five (1,325) pages were produced pursuant to the plaintiffs' request. Relevant documents have been produced as part of this Exhibit which include consumer complaints of mold, mildew, moisture, and leaks in Keystone RVs.

## IV.   CLASS DEFINITIONS

The plaintiffs believe that a single class should be certified in this action and one sub-class. The proposed class would include all consumers who wish to dispose of their RVs on the basis of new information provided to them, which should have disclosed at

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION - 11
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

the time of purchase. There is only one form of reasonable relief for these class members: the return of all out-of-pocket costs that the class members paid to acquire and own their new RVs, less the value of reasonable and unimpaired use of the RV since they bought it. *See* accompanying declaration of plaintiffs' expert John Walker.

However, some consumers may elect to keep or retain ownership of their RVs, even after learning of the potential health risks, and limitations on their use of the RV. These sub-class members should receive compensation equal to at least 30% of the fair market value of their RV, for their diminished value claims. *See* accompanying declaration of plaintiffs' expert John Walker.

Members of the proposed class and sub-class would include Keystone and its wholly-owned subsidiaries, such as Crossroads and Coachmen. The class and sub-class would also include (of course) all consumers who purchased RVs with a Keystone-related brand. (*See* the Amended Complaint, Dkt. No. 5, for a partial list of these brand names).

### V. THE COURT SHOULD GRANT CLASS CERTIFICATION

#### A. General Class Action Requirements

Under Rule 23(a), members of a class may sue or be sued as representative parties if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Each of these required elements are addressed below.

PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION - 12
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

The plaintiffs seek to certify the proposed class under Rule 23(b)(3). A class can be certified under this rule if a court finds both that common questions of law or fact "predominate" over individual questions and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

A court does not rule on the merits when considering class certification. "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." Amgen Inc. v. Conn. Ret. Plans & Tr. Funds, 568 U.S. 455, 466, 133 S. Ct. 1184, 1194-95 (2013).

**B. Numerosity**

The numerosity requirement is met when "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Although specific numbers of class representatives are not dispositive, classes in excess of 40 members are generally so numerous as to render joinder impracticable. McCluskey v. Trustees of Red Dot Corp., 268 F.R.D. 670, 673-74 (W.D. Wash. 2010).

The plaintiffs have satisfied the numerosity requirement because Keystone's very limited discovery responses include a list of its authorized dealers in Washington, which have sold well over 13,558 RVs in Washington since 2014. There is no evidence that the consumers in those cases, were provided with any more information before buying their RVs, than the named plaintiffs. It is Keystone's knowing failure to disclose specific

PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION - 13
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

information to all consumers who have ever purchased a Keystone RV, which creates a completely inclusive class of all Keystone RV purchasers during the class period.

### C. Commonality

Commonality requires that "there are questions of law or fact common to the class." FRCP 23(a)(2).  This requirement is "construed permissibly." <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1019 ((th Cir. 1998).  It only imposes a "limited burden" upon the plaintiff given that it "only requires a single significant question of law or fact." <u>Mazza v. American Honda Motor Co., Inc.</u>, Commonality requires that the class members claims "depend on a common contention." <u>Mazza</u>, 666 F.3d at 588. It is enough to show "the capacity of classwide proceedings to generate common answers" to common questions of law or fact that are "apt to drive the resolution of the litigation." <u>Id</u>; <u>Wal-Mart Stores, Inc. v. Dukes</u>, 564 U.S. 338, 350 (2011).

Here, several questions common to the class exist, including: 1) Did Keystone violate the Consumer Protection Act by failing to disclose to consumers *before* their purchase, specific health hazards which may result from the ordinary use of its RVs?  2) Did Keystone violate the Consumer Protection Act by failing to disclose to consumers *before* their purchase, that they could not "occupy" their RV for "prolonged" periods of time?  3) Did Keystone violate the Consumer Protection Act by failing to provide consumers *before* their purchase, any meaningful information to consumers about the meaning of "prolonged occupancy?"  4) Did Keystone violate the Consumer Protection Act by failing to disclose to consumers *before* their purchase, that they would be

PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION - 14
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

continuously exposed to formaldehyde (a cancer-causing agent) while occupying their RV?  5) Did Keystone violate the Consumer Protection Act by failing to disclose to consumers *before* their purchase, specific health hazards which may result from the ordinary use of its RVs?  6) Did Keystone violate the Consumer Protection Act by failing to disclose to consumers *before* their purchase, the connection between chronic water leaks in Keystone RVs, and the resulting growth of mold?

### D. Typicality

"Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose, or the relief sought." <u>Hanon v. Dataproducts Corp.</u>, 976 F.2d 497, 508 (9th Cir.1992). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1020 (1998).  Courts consider "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." <u>Hanon</u> at 508.

The typicality prerequisite of Rule 23(a) is fulfilled if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Indeed, even relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories." <u>Baby Neal v. Cassidy,</u> 43 F.3d 48, 58 (3rd Cir. 1994). As a result, "[w]here an action challenges

PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION - 15
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

a policy or practice, the named plaintiffs suffering one specific injury from the practice can represent a class suffering other injuries, so long as all the injuries result from the practice." *Id.* at 57-58.

### E. The Class Will Be Adequately Represented

Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Resolution of two questions determines legal adequacy: 1) do the named plaintiffs and their counsel have any conflicts of interest with other class members? and 2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class? *See* Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978).

