HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUDITH COLE, a single person; LOUISE MICHAEL, a single person; DAVID JOHNSON, a single person,<br><br>                Plaintiffs,<br><br>  v.<br><br>KEYSTONE RV COMPANY, a foreign business entity,<br><br>                Defendant. | NO. 3:18-CV-05182-RBL<br><br>**DEFENDANT KEYSTONE RV COMPANY'S MOTION TO EXCLUDE JOELLEN GILL**<br><br>**NOTE ON MOTION CALENDAR: FRIDAY, MAY 1, 2020** |

## I.    INTRODUCTION AND REQUESTED RELIEF

Defendant Keystone RV Company ("Keystone") requests the Court exclude the declaration and proposed testimony of Plaintiffs' proffered "human factors" expert witness, Joellen Gill ("Gill"). Despite a detailed and clearly written owner's manual, Gill has concluded that Keystone failed to warn consumers about the effects of using their recreational vehicles for prolonged occupancy, particularly as to the *alleged* risks caused by moisture, mold and formaldehyde.

Gill is a professional litigation consultant and witness. A variety of courts in a number of jurisdictions, including in the Western District of Washington, have excluded Gill from testifying as an expert witness. As explained more fully below, Gill is not qualified to give her opinions and

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO
EXCLUDE JOELLEN GILL - 1
NO. 3:18-cv-05182-RBL

**Corr|Downs PLLC**
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

those opinions are unreliable under Federal Rule of Evidence 702.  This is because Gill's opinions are untested, lack general acceptance, and rely on unsupported assumptions. Gill's opinions are also irrelevant because she has offered <u>no</u> alternative warning language and concludes, essentially, that there is no warning that would have prevented Plaintiffs' alleged injuries. Finally, Gill's opinion about formaldehyde warnings are improper and irrelevant because she ignored the clear language in Keystone's Owner's Manual, the warning label on the outside of the Plaintiffs' RVs, and assumed that the named plaintiffs were actually exposed to excessive levels of formaldehyde.

For all these reasons, the Court should exclude Gill's opinions from this matter.

## II.   STATEMENT OF FACTS

This case involves individual and class claims brought by purchasers of Keystone recreational vehicles in Washington in the past four years.  Although they purport to seek recovery of economic damages, each of the named Plaintiffs used their recreational vehicle as a full-time residence and allege they were exposed to personal injury caused by excessive levels of moisture, mold, and formaldehyde. Plaintiffs allege Keystone failed to warn them and other consumers of risks of using a recreational vehicle as a full-time residence.

To support Plaintiffs' allegations, Gill submits a declaration (Dkt. No. 87) in which she reviews Chapter 3 of Keystone's Owner's Manual entitled, "Chapter 3:  Effects of Prolonged Occupancy and Indoor Air Quality" and comes to six conclusions: (1) it was foreseeable to Keystone that purchasers of their RVs would "reside" in these RVs for extended periods; (2) it was foreseeable to Keystone that purchasers of their RVs would not read the Owner's Manual before purchasing a Keystone RV; (3) it was foreseeable to Keystone that the warnings contained in the Owner's Manual were insufficient and inconsistent with the basic principles regarding warning effectiveness; (4) it was foreseeable to Keystone that purchasers of their RVs may never read the Owner's Manual in its entirety; (5) Keystone failed to effectively mitigate the hazards of

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO
EXCLUDE JOELLEN GILL - 2
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

extended occupancy in their RVs; and (6) every consumer who has purchased a Keystone RV is at risk for avoidable health hazards, because Keystone failed to effectively mitigate those hazards.[1]

### III.   STATEMENT OF ISSUE

Whether the Court should exclude the declaration and proposed testimony of Plaintiffs' "human factors" expert witness, Joellen Gill, where Gill's opinions are untested, ignore relevant peer-reviewed literature, lack general acceptance, and rely on unsupported assumptions.

