HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUDITH COLE, et. al., Plaintiffs, v. KEYSTONE RV COMPANY, Defendant. | CASE NO. C18-5182TSZ ORDER |

THIS MATTER is before the Court on Defendant Keystone's Motion to Sever Misjoined Plaintiffs [Dkt. # 182].

Plaintiffs Judith Cole, Louis Michael, and David Johnson each purchased new or used Keystone recreational vehicles from Keystone dealers. All three claim they were not effectively warned of the risk of injury resulting from the ordinary use of their RVs; specifically, the effects of prolonged occupancy on indoor air quality due to moisture, mold, and formaldehyde. They sued in 2018, asserting claims under the Washington Auto Dealers Practice Act (ADPA), the Consumer Protection Act, and the UCC. Plaintiffs sought to represent a class of similarly situated Keystone purchasers damaged by Keystone's failure to warn of the dangers of prolonged

occupancy in their Keystone RVs. They seek economic damages for the difference between the value as represented and the actual value of the RVs they purchased.

In August 2018, Court Dismissed the AFDA claims as time-barred, and provided the plaintiffs an opportunity to amend their UCC claims to make them plausible, which they did not do. It also denied Keystone's Rule 20 Motion to Sever the plaintiffs' remaining CPA claims, determining they were "charitably" read as an assertion of a series of common occurrences and that they presented common issues of fact and law. [Dkt. # 24].

In July 2020, the Court denied Plaintiffs' Motion for Class Certification. [Dkt. # 173]. It determined that while they met the "numerosity" requirement, they could not meet Rule 23(a)'s "commonality" and Rule 23(b)(3)'s "predominance" requirements. It also determined that the named plaintiffs' claims were not "typical" of the proposed class, and that class resolution was not "superior" to individual litigation. It concluded that the three plaintiffs' individual claims were triable, but not as a class action.

Keystone now argues that the three individual claims should be tried separately. It argues they do not arise from the same transaction and that any common questions are outweighed by individual factual and legal inquiries.

Under Rule 20, plaintiffs may join in one action if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a). As Keystone correctly points out, under Rule 21, mis-joined plaintiffs may be severed at any stage of the litigation, *so long as* no substantial right will be prejudiced by the severance. [Dkt. # 182, citing Fed. R. Civ. P. 21; *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th

Cir. 1997)]. See also *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010) ("[D]istrict courts have *considerable discretion* to deny joinder when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for the plaintiffs' claims.")(emphasis added).

Plaintiffs argue that the Court has already rejected Keystone's argument for severance, notwithstanding the denial of class certification. Plaintiffs emphasize that "On the whole, '[t]he transaction and common-question requirements prescribed by Rule 20(a) are not rigid tests,' but rather 'are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy.'" [Dkt. # 185 at 5 (citing *Almont Ambulatory Surgery Center, LLC v. UnitedHealth Group, Inc.*, 99 F. Supp. 3d 1110, 1187 (C.D. Cal 2015) (internal citations omitted)].

Plaintiffs argue that their claims arise from the same series of transactions—their respective purchases of Keystone RVs without adequate warnings about the dangers of prolonged occupancy. They argue persuasively that their expert witnesses' (Buscher, Gill, and Walker) testimony will be similar, if not identical, in each trial. They argue that judicial economy would be served by a single trial with one jury and much of the same evidence, rather than three overlapping trials. They claim they would be prejudiced by severance at this late date.

The Court agrees. It is true that the case involves three separate, if similar, transactions, and the facts surrounding the three plaintiffs' RV purchase are not identical. Each will have to testify about what they were told, how they used and maintained their Keystone RVs, and the like. But the expert testimony about the adequacy of warnings, the effects of mold and formaldehyde and the impact on the RVs' value, will be the same. The jury instructions are

likely to be identical. Judicial economy would not be served by conducting three essentially identical trials, particularly when trial time is scarce.

Separate trials would prejudice the plaintiffs, and they would put an unnecessary strain on the Court. Defendant Keystone's Motion to Sever Misjoined Plaintiffs [Dkt. # 182] is **DENIED**.

IT IS SO ORDERED.

Dated this 14th day of October, 2020.

Thomas S. Zilly
United States District Judge