First, neither the plaintiffs nor their counsel have any conflicts with class members. Bolin Dec. at par. 7; Cole Declaration at par. 18.

The second factor, competency of counsel, is subsumed under FRCP 23(g), the requirement that the Court appoint adequate class counsel. The three attorneys who represent the named plaintiffs have combined experience of 125 years in the continuous practice of law. Richard DeJean was a District Court Judge in Pierce County for over a decade. Guy Beckett has substantial experience in the litigation of class action disputes. And Eugene Bolin has substantial experience in the representation of consumers in disputes with vehicle dealers and manufacturers.

Based on all of these facts, the plaintiffs respectfully assert that the requirements of FRCP 23(a)(4) and FRCP(g) are satisfied.

PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION - 16
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

### F. Certification is Proper Under CR 23(b)(3)

FRCP 23(b)(3) permits a class action when 1) questions of law or fact common to the class members predominate over questions affecting individual members; and 2) such an action is superior to other available methods of adjudicating the controversy. Both requirements are satisfied here.

#### 1. Common, rather than individual, issues predominate in this case.

The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Products, Inc. v/ Windsor, 521 U.S. 591, 623 (1997); Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 944 (9th Cir. 2009). "The Rule 23(b)(3) predominance inquiry asks the court to make a global determination of whether common questions prevail over individualized ones." Ruiz Torres v. Mercer Canyons, Inc., 835 F.3d 1125, 1134 (9th Cir. 2016).

"An individual question is one 'where members of the proposed class will need to present evidence that varies from member to member,' while a common question is one where 'the same evidence will suffice for each member to make a *prima facie* showing [or] the issue is susceptible to generalized, class-wide proof." Tyson Foods, Inc. v. Bouaphakeo, 136 S.Ct. 1036, 1045 (2016)(*citations omitted*).

#### 2. A class action is superior to other methods of adjudicating the claims

In evaluating whether a class action is superior to separate lawsuits on the same subject matter, the Court must also consider the four factors of FRCP 23(b)(3): a) the interest of each member in individually controlling the prosecution or defense of separate

PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION - 17
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

actions; b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and d) the difficulties likely to be encountered in the management of the class action. <u>Zinser v. Accufix Research Inst., Inc</u>. 253 F.3d 1180, 1190 (9th Cir. 2001).

"The superiority inquiry under Rule 23(b)(3) requires determination of whether the objectives of the particular class action procedure will be achieved in the particular case." <u>Hanlon</u>, 150 F.3d at 1023. Superiority is demonstrated where "class-wide litigation of common issues will reduce litigation costs and promote greater efficiency." <u>Valentino v. Carter-Wallace, Inc.,</u> 97 F.3d 1227, 1234 (9th Cir. 1996).

## VI.   CONCLUSION

For the reasons provided above, and in the accompanying declarations and exhibits, the plaintiffs respectfully request that the Court certify the proposed class and subclass, as defined herein. The plaintiffs should be appointed as class representatives and their counsel (the undersigned) should be appointed as class counsel.

DATED THIS 18th day of November, 2019.

**LAW OFFICES OF EUGENE N. BOLIN, JR., P.S.**
By: s/Eugene N. Bolin, Jr.
Eugene N. Bolin, Jr., WSBA #11450
Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Ave., Suite #308
Edmonds, WA  98020
Telephone: 425-582-8165
Fax:  888-527-2710
Email:  eugenebolin@gmail.com

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION - 18**
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

**LAW OFFICES OF RICHARD F. DeJEAN**
By: s/Richard DeJean
Richard DeJean, WSBA #2548
PO Box 867
Sumner, WA  98390
Telephone:  253-863-0922
Email:  rdejean@dejeanlaw.comcastbiz.net

**BERRY & BECKETTT PLLP**
By: s/Guy W. Beckett
Guy W. Beckett, WSBA #14939
1708 Bellevue Avenue
Seattle, WA  98122
Telephone:  206-441-5444
Email:  gbeckett@beckettlaw.com

Attorneys for Plaintiffs

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION - 19**
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710

**DECLARATION OF SERVICE**

I hereby certify that on the 18th day of November, 2019, I caused the foregoing document to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Joseph P. Corr, WSBA #36584
Corr Downs PLLC
100 W Harrison St., Ste. N440
Seattle, WA  98119-4163
Phone:  206-962-5042
jcorr@corrdowns.com

James C. Percy (*pro hac vice*)
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA   70809
jpercy@joneswalker.com
Telephone:  225-248-2130

Ryan E. Johnson (*pro hac vice*)
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA   70809
rjohnson@joneswalker.com
Telephone:  225-248-2080

Attorneys for Defendant Keystone RV Company

I affirm under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

DATED this 18th day of November, 2019, at Edmonds, WA.

**LAW OFFICES OF EUGENE N. BOLIN, JR., P.S.**
s/Eugene N. Bolin, Jr._____
Eugene N. Bolin, Jr., WSBA #11450
Attorney for Plaintiffs
144 Railroad Ave., Ste. 308
Edmonds, WA  98020
Email:  eugenebolin@gmail.com
425-582-8165

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION - 20
3:18-cv-05182-RBL

Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Avenue, Suite 308
Edmonds, WA  98020
Phone: 425-582-8165
Toll Free / Fax: 888-527-2710