### IV.   EVIDENCE RELIED UPON

Keystone relies upon the Declarations of Ryan E. Johnson, including the exhibits attached thereto, the Declaration of Garett Carolus, including the exhibits attached thereto, the Declaration of Dr. Eric Boelhouwer, as well as the pleadings and documents on file with the Court.

### V.   LAW AND ARGUMENT

**A. Under Federal Rule of Evidence 702, an Expert Must be Qualified to Provide an Opinion and the Opinion Must be Reliable and Relevant.**

Federal Rule of Evidence 702 requires that the Court engage in a two-step analysis to determine whether Gill can offer expert testimony here.  First, the Court must determine whether Gill is "qualified by knowledge, skill, experience, training or education to render an opinion."[2] In other words, the Court must evaluate whether the individual is actually an "expert in a particular field."[3] Experts who possess knowledge as to the "general field" but lack "specific knowledge do not necessarily assist the jury."[4] Second, the Court must "satisfy itself that the proposed expert testimony is both reliable and relevant…."[5] Rule 702 imposes on the district courts a "gatekeeping" function for expert opinions, such as those Gill seeks to offer here.[6]

---

[1] Dkt. No. 87.
[2] *Daubert v. Merrill Down Pharm., Inc.*, 509 U.S. 579, 589 (1993).
[3] *Daubert v. Merrill Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995)("Daubert II"); *see also Jinro America Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001) ("[C]are must be taken to assure that a proffered witness truly qualifies as an expert, and that such testimony meets the requirements" of Rule 702.).
[4] *City of Hobbs v. Hartford Fire Ins. Co.*, 162 F.3d 576, 587 (10th Cir. 1998).
[5] *Id.*
[6] *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999), *see also Daubert*, *supra*.

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO
EXCLUDE JOELLEN GILL - 3
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

The Court's function as a gatekeeper is important. If this Court finds "any step that renders the [expert's] analysis unreliable…this renders the expert's testimony unreliable."[7] Moreover, the Court "need not admit an expert opinion that is connected to the underlying data only by the *ipse dixit* of the expert."[8] The Court may exclude expert testimony if it determines "that there is simply too great an analytical gap between the data and the opinion proffered."[9] In fact, the "trial court's gate-keeping function requires more than simply taking the expert's word for it."[10]

When the Court reviews Gill's declaration, it will find Gill's opinions are simply based on her own subjective views (*i.e., ipse dixit*) and not any objective scientific data or information. In addition, the Court will find that Gill is not qualified to give her opinions and those opinions do not meet the proper standard for reliability under *Daubert* and Federal Rule of Evidence 702. Thus, the Court should exclude Gill's opinions and testimony in this matter.

B.    **Gill is not Qualified to Opine on the Effectiveness of Keystone's Manual or Warnings**.

There are numerous reasons why Gill is not qualified to give her opinions in this case and the Court should, therefore, exclude her from testifying in this matter.

First, based on Keystone's brief research, Gill has been excluded from testifying as an expert witness in approximately ten to twelve other cases from a variety of jurisdictions where she sought to offer similar opinions about product warnings.[11] Some of the cases in which courts have excluded Gill include the following: *Plunkett v. Best Buy Co.,* No. 3:16-cv-05832, 2017 WL 4958579, at *1-4 (W.D. Wash. Oct. 31, 2017) (striking Gill's report and affidavit under Rule 702's relevancy prong for failure to consider pertinent information, speculation, and lack of assistance to the trier of fact); *D'Arcy v. Evergreen Sun Enters., Inc*., No. 14-2-16952-3 SEA, 2015 WL

---

[7] *Henricksen v. Conoco Phillips Co*., 605 F. Supp. 2d 1142, 1154; *see also Mitchell v. Gencorp, Inc*., 165 F.3d 778, 782 (10th Cir. 1999) and *In re Silicone Gel Breast Implants Products Liability Litigation*, 318 F. Supp. 2d 879, 890 (CD Cal. 2004).
[8] *Henricksen, supra,* 605 F. Supp. at 1153, *citing GE Co. v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512 (1997).
[9] *Id*.
[10] *Daubert II*, 43 F.3d at 1319.
[11] *See* Declaration of Ryan E. Johnson ("Johnson Decl."), Exhibit A (Joellen Gill Deposition Excerpt), May 30, 2018 deposition taken in *Wells v. Kawasaki Motors Corp*, *USA, et al.*, No. 2:16-cv-1086-DN (US DC Utah), 129:3-7.

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO EXCLUDE JOELLEN GILL - 4
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

8502107, at *2 (Wash. Super. Ct. Oct. 5, 2015) (Gill's causation opinions "speculative and conclusory and without adequate factual basis"); *Naki v. State*, No. 2:13-cv-02189, 2015 WL 4647915, at *4 (D. Ariz. Aug. 5, 2015) (Gill's testimony is "unsupported by any reasoning, data, facts, principles, techniques, or methods"); *Beck v. Wilson*, No. 201302049591, 2015 WL 9200645 (Wash. Super. Ct. Jan. 28, 2015) (order striking Gill's declaration and dismissing plaintiff's claims); *Kill v. City of Seattle*, 183 Wn. App. 1008 (2014) ("Gill's test results varied so significantly as to render them unreliable" and her opinions "***misleading***.") (emphasis added); *Johnson v. Snohomish County*, 184 Wash. App. 1027 (2014) (striking Gill's report because it was "not supported by any specific facts"); *Holttum v. Ross Stores, Inc.*, 178 Wash. App. 1013 (2013) (striking Gill's testimony as an expert because her opinions were speculative, irrelevant, and lacked adequate foundation); *Willard v. City of Everett*, No. 12-cv-00014, 2013 WL 7231494 (W.D. Wash. July 9, 2013) (Dkt. No. 60) (docket entry granting motion to exclude Gill's opinions); *Abercrombie v. Coeur D'Alene School District No. 271*, No. CV-2012-979, 2013 WL 2150875, at *9-10 (Idaho Dist. Ct., May 9, 2013) (excluding affidavit due to "***glaring problems***," "no support for Gill's opinions," lack of qualifications, and irrelevant opinions that invaded the province of the jury) (emphasis added); *Wright v. Peninsula Light Co.*, No. 08-2 2010, WL 1935748 (Wash. Super. Feb. 16, 2010) (precluding Gill from testifying as risk management and traffic engineering expert).

Second, Gill has no advanced training or degrees in "human factors," the area of her purported expertise. Instead, she only obtained advanced degrees in business administration and environmental engineering, disciplines that are not related to her failure to warn opinions.[12]

Third, Gill has never engaged in any teaching, research or written any articles on the subject of "human factors."[13]

---

[12] *Id*. at 129:8-11.
[13] *Id*. at 129:12-14, 17-21.

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO EXCLUDE JOELLEN GILL - 5
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

Fourth, instead of doing her own research or testing, Gill's alleged training in human factors is "based on things that other people have done," and Gill admits she is not a research scientist.[14]

Fifth, Gill's work in human factors has been limited, almost exclusively, to litigation consulting and testimony. In fact, her CV shows that all her presentations related to human factors since 2006 have been made to lawyer's groups, most of them to the plaintiffs' bar.[15] Gill recently estimated that 90 percent of her income comes from working as an expert witness in litigation.[16]

Finally, Gill's declaration submitted here (Dkt. No. 87) reflects no specialized research or knowledge regarding the recreational vehicle industry, nor has she done any research into any statutes, governmental regulations or industry standards which apply to recreational vehicles.[17]

Other courts have recognized Gill's lack of qualifications as a "human factors" expert. In *Wells*, a Utah federal district court recently noted Gill's lack of research and publications as part of its decision to exclude Gill's opinions:

> The United States Court of Appeals for the Tenth Circuit has determined that when a proffered expert has not conducted research or published in the area on which they have been designated to opine, it is appropriate to exclude that expert as unqualified under Rule 702. Here, Gill admits that she has not published articles in her designated field of human factors engineering….These deficiencies undermine Plaintiff's argument that Gill is qualified as an expert. ***Exclusion under the first step in the analysis would therefore be appropriate by itself***.[18]

---

[14] *Id*. at 130:22-25.
[15] *Id*. at 17:22-18:15; *see also* Dkt. No. 87 at p. 22 of 29.
[16] *Id*. at 131:24-25, 132:1.
[17] This is critical flaw in Gill's analysis, because, as discussed more fully in Keystone's opposition to class certification, recreational vehicles are not regulated by the U.S. Housing and Urban Development (HUD) rules for residential use. Instead, they are regulated as vehicles and not, in the eyes of the federal government, intended for use as full-time housing. *See* Johnson Decl., Exhibit B (HUD Regulations, 24 CFR Part 3282, Manufactured Home Procedural and Enforcement Regulations; Clarifying the Exemption of Manufacture of Recreational Vehicles.).
[18] 2:16-cv-1086-DN, Dkt. No. 306, p. 6. The Ninth Circuit similarly requires that [b]efore an expert may come before the jury cloaked with the mantle of an expert under Rule 702…care must be taken to assure that a proffered witness truly qualifies as an expert…." *Jinro America, Inc. v. Secure Investments, Inc.*, 266 F.3d 933, 1004 (9th Cir. 2001). Keystone has attached a copy of the Court's November 7, 2019 ruling in *Wells*, as Exhibit C to the Johnson Decl.

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO
EXCLUDE JOELLEN GILL - 6
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

A comparison of Gill's CV in the *Wells* matter and this case shows she has not added any "human factors" training, research or publication activities since she was excluded in *Wells*.[19]

### C. Even if She Was Qualified, Which She is Not, Gill's Opinions are Unreliable.

As a proponent of Gill's testimony, Plaintiffs have the burden to show Gill's opinions are both reliable and relevant.[20] In evaluating reliability, the Court should consider a list of factors which focus on the expert's methodology (or lack thereof) in rendering his or her opinions:

> (1) whether the opinion at issue is susceptible to testing and has been subjected to such testing; (2) whether the opinion has been subjected to peer review; (3) whether there is a known or potential rate of error associated with the methodology used and whether there are standards controlling the technique's operation; and (4) whether the theory has been accepted in the scientific community.[21]

The process for determining reliability involves courts vetting the expert's methodology and assuring the proposed testimony is scientifically valid.[22] "That an expert testifies based on research he or she has conducted independent of the litigation provides important, objective proof that the research comports with the dictates of good science."[23] By contrast, an expert's opinion is unreliable when the expert ignores key facts of the case or relies on subjective assumptions.[24]

Gill's opinions are critical of the warning language provided in Keystone's Owner's Manual.[25] She concludes these warnings "were insufficient and inconsistent with basic principles regarding warning effectiveness."[26] In addition, Gill suggests that no warning in the manual would be sufficient, concluding that Keystone knew or should have known that "purchasers of their [Keystone] RV's may never read the Owner's Manual in its entirety."[27]

---

[19] *See* Johnson Decl., Exhibits D and E.
[20] *Daubert I*, 509 U.S. at 589.
[21] *Id*. at 593-594; *see also Sudre v. Port of Seattle*, 2016 U.S. Dist. Lexis 166882 (WD Wa. 2016), *26; *see also Dodge v. Cotter Corp*, 328 F.3d 1212, 1222 (10th Cir. 2003).
[22] *See Daubert II*, 43 F.3d at 1316; *see also Norris v. Baxter Health Care Corp*, 397 F.3d 878, 884 (10th Cir. 2005).
[23] *Daubert II*, 43 F.3d at 1317.
[24] *McGlinchy v. Shell Chemical Company*, 845 F.2d 802, 806-807 (9th Cir. 1988) (Expert's study improperly rested on unsupported assumptions and ignored distinctions critical to arriving at a valid conclusion).
[25] Dkt. No. 87 at pp. 15-17 (¶ 21-22).
[26] Dkt. No. 87.
[27] *Id*.

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO
EXCLUDE JOELLEN GILL - 7
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

1   Gill's opinions do not satisfy any of the factors for reliability.

2   First, Gill's declaration cites *no* testing or analysis she has done herself regarding
3   Keystone's warning language or warning language generally. Instead, Gill simply cites a few
4   general publications by others in the warnings field (although none of those cites appear to be
5   focused on the types of warnings at issue here).[28] This is not surprising. As Gill admitted in her
6   recent deposition testimony, she has not engaged in *any* research, testing, or writing scholarly
7   articles of her own in the field of human factors.[29] Gill readily admits she is not a "research
8   scientist."[30] Apparently, she simply relies on the work of others. As other courts have recognized,
9   Gill's lack of any testing, methodologies, or statistics to support her opinions requires exclusion.[31]

10   Second, there is no evidence that Gill's *general* opinions about warnings have been tested
11   or subjected to peer review. Her declaration does not identify a single learned treatise, authority,
12   or publication that has researched or analyzed the type of warning language at issue in this case.
13   PeeFr reviewed methodology is critical to the Court's analysis of expert opinions.[32] Gill offers
14   none.

15   Third, there is no evidence that Gill's *specific* opinions about Keystone's warning language
16   have been tested or subjected to peer review. In addition, there is no evidence Gill's opinions about
17   Keystone's warning language has general acceptance of other experts in her field.  For example,
18   she concludes Keystone's manual is too long and that safety information should be provided in the

---

[28] Gill cites eight publications and authorities (none of which are her own) in her declaration. However, all of Gill's references to these publications simply support general conclusions and <u>none</u> address the specific warning language she criticizes Keystone for using.
[29] *See* Johnson Decl., Exhibit A, at 129:12-14, 17-21.
[30] *Id*. at 130: 22-25.
[31] For example, in a recent ruling, an Arizona federal district court excluded Gill's opinions on this basis: "In sum, the Court could find nothing in Ms. Gill's report that explains the basis for her conclusion that Defendants should have either installed [a] ladder or assigned Plaintiff a lower bunk….Without an explanation as to precisely how [Ms. Gill] went about reaching her conclusions, and [her] assurances of reliability. Under *Daubert*, that's not enough. Accordingly, the Court must fulfill its gatekeeping responsibility and preclude Ms. Gill's testimony." *See Naki v. State of Hawaii, et al.*, No. 13-02189-PHX-JAT, United States District Court for the District of Arizona, p. 8.
[32] *Daubert I*, 509 U.S. at 593 (Peer review "increases the chances that substantive flaws in the methodology will be detected.").

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO
EXCLUDE JOELLEN GILL - 8
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

beginning of the manual.[33] Yet, she offers no authority (or testing) to support this conclusion. Similarly, with no support, she says Keystone's use of caution terminology is "misleading" because it is too "benign." She also complains about Keystone's decision to tell customers to "avoid unnecessary air pollutants, "brin[g] in enough outdoor air to dilute emissions from indoor sources," and avoid "high temperatures and humidity levels." Gill claims these phrases are too vague to be effective,[34] but she does not cite a single analysis, authority, or study to support her conclusory opinion. Instead, she subjectively concludes this language is not enough. Gill's own subjective beliefs are insufficient to support her own conclusions.[35]

Fourth, Gill has not identified any clear methodology for her opinions, any "known or potential error rate associated with the methodology used" or any "standards for controlling the techniques operation." These are critical to determine whether an expert's opinion is reliable.[36] Plaintiffs have not established this factor which is part of their burden to show Gill qualifies as an expert. Putting aside the content of her opinions about Keystone's warning language, the Court simply has no way to evaluate Gill's process for reaching her conclusions and or whether the process follows a proper scientific method.

Keystone suggests that Gill's own unsupported, untested conclusions and assumptions about Keystone's warning language make her opinions unreliable. A Utah federal district court recently came to this same decision. The court there correctly decided to exclude Gill's opinions about the product warnings at issue in that case:

> But what is more concerning is that her opinion—that users would not find and read the ambiguous warning label on the subject PWC [jet ski]—was not supported by any testing such as a conducting a survey of PWC users. **Gill's opinion is based on her general knowledge of the effectiveness or warning labels but she lacks specific knowledge as to the effectiveness of PWC warning labels or as to the**

---

[33] Dkt. 87 at p. 16, ¶ 21 ii (a) and (b).
[34] *Id*.
[35] *Henricksen, supra,* 605 F. Supp. at 1153 (the expert's own *ipse dixit* is not a sufficient to support his/her opinions).
[36] *See Daubert II*, 43 F.3d at 1319 ("The party proffering the evidence must explain the expert's methodology and demonstrate in some objectively verifiable way that the expert has chosen a reliable scientific method and followed it faithfully.").

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO
EXCLUDE JOELLEN GILL - 9
NO. 3:18-cv-05182-RBL

**Corr|Downs PLLC**
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

**effectiveness of *this* label for PWC users.**  This knowledge could have been obtained by a survey. These deficiencies undermine Plaintiffs' argument that Gill is qualified as an expert.  Exclusion under the first step in this analysis would therefore be appropriate by itself.

\* \* \*

But here, that objective proof is lacking.  Gill acknowledges in her deposition that she did not subject her opinion to testing.  Plaintiff's opposition ignores Gill's failure to test her opinion, and instead, argues that Gill's opinion is reliable because Gill relies on other published human factors studies regarding product warning labels in generally and the testimony of those who actually used the PWC Plaintiff was riding. [37]

The Utah Court also looked at Gill's methodology and concluded that Gill's failure to test her opinions (as she has failed to do here) destroyed her reliability as an expert:

> Instead of offering an opinion that has been subjected to the rigors of testing, peer review, and acceptance through a broader community, Plaintiff is proposing that Gill present an opinion based on generalized studies of warning labels and a limited subset of deponents—all without independent testing. This does not lead to the conclusion that Gill's methodology or her resulting opinions are reliable.  In the face of a direct challenge, Plaintiff has not carried her burden to demonstrate that Gill's testimony is reliable. Because Gill does not appear to be qualified for her proposed testimony and because her proposed testimony is unreliable, the Motion to Exclude Gill is granted.[38]

This Court should reach the same conclusion and exclude Gill's opinions.

### D. Gill's Opinions are Irrelevant Because She Does Not Offer Any Alternative Warning Language and Contends That No Warning Language Would be Effective.

Gill's opinions must also be relevant in the sense that they "logically advance a material aspect" of Plaintiffs' case.[39] Here, in addition to criticizing Keystone and its warning language, Gill comes to the conclusion, and would testify to the jury, that *no* warning from Keystone would be effective.[40] Consequently, her opinions regarding warnings are irrelevant to the facts of the case because, in her view, there was no way Keystone's warnings could have been made adequate.[41]

---

[37] *See Wells v. Kawasaki*, Dkt. 306, p. 6 of 8 (emphasis added).
[38] *Wells*, at p. 7 of 8.
[39] *Estate of Barabin v. AstenJohnson, Inc*. 740 F.3d 457, 463 (9th Cir. 2004).
[40] *See* Dkt. No. 87 at ¶ 6(b).
[41] *See* Declaration of Eric Boelhouwer ("Boelhouwer Decl.") at ¶ 22.

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO
EXCLUDE JOELLEN GILL - 10
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

In addition, as Keystone's warnings' expert notes in his report, failure to provide an alternative warning gives the trier of fact no useful information as to whether the Keystone warning is effective or not:

> At the time of this report, Ms. Gill has not specified the content of any proposed alternative warnings, the potential locations, what these messages would admonish the RV owners to do, how these messages would change the behavior of RV owners as it relates to indoor air quality issues.

Boelhouwer Decl. at ¶ 22.

### E. Gill's Opinions Regarding Formaldehyde are Both Unreliable and Irrelevant.

As various federal courts have recognized, when an expert relies on assumptions and is oblivious to the "key facts" of the case, the expert's opinions are considered unreliable.[42] That is exactly what Gill has done here.

Gill states that "an ancillary issue present in the Keystone RVs is the presence of the chemical formaldehyde in some of the RV materials."[43] Gill concludes Keystone's warnings were insufficient because they failed to warn Plaintiffs about formaldehyde exposure. Tellingly, Gill cites no evidence or support for her assumption Plaintiffs' RVs contained formaldehyde, or at what levels that chemical was allegedly present. As Keystone explained in opposition to class certification, Plaintiffs have failed to produce *any* evidence they were exposed to formaldehyde, which is one of the key aspects of Plaintiffs' claims Gill flatly ignored.

In addition, although Gill says she reviewed Chapter 3 of Keystone's Owner's Manual and opines that the manual is not sufficient, Gill does not address (or even mention) either: (a) the full-page warning about Formaldehyde and Recreational Vehicles in the Owner's Manual; or (b) the CARB compliant label placed on the exterior of every Keystone RV, including those owned by the named Plaintiffs.[44]

---

[42] *McGlinchy, supra,* 845 F.2d at 806-807.
[43] Dkt. No. 87 at p. 13, ¶ 17.
[44] *See* concurrently-filed Declaration of Garett Carolus in Opposition to Plaintiffs' Motion for Class Certification at ¶¶ 14-16.

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO EXCLUDE JOELLEN GILL - 11
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

Consequently, even if the Court does not exclude Gill's opinions completely, it should exclude any opinions about formaldehyde because they are unsupported and conclusory.

## VI.   CONCLUSION

For the reasons explained in this motion, Keystone requests that the Court exclude the opinions and testimony of Plaintiffs' expert witness Joellen Gill in this matter.

DATED:  April 13, 2020

                CORR|DOWNS PLLC

                *s/Joseph P. Corr*
                Joseph P. Corr, WSBA #36584
                100 W. Harrison St., Ste N440
                Seattle, WA 98119
                jcorr@corrdowns.com
                Telephone: 206.962.5040

                JONES WALKER L.L.P.

                *s/Ryan E. Johnson*
                Ryan E. Johnson (*pro hac vice*)
                8555 United Plaza Blvd., 5th Floor
                Baton Rouge, LA 70809
                rjohnson@joneswalker.com
                Telephone: 225.248.2080

                ***Attorneys for Defendant Keystone RV Company***

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO EXCLUDE JOELLEN GILL - 12
NO. 3:18-cv-05182-RBL

CORR|DOWNS PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington, that on April 13, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Eugene N. Bolin, Jr.
Law Offices of Eugene N. Bolin, Jr., P.S.
144 Railroad Ave, Suite 308
Edmonds, WA 98020
eugenebolin@gmail.com
Attorneys for Plaintiffs

Guy W. Beckett
Berry & Beckett, PLLP
1708 Bellevue Ave
Seattle, WA 98122-2017
gbeckett@beckettlaw.com
Attorneys for Plaintiffs

Richard F. DeJean
Law Offices of Richard F. DeJean
PO Box 867
Sumner, WA 98390
rdejean@dejeanlaw.comcastbiz.net
Attorneys for Plaintiffs

DATED this 13th day of April, 2020.

                        *s/ Danna Hutchings*
                        Danna Hutchings
                        Legal Assistant

DEFENDANT KEYSTONE RV COMPANY'S MOTION TO
EXCLUDE JOELLEN GILL - 13
NO. 3:18-cv-05182-RBL

Corr|Downs PLLC
100 WEST HARRISON STREET
SUITE N440
SEATTLE, WA 98119
206.962.5040